SEDGWICK, DETERT, MORAN & ARNOLD LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
(212) 422-0202
Facsimile (212) 422-0925
Attorneys for Defendant
INVACARE CORPORATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------------x
DR. MILTON PRYSTOWSKY, in his own right
and as EXECUTOR OF THE ESTATE OF ROSE
PRYSTOWSKY,

                              Plaintiff,

            -against-

TGC STORES, INC., ADT SECURITY
SERVICES, INC., JOHN DOES 2-10 and
INVACARE CORPORATION,

                            Defendants.
-----------------------------------------------------------x

Civil Action No.: 2:07-cv-00072
(SDW)(MCA)

**REVISED PRETRIAL SCHEDULING ORDER**

Hon. Susan D. Wigenton, U.S.D.J.
Hon. Madeline C. Arleo, U.S.M.J.

**THIS MATTER** having been brought before this Court on October 3, 2008, by SEDGWICK, DETERT, MORAN AND ARNOLD, counsel for defendant Invacare Corp., for a Revised Pretrial Scheduling Order; and for good cause shown;

**IT IS** on this ___6___ day of ___Oct___, 2008

**ORDERED THAT:**

## I. DISCOVERY AND MOTION PRACTICE

1. Discovery is to remain open through **February 28, 2009**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

2. Any motion to amend pleading must be filed not later than **May 1, 2008**.

3. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

4. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith attempt to resolve the dispute has failed. See L. Civ. R. 16.1(f)(1).

5. Other than as set forth in paragraph 6, no motions shall be filed without leave of Court. If a party wishes to file a motion, he or she should write a letter to the Magistrate Judge explaining the basis of the motion and the Court will advise as to how to proceed.

6. Dispositive motions shall not be filed until thirty (30) days after the close of Discovery. Failure to file dispositive motions within that time frame shall result in their dismissal as untimely.

## II. EXPERTS

7. All expert reports on remaining cause and origin are due **May 16, 2009**.

8. All affirmative expert reports shall be delivered by **March 13, 2009**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**. See Fed. R. Civ. P. 26(b)(4)(A). Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B).

9. All responding expert reports shall be delivered by **May 17, 2009**, with depositions of those experts to be taken and completed **within twenty (20) days of receipt of report**. Any such report shall be in the form and content as described above.

10. No expert shall testify at trial as to any opinions on facts not substantially disclosed in his report.

## III. FINAL PRETRIAL CONFERENCE

11.  A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) **at a time and date to be assigned.**

12.  Pursuant Judge Wigenton's form of Final Pretrial Order, all pretrial submissions must be served upon the Court **forty-eight (48) hours** prior to the final pretrial conference.

13.  All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of agreed-upon jury instructions, voir dire questions, verdict sheet, trial briefs and a neutral statement of the case to be read to the jury panel, all of which must be submitted **forty-eight (48) hours** before the final pretrial conference. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

14.  With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

15.  The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference, along with all pretrial submissions and trial briefs. All counsel are responsible for the timely submission of the Pretrial Order and submissions.

## IV. MISCELLANEOUS

16.  Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **February 26, 2008.**

17.  The parties may serve interrogatories limited to thirty (30) single questions and requests for production of documents on or before **March 11, 2008**, to be responded to **within thirty (30) days of receipt.**

18.  The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

19.  Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

20. A copy of every pleading, document or written communication with Court shall be served on all other parties to the action.

21. There shall be a telephone status conference before the undersigned on ~~May 15, 2009 at 12:30 p.m.~~ Plaintiff's counsel shall initiate the telephone conference.

22. **FAILURE TO FOLLOW THIS DISCOVERY SCHEDULE WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

_____
Madeline Cox Arleo
United States Magistrate Judge

October 27, 2008
at 4:00 pm