07046.00101-MSS

MARSHALL, DENNEHEY, WARNER,
    COLEMAN & GOGGIN
425 EAGLE ROCK AVENUE, SUITE 302
ROSELAND, NJ 07068
(973) 618-4100
ATTORNEYS FOR DEFENDANT - Phoenix Mecano, Inc. and Dewert Motorized Systems

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. MILTON PRYSTOWSKY, in his own right and as EXECUTOR OF THE ESTATE OF ROSE PRYSTOWSKY<br><br>            Plaintiff<br><br>            v.<br><br>TGC STORES, INC., ADT SECURITY SERVICES, INC., INVACARE CORPORATION, GOLDEN BROTHERS, INC. d/b/a GOLDEN TECHNOLOGIES, PRIDE MOBILITY PRODUCTS CORP. and JOHN DOES 4-10<br><br>           Defendants/<br>           Third Party Plaintiffs<br><br>           v.<br><br>PHOENIX MECANO, INC., DEWERT MOTORIZED SYSTEMS and KINGSTEC INDUSTRIES, INC.<br><br>           Third Party Defendants | CIVIL ACTION NO.: 2:07-cv-72-SDW-MCA<br><br>Civil Action<br><br>**ANSWER TO THIRD PARTY PLAINTIFF'S COMPLAINT, CROSSCLAIMS, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL** |

**ANSWER OF THIRD PARTY DEFENDANT PHOENIX MECANO, INC. AND DEWERT MOTORIZED SYSTEM TO THIRD PARTY PLAINTIFF'S COMPLAINT**

Defendants Phoenix Mecano, Inc. and Dewert Motorized Systems (collectively "PMI") by and through their undersigned attorneys, pursuant to Federal Rules of Civil Procedure 8 and 12, file this Answer to Third Party Plaintiff Pride Mobility Products Corp.'s ("Pride") Complaint and say as follows:

## THE PARTIES

1. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Pride's Complaint and therefore denies those allegations.

2. PMI denies the allegations concerning the principal place of business of Dewert Motorized Systems. PMI admits the remaining allegations of paragraph 2 of Third Pride's Complaint.

3. PMI admits the allegations contained in paragraph 3 of Pride's Complaint.

4. PMI denies that all Pride lift chairs incorporate actuators purchased from Phoenix and/or Dewert. PMI admits that certain lift chairs sold by Pride include actuators purchased by Pride from Phoenix and/or Dewert. PMI denies any remaining allegations of paragraph 4 of Pride Complaint.

5. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of Pride's Complaint.

6. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Pride's Complaint and therefore denies those allegations.

7. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of Pride's Complaint and therefore denies those allegations.

8. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of Pride's Complaint and therefore denies those allegations.

**JURISDICTION**

9. Answering Paragraph 9 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 9 require an answer, PMI denies those allegations.

10. Answering Paragraph 10 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 10 require an answer, PMI denies those allegations.

11. Answering Paragraph 11 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 11 require an answer, PMI denies those allegations.

12. Answering Paragraph 12 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 12 require an answer, PMI denies those allegations.

13. Answering Paragraph 13 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 13 require an answer, PMI denies those allegations.

14. Answering Paragraph 14 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 14 require an answer, PMI denies those allegations.

15. Answering Paragraph 15 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 15 require an answer, PMI denies those allegations.

16. Answering Paragraph 16 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 16 require an answer, PMI denies those allegations.

17. Answering Paragraph 17 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 17 require an answer, PMI denies those allegations.

18. Answering Paragraph 18 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 18 require an answer, PMI denies those allegations.

19. Answering Paragraph 19 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 19 require an answer, PMI denies those allegations.

20. Answering Paragraph 20 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 20 require an answer, PMI denies those allegations.

21. Answering Paragraph 21 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 21 require an answer, PMI denies those allegations.

22. Answering Paragraph 22 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 22 require an answer, PMI denies those allegations.

