LAW OFFICES OF
# DALY, LAMASTRA & CUNNINGHAM

ELIZABETH A. DALY**
JOHN E. LAMASTRA•
WILLIAM P. CUNNINGHAM
JOSEPH F. SKINNER

*Of Counsel*
MARIE SEITZ*
JONATHAN E. HILL

*New York and New Jersey Bar
**New Jersey and Pennsylvania Bars
•Certified by the Supreme Court of New Jersey as
 a Civil Trial Attorney

ATTORNEYS AT LAW
NOT A PARTNERSHIP OR PROFESSIONAL CORPORATION

3 MOUNTAIN VIEW ROAD
P O BOX 1622
WARREN, NJ  07061-9901

(908) 903-5700
FACSIMILE:  (908) 903-5798

OLIVIER J. KIRMSER**
JOHN D. GULYAS
PETER K. BARBER
MICHAEL S. SCHWARTZ
DAVID L. BURNETT
M. ELIZABETH DUFFY*
ELLEN M. BOYLE*

May 17, 2010

**<u>VIA ELECTRONIC FILING</u>**

Clerk, Superior Court of New Jersey
William T. Walsh, Clerk
District Court of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey  07102

    Re:    **Prystowsky, et al v. TGC Stores, Inc., et al,**
                **<u>Docket No. 2:07 c.v. 0072 (SDW) (MCA)</u>**

Dear Sir/Madam:

Our firm represents Third Party Defendant, Carling Technologies, Inc., in the above matter. Enclosed for filing is the Answer to the Second Amended Third Party Complaint.

Please confirm that this Answer has been filed on behalf of the Third Party Defendant, Carling Technologies, Inc.

                              Very truly yours,
                              DALY, LAMASTRA & CUNNINGHAM

                              William P. Cunningham

WPC:mpd
Encl.
cc:    Deborah A. Crinigan, Esq.
       Charles Eblen, Esq.
       Neil L. Sambursky, Esq.
       Matthew S. Schorr, Esq.
       Robert M. Kaplan, Esq.
       Charles L. Simmons, Jr., Esq.

DALY, LAMASTRA & CUNNINGHAM
3 Mountain View Road
P O Box 1622
Warren, NJ  07061(908) 903-5700
Attorneys for Third Party Defendant,
   Carling Technologies, Inc. i/p/a Carling
   Industries, Inc.

| | |
|---|---|
| DR. MILTON PRYSTOWSKY, IN HIS OWN RIGHT AND AS EXECUTOR OF THE ESTATE OF ROSE PRYSTOWSKY,<br><br>   Plaintiff,<br><br>v.<br><br>TGC STORES, INC.; ADT SECURITY SERVICES, INC.; INVACARE CORPORATION; GOLDEN BROTHERS, INC. D/B/A GOLDEN TECHNOLOGLIES; PRIDE MOBILITY PRODUCTS CORP., JOHN DOES 4-10;<br><br>   Defendants,<br><br>and<br><br>PRIDE MOBILITY PRODUCTS CORP.,<br><br>   Defendant/Third Party Plaintiff,<br><br>v.<br><br>DEWERT MOTORIZED SYSTEMS; PHOENIX MECANO, INC. and KINGSTEC INDUSTRIES, INC.; CARLING INDUSTRIES, INC., and JOHN DOES 1-10,<br><br>   Third Party Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY - NEWARK<br>DOCKET NO.:  2:07 c.v. 0072 (SDW) (MCA)<br><br>CIVIL ACTION<br><br>**ANSWER TO SECOND AMENDED THIRD PARTY COMPLAINT** |

Third Party Defendant, Carling Technologies, Inc. by way of Answer to Second Amended Third Party Complaint, says:

## ANSWER TO PARTIES COUNT

1. Third Party Defendant admits the allegations contained in Paragraphs 1 and 2 of the Parties Count.

1

2. This Third Party Defendant denies the allegations contained in Paragraph 3 of the Parties Count.

3. The allegations set forth in Paragraph 4 of the Parties Count do not relate to this Third Party Defendant and said Third Party Defendant makes no answer hereto. If any of the allegations are deemed to relate to this Third Party Defendant, said allegations are denied.

4. Third Party Defendant admits the allegations contained in Paragraph 5 of the Parties Count.

## ANSWER TO JURISDICTION COUNT

5. This Third Party Defendant repeats and reiterates its answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

6. This Third Party Defendant denies the allegations contained in Paragraph 6 of the Jurisdiction Count.

7. Third Party Defendant admits the allegations contained in Paragraphs 7, 8, 9, 10, 11 and 12 of the Jurisdiction Count.

8. This Third Party Defendant denies the allegations contained in Paragraph 13 of the Jurisdiction Count.

## ANSWER TO THE UNDERLYING ACTION COUNT

9. This Third Party Defendant repeats and reiterates its answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

10. Third Party Defendant admits the allegations contained in Paragraphs 14, 15, 16, 17 and 18 of The Underlying Action Count.

11. This Third Party Defendant denies the allegations contained in Paragraphs 19, 20 and 21 of The Underlying Action Count.

12. Third Party Defendant admits the allegations contained in Paragraph 22 of The Underlying Action Count.

13. The allegations set forth in Paragraph 23 of The Underlying Action Count do not relate to this Third Party Defendant and said Third Party Defendant makes no answer hereto. If any of the allegations are deemed to relate to this Third Party Defendant, said allegations are denied.

