IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

Civil Action No. 2:07–cv–00072–SDW—MCA

DR. MILTON PRYSTOWSKY

v.

TGC STORES, INC., ADT SECURITY SERVICES, INC., INVACARE CORPORATION, GOLDEN BROTHERS, INC. d/b/a GOLDEN TECHNOLOGIES, PRIDE MOBILITY PRODUCTS CORP. and JOHN DOES 4 – 10, et al.

_____

BRIEF OF PLAINTIFF/RESPONDENT,
DR. MILTON PRYSTOWSKY, IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION BY THIRD–PARTY DEFENDANT, PHOENIX MECANO, INC., TO JOIN PLAINTIFF'S INSURER AS A REAL PARTY IN INTEREST AND NECESSARY PARTY PLAINTIFF

_____

MOTION DAY MAY 17, 2010

Deborah A. Crinigan, Esquire
Alan J. Charkey, Esquire
**WHITE AND WILLIAMS LLP**
LibertyView
457 Haddonfield Road,
Suite 400
Cherry Hill, N.J. 08002–2220
(856) 858–5300
fax: (856) 858–0722
Attorneys for
Plaintiff/Respondent,
Dr. Milton Prystowsky

1

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**........................................... ii

I.   **FACTS**...................................................... 1

II.  **APPLICABLE STANDARDS**....................................... 3

     A.   **Subrogation** .......................................... 3

     B.   **Rule 17** .............................................. 5

     C.   **Rule 19** .............................................. 6

III. **ARGUMENT: THE MOTION SHOULD BE DENIED BECAUSE PHOENIX DOES
     NOT FACE A MULTIPLICITY OF SUITS**........................... 10

IV.  **CONCLUSION**................................................ 13

**TABLE OF AUTHORITIES**

CASES

Beascoechea v. Sverdrup & Parcel and Associates, Inc., 486 F. Supp. 169 (E.D. Pa. 1980) ................................. 6, 12

Blacks v. Mosley Machinery Co., Inc., 57 F.R.D. 503 (E.D. Pa. 1972) ........................................................ 10

Braniff Airways, Inc. v. Falkingham, 20 F.R.D. 141 (D. Minn. 1957) ..................................................... 9, 10

Colonial Penn Ins. Co. v. Ford, 172 N.J. Super. 242 (Law Div. 1979) ..................................................... 4, 11

Dudley v. Smith, 504 F.2d 979 (5th Cir. 1974).............. 8, 10

Feigenbaum v. Guaracini, 402 N.J. Super. 7 (App. Div. 2008).... 3

General Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3d Cir. 2007) ............................................... 7

G-I Holdings v. Reliance Ins. Co., 586 F.3d 247 (3d Cir. 2009) 13

Holloway v. State, 125 N.J. 386 (1991)........................ 3

Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704 (E. & A. 1948) ..................................................... 4, 11

ICON Group, Inc. v. Mahogany Run Development Corp., 829 F.2d 473 (3d Cir. 1987) .................................... 6, 7, 10, 14

Ingram v. DESA, 2008 WL 2246428 (E.D. Pa. 2008)............ 9, 11

Kint v. Terrain King Corp., 79 F.R.D. 10 (M.D. Pa. 1977)6,   10, 12, 14

Moore v. Hafeeza, 212 N.J. Super. 399 (Ch. Div. 1986).......... 5

National Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp., 2006 WL 892291 (D.N.J. 2006)............... 6, 12

Pace v. General Electric Company, 55 F.R.D. 215 (W.D. Pa. 1972) ..................................................... 9, 10

United Coal Companies v. Powell Construction Company, 839 F.2d 958 (3d Cir. 1988)......................................... 14

United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70
  S. Ct. 207 (1949) ......................................... 9

Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d
  78 (4th Cir. 1973) ..................................... 6, 12

Zirger v. General Acc. Ins. Co., 144 N.J. 327 (1996) ....... 5, 11

RULES

Rule 17 of the Federal Rules of Civil Procedure. 5, 6, 10, 12, 14

Rule 19 of the Federal Rules of Civil Procedure.. 6, 7, 8, 10, 12

TREATISES

Wright and Miller, Federal Practice and Procedure, § 1604..... 10

In support of his response to the to the Motion by Third-Party Defendant, Phoenix Mecano, Inc., to Join Plaintiff's Insurer As a Real Party in Interest and Necessary Party Plaintiff, Plaintiff, Dr. Milton Prystowsky, individually and as Executor of the Estate of Rose Prystowsky, by and through his attorneys White and Williams LLP, submits the instant Brief.[1]

