# EXHIBIT "B"

3-25-08

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

DR. MILTON PRYSTOWSKY, in his own
right and as, EXECUTOR OF THE ESTATE
OF ROSE PRYSTOWSKY,

               Plaintiff,

v.

TGC STORES, INC., ADT SECURITY
SERVICES, INC., JOHN DOES 2-10, and
INVACARE CORPORATION,

               Defendants.

Civil Action No.
2:07-cv-00072-SDW-MCA

### ADT SECURITY SERVICES, INC.'S RESPONSES
### TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant ADT Security Systems, Inc. ("ADT"), hereby respond and object to

Plaintiff's First Request for Production of Documents, and states:

### PRELIMINARY STATEMENT

The following responses and/or objections ("Responses") are based upon the facts

and information presently known and available to ADT. Discovery, investigation, research, and

analysis are still ongoing and may disclose the existence of additional facts, add meaning to

known facts, establish entirely new factual conclusions, establish entirely new legal contentions,

or possibly lead to additions, variations, or changes to these responses. The Responses herein

are, therefore, based only upon ADT's knowledge as of the date of these Responses and are

given without prejudice to ADT's right to produce evidence of any subsequently discovered

information. Without being obligated to do so, ADT reserves the right to change or supplement

these Responses as additional facts are discovered, revealed, recalled, or otherwise ascertained,

and as further analysis and research discloses additional facts, contentions, or legal theories which may apply.

## GENERAL OBJECTIONS

ADT incorporates the following General Objections and its Preliminary Statement by reference into each specific Responses set forth below:

1.     ADT generally objects to each and every Request to the extent it may be construed as calling for information subject to a claim of the attorney-client privilege, work product doctrine, right to privacy, or any other lawful privilege or immunity afforded by law.

2.     ADT generally objects to each and every Request to the extent that it may be construed as calling for information which constitutes trade secrets or other confidential or proprietary information relating to ADT or others.

3.     ADT generally objects to each and every Request to the extent it seeks to impose obligations beyond those permitted under the Federal Rules of Civil Procedure or the Local Rules.

4.     ADT generally objects to each and every Request to the extent it seeks information that is a matter of public record or is as easily accessible to Plaintiff as it is to ADT.

5.     ADT generally objects to each and every Request to the extent it seeks information that is already within Plaintiff's possession, custody, or control, or has previously been made available to Plaintiff informally or in the course of discovery.

6.     ADT generally objects to each and every Request to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence or, if relevant, so remote there from as to make its disclosure of little or no practical benefit to Plaintiff while imposing an unwarranted and extreme burden and expense on ADT in

221873_1

ascertaining and disclosing such information.  By the Responses set forth below, ADT reserves the right to make all pertinent evidentiary objections at any stage in these proceedings.

7.     ADT further generally objects to the Requests to the extent they are not reasonably limited as to time or scope and, as a result, are overbroad, vague, ambiguous, unduly burdensome, and oppressive.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**   Any and all statements made by any party to this lawsuit, whether written or oral, including statements of any party's agents, representatives, or employees.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is vague and ambiguous, is not limited in time or scope to the conditions or circumstances allegedly at issue, seeks information protected from disclosure by the attorney-client privilege, and seeks information protected from disclosure by the work-product doctrine.  Subject to and without waiving its objections and consistent with its understanding of this request, ADT states it does not have any statements pertaining to this matter which have not already been produced by Plaintiff.


**REQUEST NO. 2:**   Any and all statements made by any witness to the events described in the complaint.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, seeks information that is equally available to the requesting party, seeks information protected from disclosure by the attorney-client privilege, and seeks information protected from disclosure by the work-product doctrine.  Subject to and without waiving its objections and consistent with

its understanding of this request, ADT refers Plaintiff to the incident reports generated by the Nutley Fire Department and Police Department, which were previously produced by Plaintiff. ADT states it does not have any other statements pertaining to this matter which have not already been produced by Plaintiff.

**REQUEST NO. 3:** Any and all statements made by any person other than a party to the action or an eyewitness which refer in any way to the incident described in the complaint or plaintiff's damages.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, seeks information that is equally available to the requesting party, seeks information protected from disclosure by the attorney-client privilege, and seeks information protected from disclosure by the work-product doctrine. Subject to and without waiving its objections and consistent with its understanding of this request, ADT refers Plaintiff to the medical records of Saint Barnabus Medical Center, which pertain to Mr. Prystowky's injuries. ADT will make these documents available for copying and inspection upon request. ADT states it does not have any other statements pertaining to this matter which have not already been produced by Plaintiff.

**REQUEST NO. 4:** Any and all written reports rendered by any expert witnesses who you intend to call at the time of trial.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is vague and ambiguous, seeks premature disclosure of expert opinions, seeks information protected from disclosure by the attorney-client privilege, and seeks information protected from disclosure by the work-product doctrine. Subject to and without waiving its objections and

221873_1

consistent with its understanding of this request, ADT states it has not yet determined what expert witnesses it intends to use at trial. Further responding, ADT does not have any written reports by an expert witness that pertain to this matter.