23. Answering Paragraph 23 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 23 require an answer, PMI denies those allegations.

24. Answering Paragraph 24 of Pride's Complaint, the allegations concern jurisdiction and therefore no answer is required. To the extent that the allegations of paragraph 24 require an answer, PMI denies those allegations.

25. Answering Paragraph 25 of Pride's Complaint, PMI does not admit or deny the allegations of that paragraph as they are not directed to PMI. To the extent that the allegations of paragraph 25 require an answer, PMI denies those allegations.

26. Answering Paragraph 26 of Pride's Complaint, PMI does not admit or deny the allegations of that paragraph as they are not directed to PMI. To the extent that the allegations of paragraph 26 require an answer, PMI denies those allegations.

27. Answering Paragraph 27 of Pride's Complaint, PMI does not admit or deny the allegations of that paragraph as they are not directed to PMI. To the extent that the allegations of paragraph 27 require an answer, PMI denies those allegations.

28. Answering Paragraph 28 of Pride's Complaint, PMI does not admit or deny the allegations of that paragraph as they are not directed to PMI. To the extent that the allegations of paragraph 28 require an answer, PMI denies those allegations.

29. Answering Paragraph 29 of Pride's Complaint, PMI does not admit or deny the allegations of that paragraph as they are not directed to PMI. To the extent that the allegations of paragraph 29 require an answer, PMI denies those allegations.

30. Answering Paragraph 30 of Pride's Complaint, PMI does not admit or deny the allegations of that paragraph as they are not directed to PMI. To the extent that the allegations of paragraph 30 require an answer, PMI denies those allegations.

31. Answering Paragraph 31 of Pride's Complaint, PMI does not admit or deny the allegations of that paragraph as they are not directed to PMI. To the extent that the allegations of paragraph 31 require an answer, PMI denies those allegations.

32. Answering Paragraph 32 of Pride's Complaint, PMI does not admit or deny the allegations of that paragraph as they are not directed to PMI. To the extent that the allegations of paragraph 32 require an answer, PMI denies those allegations.

## **THE UNDERLYING ACTION**

33. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of Pride's Complaint and therefore denies those allegations.

34. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Pride's Complaint and therefore denies those allegations.

35. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of Pride's Complaint and therefore denies those allegations.

36. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Pride's Complaint and therefore denies those allegations.

37. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Pride's Complaint and therefore denies those allegations.

38. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of Pride's Complaint and therefore denies those allegations.

39. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Pride's Complaint and therefore denies those allegations.

40. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Pride's Complaint and therefore denies those allegations.

41. PMI admits that none of the component parts sold to Pride were defective. PMI denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of Pride's Complaint and therefore denies those allegations.

42. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Pride's Complaint and therefore denies those allegations.

## AS AND FOR A FIRST CAUSE OF ACTION

43. Answering Paragraph 43 of Pride's Complaint, PMI incorporates by reference its answers to paragraphs 1 through 42 of the Complaint as if set forth in full.

44. PMI denies the allegations contained in paragraph 44 of Pride's Complaint to the extent those allegations are directed to PMI.

45. PMI denies the allegations contained in paragraph 45 of Pride's Complaint to the extent those allegations are directed to PMI.

## AS AND FOR A SECOND CAUSE OF ACTION

46. Answering Paragraph 46 of Pride's Complaint, PMI incorporates by reference its answers to paragraphs 1 through 45 of the Complaint as if set forth in full.

47. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Pride's Complaint to the extent those allegations are directed to PMI.

48. PMI denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Pride's Complaint to the extent those allegations are directed to PMI.