## ANSWER TO FIRST CAUSE OF ACTION COUNT

14. This Third Party Defendant repeats and reiterates its answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

15. This Third Party Defendant denies the allegations contained in Paragraphs 25 and 26 of the First Cause of Action Count.

## ANSWER TO SECOND CAUSE OF ACTION COUNT

16. This Third Party Defendant repeats and reiterates its answers to all the allegations contained in all previous Counts as if fully set forth at length herein.

17. This Third Party Defendant denies the allegations contained in Paragraphs 28 and 29 of the Second Cause of Action Count.

## FIRST AFFIRMATIVE DEFENSE

Damages, if any, sustained by the plaintiffs were the result of the sole negligence of the plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

The damages of the plaintiffs, if any, are statutorily limited by the percentage of comparative negligence and, in the event this third party defendant is determined to have been

negligent, plaintiffs' and third party plaintiff's recoveries are barred or limited as provided by N.J.S.A. 2A:15-5.1, et seq.

### THIRD AFFIRMATIVE DEFENSE

Third Party Plaintiffs' Second Amended Third Party Complaint is barred by the Doctrine of Equitable Estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint fails to state a cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

Any and all injuries and damages sustained by the plaintiffs were the proximate result of the negligent acts of third persons, natural and corporate, over whom this Third Party Defendant exercised no control and for whose actions this Third Party Defendant is not legally responsible.

### SEVENTH AFFIRMATIVE DEFENSE

This Third Party Defendant denies that it was guilty of any negligence which was the proximate cause of any injuries or damages alleged to have been sustained by the plaintiffs or third party plaintiffs.

### EIGHTH AFFIRMATIVE DEFENSE

The product or instrumentality allegedly involved in plaintiffs' accident, having been completely under the control of persons other than this Third Party Defendant, this Third Party Defendant denies that it had any knowledge of any allegedly defective condition, or opportunity to correct same if, in fact, it did exist.

## NINTH AFFIRMATIVE DEFENSE

This Third Party Defendant specifically denies that it designed, manufactured, or was in any way involved with the product referred to in third party plaintiffs' Second Amended Third Party Complaint or any of such product's component parts.

## TENTH AFFIRMATIVE DEFENSE

The incident and injuries complained of were caused by the unauthorized, unintended or improper use of the product complained of as the result of plaintiffs' and/or third party plaintiffs' failure to exercise reasonable and ordinary care and caution.

## ELEVENTH AFFIRMATIVE DEFENSE

This Third Party Defendant owed no duty by way of warranty, strict liability or tort to the plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint and Third Party Plaintiff's Second Amended Third Party Complaint are governed by the provisions in the Product Liability Act, N.J.S.A. 2A:58C-1 et seq., and this Third Party Defendant asserts all of the defenses available to it as set forth in said Act.

## ANSWER TO CROSSCLAIMS

This Third Party Defendant denies each and every allegation of any and all Crossclaims which have been or may be asserted against this Third Party Defendant.

WHEREFORE, said Third Party Defendant demands judgment dismissing any and all Crossclaims, with counsel fees and costs.

## CERTIFICATION

I certify that the foregoing Answer to the Second Amended Third Party Complaint was served within the time allowed under Federal Rules of Civil Procedure 12.

Upon information and belief, the matter in controversy is not the subject of any other action pending in any Court nor the subject of a pending arbitration proceeding.

                                      DALY, LAMASTRA & CUNNINGHAM
                                      Attorneys for Third Party Defendant
                                      Carling Technologies, Inc.

                                      _____
                                      William P. Cunningham

DATED: May 17, 2010

## CERTIFICATION

Marylu P. DiBisceglie, being duly sworn according to law and upon her oath, deposes and says:

(1) That I am a secretary in the office of DALY, LAMASTRA & CUNNINGHAM, attorneys for the Third Party Defendant, Carling Technologies, Inc. in this action.

(2) On May 17, 2010, I caused to be mailed via Electronic Filing, an ANSWER TO THE SECOND AMENDED THIRD PARTY COMPLAINT, an original of which was filed with the Clerk of the United States District Court, and a copy addressed to:

Deborah A. Crinigan, Esq.
White & Williams, LLP
1800 One Liberty Place
Philadelphia, PA  19103-7395
Attorneys for Plaintiffs, Dr. Milton Prystowsky and Dr. Milton Prystowsky as Executor of the Estate of Rose Prystowsky

Charles Eblen, Esq.
Shook, Hardy & Bacon, Esqs.
2555 Grand Boulevard
Kansas City, Missouri 64108
Attorneys for Defendant, ADT Security Services, Inc.

Neil L. Sambursky, Esq.
Miranda, Sambursky, Slone, Sklarin, Verveniotis, LLP
240 Mineola Boulevard
Mineola, New York 11501
Attorneys for Defendant/Third Party Plaintiff, Pride Mobility Products Corp.

Matthew S. Schorr, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
425 Eagle Rock Avenue
Suite 302
Roseland, New Jersey  07068
Attorneys for Third Party Defendants, Dewert Motorized Systems and Phoenix Mecano, Inc.

7

Robert M. Kaplan, Esq.
Margolis Edelstein
100 Century Parkway
Suite 200
Mt. Laurel, New Jersey 08054
Attorneys for Third Party Defendant/Fourth Party Plain, Kingstec Industries, Inc.

Charles L. Simmons, Jr., Esq.
Gorman & Williams, P.C.
Two North Charles Street
Suite 750
Baltimore, Maryland 21201
Attorneys for Third Party Defendants, Dewert Motorized Systems and Phoenix Mecano, Inc.

_____
Marylu P. DiBisceglie