**I.   FACTS**

This action arose from a devastating fire which occurred on January 7, 2004 in the home of Rose and Milton Prystowksy, at 4 Garden Place, Nutley, New Jersey.  The fire, which originated in the Prystowskys' lift chair, claimed the lives of Rose Prystowsky and that of her home health aide, Carolyn Ada Threadgill, and left Milton Prystowksy seriously injured.  It also destroyed the Prystowksys' house.

The Prystowskys' insurer, Encompass Insurance Company ("Encompass"), paid the Prystowskys a total of $738,224.31 in benefits, which included payments of $365,000.00 for the house, demolition costs of $22,000.00 and $330,224.31 for damage to personal property. See Plaintiff's Answers to Defendant ADT Security Services, Inc.'s First Set Of Interrogatories, attached hereto as Exhibit "A", interrogatory nos. 24 and 28.

---

[1] Because the Motion by Phoenix Mecano does not conform to the practice set forth by Local Civil Rule 7.1, requiring a Notice of Motion and brief, Plaintiff does not respond to the individual, paragraph-by-paragraph averments of the Motion.

In his deposition, Milton Prystowksy testified that he sustained loss to his property which Encompass did not cover. He paid a deductible and also suffered the loss of a lifetime of personal items for which insurance did not compensate him. See Exhibit "B", excerpts of the deposition of Milton Prystowsky, at 236.

On August 1, 2005, Milton Prystowsky signed the Subrogation Receipt attached to Phoenix's Motion within Exhibit "A". It provides that Encompass is subrogated to Milton Prystowsky's "rights, claims and interest" for his loss *"to the extent of said payment."* (Emphasis added.) Similarly, the Encompass insurance policy issued to the Prystowskys provided that Encompass may require an assignment of the rights of recovery *"to the extent that payment is made by us."* Exhibit "B" to Phoenix's Motion, on the page Bates-labeled Plaintiff 00651. (Emphasis added.)

In its Third-Party Complaint against Movant Phoenix Mecano ("Phoenix"), Defendant/Third-Party Plaintiff Pride Mobility Products Corp. alleged, *inter alia*, that Pride was entitled to indemnification for the instant action by Phoenix. See Exhibit "C" attached, the Third-Party Complaint, at 7, paragraph 44. In its Answer to Pride's Third-Party Complaint, Phoenix denied that it was liable to indemnify Pride. Exhibit "D" attached, Answer of Third-Party Defendant Phoenix Mecano, Inc. and Dewert

Motorized System to Third Party Plaintiff's Complaint, paragraph 44.

## II. APPLICABLE STANDARDS

The Motion filed by Phoenix Mecano ("Phoenix") implicates the substantive law of subrogation, as well as procedural law concerning Rules 17 and 19 of the Federal Rules of Civil Procedure.

### A. Subrogation

"Subrogation is " '[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies or securities.' " Feigenbaum v. Guaracini, 402 N.J. Super. 7, 19 (App. Div. 2008). (Citations omitted.) In New Jersey, "[t]he fundamental principle of subrogation is that the subrogee's rights rise no higher than those of the subrogor." Holloway v. State, 125 N.J. 386, 398 (1991).

> As the right of subrogation turns on the obligation or duty that the third party itself owes the subrogor, subrogation is wholly dependent on the merits of the subrogor's claim against the third party. The subrogee, which succeeds to the position of the subrogor, may recover only if the subrogor likewise could have recovered; the subrogee gains no additional rights and is subject to all defenses that were available against the subrogor.

Id., 125 N.J. at 396. "The general rule . . . is that a

-3-

subrogee is entitled to indemnity only to the extent of the money actually paid to discharge the obligation." Colonial Penn Ins. Co. v. Ford, 172 N.J. Super. 242, 243 (Law Div. 1979).

By operation of law, a subrogee is collaterally estopped by any judgment affecting the subrogor with respect to the same or similar issues.