**REQUEST NO. 5:**    Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, or other published documents which you intend to utilize at the time of trial or which were relied upon or utilized by any expert witness whom you intend to call at the time of trial.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is vague and ambiguous, seeks premature disclosure of expert opinions, seeks information protected from disclosure by the attorney-client privilege, and seeks information protected from disclosure by the work-product doctrine. Subject to and without waiving its objections and consistent with its understanding of this request, ADT states it has not yet determined what expert witnesses it intends to use at trial. Further responding, ADT has not yet determined what literature or other published documents it intends to use at trial.

**REQUEST NO. 6:**    Any and all blueprints, charts, diagrams, drawings, graphs, maps, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to, or relied upon by any expert witness whom you intend to call at the time of trial, or which may be utilized for any other purpose at the time of trial.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is vague and ambiguous, seeks premature disclosure of expert opinions, seeks information protected from disclosure by the attorney-client privilege, and seeks information protected from

disclosure by the work-product doctrine.  Subject to and without waiving its objections and consistent with its understanding of this request, ADT states it has not yet determined what expert witnesses it intends to use at trial.  Further responding, ADT has not yet determined what visual reproductions or other objects it intends to use at trial.

**REQUEST NO. 7:**   Color copies of any photographs or surveys of the scene, damages sustained, or any objects or persons involved therein whether in the possession of you or your attorney or in the possession of any representative of your insurance carriers.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is vague and ambiguous, seeks information protected from disclosure by the attorney-client privilege, seeks information protected from disclosure by the work-product doctrine, and seeks information already produced by other parties to this lawsuit.  Subject to and without waiving its objections and consistent with its understanding of this request, ADT states it does not have any photographs pertaining to this matter which have not already been produced by Plaintiff.

**REQUEST NO. 8:**   Copies of any and all contracts or agreements by or between the parties to this litigation.

**RESPONSE:** ADT objects to this request on the grounds that it seeks information that is equally available to the requesting party.  Subject to and without waiving its objections and consistent with its understanding of this request, ADT refers Plaintiff to the Dictograph contracts previously produced.  Further answering, ADT states it is conducting a diligent search of its records for the contract between ADT and Plaintiff and will produce all documents responsive to this request once found.

221873_1

**REQUEST NO. 9:**   Copies of any correspondence, documents, or writings of any kind that you or your attorney received from any party to this action or anyone in the public sector.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, vague and ambiguous, is not limited in time or scope to the conditions or circumstances allegedly at issue, seeks information protected from disclosure by the work-product doctrine and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections and consistent with its understanding of this request, ADT identifies correspondence from the Township of Nutley and the incident report generated by the Nutley Fire Department, which have already been produced by Plaintiff.


**REQUEST NO. 10:**  Copies of any contracts, agreements, invoices, receipts, bills, or other writings that are related to the pending litigation.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is unduly burdensome and oppressive, vague and ambiguous, is not limited in time or scope to the conditions or circumstances allegedly at issue, seeks premature disclosure of expert opinions, seeks information protected from disclosure by the attorney-client privilege and seeks information protected from disclosure by the work-product doctrine.  Subject to and without waiving its objections and consistent with its understanding of this request, ADT refers Plaintiff to its response to Request No. 8.  Further answering, ADT states it is conducting a diligent search of its records for all invoices, receipts, and bills and will produce all documents responsive to this request once found.

**REQUEST NO. 11:** Copies of any and all reports rendered by any public or private agency or department arising out of an investigation for the incident or damages.

**RESPONSE:** ADT objects to this request on the grounds that it requires a search of public documents, is unduly burdensome and oppressive, seeks information or documents not within the knowledge, custody, or control of this defendant, and seeks information that is equally available to the requesting party. Subject to and without waiving its objections and consistent with its understanding of this request, ADT identifies the incident reports generated by Nutley Fire Department and the Police Department, which have already been produced by Plaintiff. Further answering, ADT states it does not have any other reports pertaining to this matter which have not already been produced by Plaintiff.

**REQUEST NO. 12:** Copies of any and all documents exchanged between you or your authorized representatives and any person or entity not a party to this litigation which in any way relate to the fire, the alarm system at the Prystowsky home, or the damages sustained.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is unduly burdensome and oppressive, vague and ambiguous, seeks premature disclosure of expert opinions, seeks information protected from disclosure by the attorney-client privilege and seeks information protected from disclosure by the work-product doctrine. Subject to and without waiving its objections and consistent with its understanding of this request, ADT identifies correspondence from the Township of Nutley, which has already been produced by Plaintiff. Further answering, ADT refers Plaintiff to the medical records of Saint Barnabus Medical Center, which pertain to Mr. Prystowky's injuries. ADT will make these documents available for copying and inspection upon request.

**REQUEST NO. 13:** All documents identified in your answers to plaintiff's interrogatories.

**RESPONSE:** ADT refers Plaintiff to the documents produced herewith and Bates numbered ADT 128776 – 000022 to ADT 128776 – 000097.