**AFFIRMATIVE DEFENSES**

1. Third-Party Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The Court may lack jurisdiction over the subject matter of Third-Party Plaintiff's Complaint

3. Venue may be improper in this Court under the doctrine of forum non-conveniens.

4. Third-Party Plaintiff's Complaint is barred by Plaintiff's failure to mitigate its alleged damages.

5. Third-Party Plaintiff's Complaint is barred, in whole or in part, by Third-Party Plaintiff's own negligence.

6. Third-Party Plaintiff's Complaint is barred by laches.

7. Third-Party Plaintiff's Complaint is barred by the applicable statute of limitations.

8. The injuries and damages, if any, sustained by the plaintiff were the result of the negligence of third person voer whom answering third-party defendant exercised no control or right of control.

9. The injuries and damages, if any, sustained by the plaintiff were the result of the plaintiff's own negligence and/or contributory negligence and, accordingly, plaintiff is debarred from recovery or limited to recovery in accordance with the provisions of N.J.S.A. 2A:15-5.1, et seq.

## CROSSCLAIM AND COUNTERCLAIM FOR CONTRACTUAL AND COMMON LAW INDEMNIFICATION
**(Pride Mobility Products Corp. and Kingstec Industries Inc.)**

1. Should there be any finding of negligence, carelessness, recklessness and/or other wrongful act on the part of the answering third-party defendant, PMI, such acts would be passive in nature or secondary, whereas the negligence, carelessness, recklessness and/or wrongful act of the co-defendants, would be active or primary in nature so as to give rise to a cause of action for common law and/or contractual indemnification against Pride and/or Kingstec.

WHEREFORE, third-party defendant, PMI, demands common law and/or contractual indemnification from co-defendant Pride and/or Kingstec as to any judgment which may be found in favor of the plaintiff and against PMI, together with interest, attorneys fees, and costs of litigation.

## CROSSCLAIM AND COUNTERCLAIM FOR CONTRIBUTION

Third party defendant, PMI, by way of crossclaim against Pride and/or Kingstec, states:

1. At the time and place referred to in the Complaint, the damages allegedly sustained by the plaintiff resulted solely from the negligence and carelessness of Pride and/or Kingstec and the responsibility is upon Pride and/or Kingstec or, if there is found to be any negligence by PMI, the negligence of Pride and/or Kingstec was a major contributing factor and they are liable to PMI.

2. By reason of the negligence of Pride and/or Kingstec, and pursuant to the provisions of the Joint Tortfeasor's Contribution Act, PMI is entitled to recover from Pride and/or Kingstec a proportionate share for all damages which the plaintiff may recover.

WHEREFORE, Defendant Phoenix Mecano, Inc. and Dewert Motorized Systems respectfully move this Court to (1) dismiss Third-Party Plaintiff's Complaint, and/or (2) demands judgment

against co-defendant Pride and/or Kingstec Industries, Inc., pursuant to the New Jersey Joint Tortfeasor's Contribution Act and the New Jersey Comparative Negligence Act, and for its costs incurred herein, and for such further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

THIRD PARTY DEFENDANTS PHOENIX MECANO, INC. AND DEWERT MOTORIZED SYSTEMS HEREBY DEMAND TRIAL BY JURY AS TO ALL ISSUES.

Attorneys for Defendants Phoenix Mecano, Inc. and Dewert Motorized Systems

By: /s/   Matthew S. Schorr, Esq.
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
425 Eagle Rock Avenue
Suite 302
Roseland, NJ 07068
(973) 618-4155
(973) 618- 0685
msschorr@mdwcg.com


By:   /s/ Charles L. Simmons Jr.
Charles L. Simmons Jr., P.C.,
Federal Bar No. 24278
**GORMAN & WILLIAMS**
36 South Charles Street, Suite 900
Baltimore, Maryland 21201
(410) 528-0600 telephone
(410) 528-0602 facsimile
CLSimmons@gandwlaw.com

*Attorneys for Defendant*
*Phoenix Mecano*

DATED: November 9, 2009

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of November, 2009, a copy of the foregoing paper was served by ECF to all counsel of record.

/s/
Matthew S. Schorr, Esq.

DATED: November 9, 2009