> The judgment of a court of competent jurisdiction on a question of law or fact, or on a question of mixed law and fact, once litigated and determined, is, so long as it stands unreversed, conclusive upon the parties and their privies, not only as to the subject of the particular action, but also as to all future litigation touching the subject matter. This is so even though the prior and subsequent litigations involve different things, if there be substantial identity in the subject matter of the two. Where the right to relief in the one suit shall rest upon the same point or question which, in essence and substance, was litigated and determined in the prior suit, the parties and their privies are concluded, 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'

Hudson Transit Corp. v. Antonucci, 137 N.J.L. 704, 706 – 07 (E. & A. 1948). (Citations omitted.)

> Although mutuality of parties no longer is an essential condition of collateral estoppel, the party against whom collateral estoppel is to be invoked must have been in "privity" with a party in the first action. . . . . The concept of privity, as well as its parameters, are necessarily imprecise: "Privity states no reason for including or

-4-

> excluding one from the estoppel of a judgment. It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." . . . . "A relationship is usually considered 'close enough' only when the party is a virtual representative of the non-party, or when the non-party actually controls the litigation." . . . . ; see also <u>Moore v. Hafeeza</u>, 212 <u>N.J. Super.</u> 399, 403–04 (Ch. Div. 1986) ("Generally, one person is in privity with another and is bound by and entitled to the benefits of a judgment as though he was a party when there is such an identification of interest between the two as to represent the same legal right....").

<u>Zirger v. General Acc. Ins. Co.</u>, 144 <u>N.J.</u> 327, 338 – 39 (1996). (Some citations omitted.)

    **B.**    **<u>Rule 17</u>**

Rule 17(a)(1) of the Federal Rules of Civil Procedure, "Designation in General," provides that "An action must be prosecuted in the name of the real party in interest." Rule 17(a)(3), "Joinder of the Real Party in Interest," states that

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

"[T]he modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by

-5-

the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." F.R.C.P. 17, Advisory Committee Notes, 1966 Amendment. See also ICON Group, Inc. v. Mahogany Run Development Corp., 829 F.2d 473, 478 (3d Cir. 1987).

"In cases of partial subrogation, both the subrogor and subrogee are real parties in interest under Rule 17, and have substantive rights. In such cases, either party may sue in their [*sic*] own name." National Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp., 2006 WL 892291, *2 (D.N.J. 2006).

"Whether a plaintiff is entitled to enforce the asserted right [under Rule 17] is determined according to the substantive law. In a diversity action . . ., the governing substantive law is the law of the state." Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973). Accord Beascoechea v. Sverdrup & Parcel and Associates, Inc., 486 F. Supp. 169, 173 (E.D. Pa. 1980).

"Rule 17 envisions a motion to dismiss rather than a motion to compel joinder." Kint v. Terrain King Corp., 79 F.R.D. 10, 11 n. 2 (M.D. Pa. 1977).

C.  **Rule 19**

Rule 19 of the Federal Rules of Civil Procedure serves the same purpose as Rule 17 – "to prevent a defendant from being

-6-

subjected to subsequent suits based on the same transaction. . . ." ICON Group, Inc. v. Mahogany Run Development Corp., *supra*, 829 F.2d at 476 n. 3.  Under Rule 19(a), "Persons Required to Be Joined if Feasible," a party should be joined if doing so will not destroy diversity jurisdiction.  Under Rule 19(b), "When Joinder Is Not Feasible," a case faces possible dismissal for lack of subject matter jurisdiction.  See, e.g., General Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3d Cir. 2007).

Rule 19(a)(1), which Phoenix attempts to invoke, provides as follows:

> **(a) Persons Required to Be Joined if Feasible**.
>
> > **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> >
> > > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> > >
> > > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > >
> > > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or

-7-

>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> **(2)** *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>
> **(3)** *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

F.R.C.P. 19(a).

When an insured who has been partially compensated for a loss by his insurer brings suit in his own name to recover the entire loss, for his own damages and for the benefit of his insurer as subrogee, the insurer/subrogee is not a necessary party under Rule 19(a) and need not be joined as plaintiff. "The facts of the . . . case . . . where the suit is by the insured (as distinguished from the insurer), and for the full amount of the loss, do not meet the requirements of Rule 19(a)." Dudley v. Smith, 504 F.2d 979, 983 (5th Cir. 1974). When an insured has sued for the entire loss, "all defenses are available to the defendant and res judicata will protect a defendant from another suit. The reason for the rule of [United States v.] Aetna [Casualty & Surety Co., 338 U.S. 366, 70 S. Ct.