**REQUEST NO. 14:** All documents, including notes, memos, or correspondence, that are in any way related to the work your company performed at the Prystowsky home. This includes a complete copy of the file for the home.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is unduly burdensome and oppressive, vague and ambiguous, seeks information protected from disclosure by the attorney-client privilege and seeks information protected from disclosure by the work-product doctrine. Subject to and without waiving its objections and consistent with its understanding of this request, ADT states it is conducting a diligent search of its records and will produce all documents responsive to this request once found. Further answering, ADT refers Plaintiff to the documents produced by Plaintiff and Bates numbered Plaintiff 00276 to Plaintiff 00295.

**REQUEST NO. 15:** All documents that in any way identify or reflect the identity of your employees who performed work at the Prystowsky home.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, vague and ambiguous, seeks information protected from disclosure by the attorney-client privilege and seeks information protected from disclosure by the work-product doctrine. Subject

221873_1

to and without waiving its objections and consistent with its understanding of this request, ADT refers Plaintiff to the ADT Security Services, Inc. Work Orders previously produced by Plaintiff.

**REQUEST NO. 16:**  All bills or invoices submitted to Dr. Prystowsky, or others, related to work performed at the home.

**RESPONSE:** ADT objects to this request on the grounds that it is not limited in time or scope to the conditions or circumstances allegedly at issue, and seeks information that is equally available to the requesting party.  Subject to and without waiving its objections and consistent with its understanding of this request, ADT states it is conducting a diligent search of its records and will produce all documents responsive to this request once found.

**REQUEST NO. 17:**  All bills or invoices submitted to Dr. Prystowsky, or others, related to alarm system monitoring at this location.

**RESPONSE:** ADT objects to this request on the grounds that it seeks information that is equally available to the requesting party.  Subject to and without waiving its objections and consistent with its understanding of this request, ADT states it is conducting a diligent search of its records and will produce all documents responsive to this request once found.

**REQUEST NO. 18:**  All documentation related to the Prystowsky fire alarm system or the monitoring of that system.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, vague and ambiguous, is not reasonably calculated to lead to the discovery of admissible

evidence, and seeks information already in the possession of the requesting party. Subject to and without waiving its objections and consistent with its understanding of this request, ADT refers Plaintiff to the Owners Manual for the Safewatch 3000 alarm system, which is produced herein and Bates numbered ADT 128776 – 000034 to ADT 128776 – 000097. ADT also refers Plaintiff to the Event History for the subject location, .which is produced herein and Bates numbered ADT 128776 – 000022 to ADT 128776 – 000033.

**REQUEST NO. 19:** All contracts in place with the Prystowskys for the ADT security/fire alarm system.

**RESPONSE:** ADT objects to this request on the grounds that it seeks information that is equally available to the requesting party. Subject to and without waiving its objections and consistent with its understanding of this request, ADT states it is conducting a diligent search of its records and will produce all documents responsive to this request once found.

**REQUEST NO. 20:** All documents in any way related to the services ADT provides and the policies and procedures the company has or may have in place for responding to alarm signals.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad, is not limited in time or scope to the conditions or circumstances allegedly at issue, is not reasonably calculated to lead to the discovery of admissible evidence, seeks disclosure of confidential and/or proprietary information or trade secrets, and seeks a narrative answer that is best provided by way of deposition. Subject to and without waiving its objections and consistent

with its understanding of this request, ADT refers Plaintiff to the documents produced herein and Bates numbered CONFIDENTIAL ADT 128776 – 000001 to CONFIDENTIAL ADT 128776 – 000002. ADT asserts the documents responsive to this request are confidential and should only be used for the above-captioned case.

**REQUEST NO. 21:** A complete copy of the Prystowsky alarm system printout from the date the equipment was brought on line with ADT until the time of the fire.

**RESPONSE:** ADT objects to this request on the grounds that it is overly broad and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections and consistent with its understanding of this request, ADT refers Plaintiff to the documents produced herein and Bates numbered ADT 128776 – 000022 to ADT 128776 – 000033.

Dated: March 25, 2008                COUGHLIN DUFFY LLP

                                     By
                                        Neil M. Day

                                     350 Mount Kemble Avenue
                                     P.O. Box 1917
                                     Morristown, NJ 07962-2075
                                     973-267-0058; FAX: 973-267-6442

                                     ATTORNEYS FOR DEFENDANT
                                     ADT SECURITY SERVICES, INC.

221873_1

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was served upon counsel of record for all adverse parties on this 25th day of March, 2008, as follows:

Deborah A. Crinigan, Esq.
White & Williams, LLP
Liberty View
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
(856) 317-3600
crinigand@whiteandwilliams.com
Attorney for Plaintiff

TGC Stores, Inc.
c/o Stephen Deutsch
1199 Park Avenue, Apt 17d
New York NY 10218
Defendant Pro Se

Scott L. Haworth
Abigail Bowen
Sedgwick, Detert, Moran & Arnold LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400
212-422-0202
scott.haworth@sdma.com
Attorney For Invacare Corp.

**Error! Unknown document property name.**