-8-

207 (1949)] collapses; *cessat ratio cessat ipse lex.*"[2]  Pace v. General Electric Company, 55 F.R.D. 215, 218 (W.D. Pa. 1972).

In Aetna, *supra*, and like cases:

> *[T]he issue of compelling the joinder as a party plaintiff of a partial insurer subrogee in a suit brought by the insured alone to recover the full loss was not before the Court.* This distinction is important because when partial insurer subrogees bring suit and other insurer subrogees and the insured are not joined, there is the possibility of a multiplicity of suits being brought against the defendant and the compulsory joinder of all of them is required to avoid such an occurrence and to settle the controversy between them in one lawsuit, *but when the insured brings suit alone, to recover for the whole loss, the controversy can be adjudicated completely and finally without the joinder of the insurer subrogees, and the defendant will have only one lawsuit to defend.*

Braniff Airways, Inc. v. Falkingham, 20 F.R.D. 141, 144 (D. Minn. 1957).  (Emphasis supplied by the court.)  "A judgment in favor of plaintiff, who is the party in legal interest, would insulate movant against another suit by plaintiff's insurer." Id.  "Even without joinder, a partial subrogee . . . is generally precluded from bringing a subsequent action against a defendant where a judgment has been rendered in a suit by the subrogor for the entire loss." Ingram v. DESA, 2008 WL 2246428, *8 (E.D. Pa. 2008).

The question of whether compulsory joinder should be

---

[2] Where the reason for the rule ceases, the rule also ceases.

ordered is best resolved by the court according to the circumstances of the case, rather than according to a *per se* rule. Kint v. Terrain King Corp., *supra*, 79 F.R.D. at 11 – 12 (rejecting the categorical approach taken by the court in Blacks v. Mosley Machinery Co., Inc., 57 F.R.D. 503 (E.D. Pa. 1972)). "By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases." Wright and Miller, Federal Practice and Procedure, § 1604.

**III. ARGUMENT: THE MOTION SHOULD BE DENIED BECAUSE PHOENIX DOES NOT FACE A MULTIPLICITY OF SUITS.**

Plaintiff urges the Court to deny the Motion, because it is based on a false assumption. Contrary to its argument, Phoenix is not subject to multiple lawsuits for Plaintiff's fire damage. Accordingly, there is no basis for granting Phoenix's requested relief.

The objective both of Rule 17 and of Rule 19 is the elimination of the prospect of multiple actions. ICON Group, Inc. v. Mahogany Run Development Corp., *supra*. However, under Rule 19, no joinder of a plaintiff's insurer/subrogee is needed, because an action brought by the insured/subrogor to recover the entire loss preludes the possibility of a subsequent suit by a partial subrogee. Dudley v. Smith, *supra*; Braniff Airways, Inc. v. Falkingham, *supra*; Pace v. General Electric Company, *supra*;

-10-

Ingram v. DESA, *supra*.

Notwithstanding Phoenix's assertions, Encompass is only a partial, rather than a full, subrogee of Plaintiff.  Plaintiff sustained uncompensated property losses, including his deductible and a host of personal items for which his insurance provided no indemnity.  See Exhibit "B", excerpts of the deposition of Milton Prystowsky, at 236.  The subrogation receipt signed by Milton Prystowsky, Exhibit "A" to Phoenix's Motion, along with the terms of the insurance policy which Encompass issued to Milton Prystowksy, Exhibit "B" to Phoenix's Motion, page "Plaintiff 00651", confirm that Encompass is subrogated to Plaintiff's interest only to the extent of Encompass's payment.  Even in the absence of a subrogation receipt or an insurance policy, at common law Encompass could only be subrogated to Plaintiff's interest to the extent of Encompass's payment.  Colonial Penn Ins. Co. v. Ford, *supra*. Consequently, as a partial subrogee, Encompass is precluded from bringing a second action against Phoenix.

Under New Jersey's substantive law, the identical outcome obtains.  As Plaintiff's privy, bound by the terms of an insurance contract, Encompass would be precluded from asserting a new cause of action by the doctrines of collateral estoppel and *res judicata*.  Hudson Transit Corp. v. Antonucci, *supra*; Zirger v. General Acc. Ins. Co., *supra*.  Moreover, it is the

-11-

substantive law of New Jersey which underlies procedural considerations such as joinder.  <u>Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.</u>, *supra*; <u>Beascoechea v. Sverdrup & Parcel and Associates, Inc.</u>, *supra*.

Plaintiff disputes that Rule 17 applies to the instant Motion.  Rule 17 contemplates dismissal for naming the wrong party, not joinder of the right one.  <u>Kint v. Terrain King Corp.</u>, *supra*.  However, assuming, *arguendo*, that Rule 17 were apposite to the Motion, it would permit a partial subrogor/insured to sue in his own name.  <u>National Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp.</u>, *supra*.  Under Rule 17, the substantive law of New Jersey, regarding the preclusion of a subsequent action by a party's privy, would apply, just as it does to Rule 19.  <u>Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.</u>; <u>Beascoechea v. Sverdrup & Parcel and Associates, Inc</u>.

Phoenix's argument that it is tantamount to an insurer is misplaced.  In fact, Phoenix denied Pride's averment in the Third-Party Complaint that Phoenix is liable to indemnify Pride.  Exhibit "C" at paragraph 44; Exhibit "D" at paragraph 44.  To suggest that Encompass owed any duty to Phoenix, the existence of which was unknown to Encompass when the action was filed, and which neither Encompass nor Plaintiff has even sued, particularly in the absence of any semblance of privity between

-12-

Encompass and Phoenix, is absurd.  Furthermore, for the purposes of the Motion, Phoenix is judicially estopped by its Answer to the Third-Party Complaint to now assert that it is anyone's indemnitor.  See, e.g., G-I Holdings v. Reliance Ins. Co., 586 F.3d 247, 261 – 62 (3d Cir. 2009).

Phoenix's contentions regarding an alleged inability to conduct discovery of Encompass absent a joinder are similarly unfounded.  Even though it is not a party, Encompass has already produced a copy of its entire claim file.  The Court's Revised Pre-Trial Scheduling Order of April 23, 2010 further underscores the extent to which Phoenix may pursue discovery of Encompass without a joinder.  Among other things, the Order scheduled the deposition of Encompass adjuster John Mollenkopf, which had been noticed by Defendant/Third-Party Plaintiff Pride Mobility Products Corp.

In summary, there is simply no basis for granting Phoenix's Motion.

**IV.  CONCLUSION**

The real motivation for the Motion is transparent.  Phoenix hopes to mitigate any sympathy value which Milton Prystowsky may have as the sole plaintiff by coupling him with an insurance company which Phoenix presumes to be far less sympathetic.  However, joining the insurer as plaintiff could have a prejudicial impact on the outcome of the case.  Kint v. Terrain

-13-

King Corp., *supra*, 79 F.R.D. at 12, n. 4.

If it would conclusively resolve the matter, Encompass would be willing to enter into a ratification agreement under Rule 17(a)(3) authorizing continuation of the action and agreeing to be bound by the result. If produced, a ratification agreement would completely moot Phoenix's Motion. See, e.g., ICON Group, Inc. v. Mahogany Run Development Corp., *supra*, 829 F.2d at 478 and United Coal Companies v. Powell Construction Company, 839 F.2d 958, 965 (3d Cir. 1988).

However, Plaintiff maintains that a ratification agreement is unnecessary. Even without it, under the applicable procedural and substantive law, the Court has more than sufficient grounds to deny Phoenix's Motion.

                                            Respectfully submitted,

                                            **WHITE AND WILLIAMS LLP**

By:   _s/ Deborah A. Crinigan__
       Deborah A. Crinigan, Esquire
       Alan J. Charkey, Esquire
       LibertyView
       457 Haddonfield Road, Suite 400
       Cherry Hill, NJ 08002-2220
       856-317-3600

       Attorneys for Plaintiff, Dr. Milton Prystowsky, in his own right and as Executor of the Estate of Rose Prystowsky

Date: May 14, 2010