IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

Civil Action No. 2:07-cv-00072-SDW-MCA

DR. MILTON PRYSTOWSKY

v.

TGC STORES, INC., ADT SECURITY SERVICES, INC., PRIDE MOBILITY PRODUCTS CORP. and JOHN DOES 4 – 10, et al.

---

BRIEF OF STEPHEN D. PRYSTOWKSY, ERIC N. PRYSTOWSKY AND MICHAEL PRYSTOWSKY IN SUPPORT OF MOTION FOR SUBSTITUTION AS PLAINTIFFS

---

MOTION DAY OCTOBER 4, 2010

Deborah A. Crinigan, Esquire
Alan J. Charkey, Esquire
**WHITE AND WILLIAMS LLP**
LibertyView
457 Haddonfield Road,
Suite 400
Cherry Hill, N.J. 08002-2220
(856) 858-5300
fax: (856) 858-0722
Attorneys for Plaintiff,
Dr. Milton Prystowsky

6597519v.1

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**......................................... ii

I.   **FACTS**.................................................. 1

II.  **APPLICABLE STANDARDS**................................... 2

III. **ARGUMENT**............................................... 4

IV.  **CONCLUSION**............................................. 6

**TABLE OF AUTHORITIES**

CASES

DeLane ex rel. DeLane v. City of Newark, 343 N.J. Super. 225 (App. Div. 2001) .......................................... 4

Hawes v. Johnson & Johnson, 940 F.Supp. 697 (D.N.J. 1996) ...... 3

Marcano v. Offshore Venezuela, 497 F.Supp. 204 (E.D. La. 1980) . 4

Ransom v. Brennan, 437 F.2d 513 (5${}^{th}$ Cir. 1971) ................ 4

Smith v. Whitaker, 160 N.J. 221 (1999) ......................... 4

STATUTES

N.J.S.A. § 2A:15-3 ......................................... 1, 4

N.J.S.A. § 2A:31-1 ............................................ 1

RULES

Rule 25 of the Federal Rules of Civil Procedure .............2, 3

OTHER AUTHORITIES

Notes to the 1963 Amendment of Rule 25 ..................... 3, 5

In support of their Motion to Substitute as Plaintiffs, Movants, Stephen D. Prystowksy, Eric N. Prystowsky and Michael Prystowsky ("Movants"), submit the instant Brief.

I. **FACTS**

This action arose from a devastating fire which occurred on January 7, 2004 in the home of Doctors Rose and Milton Prystowksy, at 4 Garden Place, Nutley, New Jersey. The fire, which originated in the Prystowskys' lift chair, claimed the lives of Dr. Rose Prystowsky and that of her home health aide, Carolyn Ada Threadgill, and left Dr. Milton Prystowksy seriously injured. It also destroyed the Prystowksys' home.

In addition to property damage losses, Milton Prystowsky filed suit to recover damages for his personal injuries, for damages under the Wrongful Death Act, N.J.S.A. § 2A:31-1, *et seq.*, for his wife Rose's personal injuries, and for damages under the Survivor's Act, N.J.S.A. § 2A:15-3, as executor of Rose's estate.

On May 10, 2010, Milton Prystowksy passed away at age 88. See Exhibit "A" attached, a copy of the Certificate of Death. On or about June 4, 2010, Movants filed a Statement Noting Death of Plaintiff, Dr. Milton Prystowsky. Exhibit "B" attached.

On July 30, 2010, the Surrogate's Court of the State of New York granted Letters Testamentary to Movants, Milton Prystowsky's Executors. Exhibit "C" attached.

On August 30, 2010, the Surrogate's Court of Essex County, New Jersey, granted entered a judgment admitting the Last Will and Testament of Rose Prystowsky, M.D., to probate. See Judgment Admitting Will To Probate, Exhibit "D" attached. The judgment also stated that Letters Testamentary would be issued to Movant, Stephen D. Prystowksy and to Movant, Eric N. Prystowsky. Id. Letters Testamentary were issued in accordance with the Judgment. See the Letters Testamentary attached to the Judgment, Exhibit "D".

Rose's will stipulated that if Milton Prystowsky became unable to act as her Personal Representative, her sons Stephen and Eric were to serve as her personal co-representatives. See Exhibit "E", a copy of the Last Will and Testament of Rose Prystowsky, M.D., at 3, Article VI. However, although she died in 2004 as a result of the fire, Rose's will was never probated until this year, because upon her death all her interests passed by operation of law to her husband Milton. Milton's recent passing necessitated that the will finally be probated.

## II.   APPLICABLE STANDARDS

In relevant part, Rule 25 of the Federal Rules of Civil Procedure, "Substitution of Parties," provides as follows:

> **(a) Death**.
>
> > **(1) *Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court

> may order substitution of the proper
> party. A motion for substitution may be
> made by any party or by the decedent's
> successor or representative. If the
> motion is not made within 90 days after
> service of a statement noting the
> death, the action by or against the
> decedent must be dismissed.

\* \* \*

On the question of when the motion to substitute must be filed, the Court has held that:

> Under Rule 25(a), the time period for filing
> a motion for substitution begins only after
> a party's death is formally suggested on the
> record by the filing and service of a
> written statement of the fact of death as
> provided in Rule 5 of the Federal Rules of
> Civil Procedure and Form 30.

Hawes v. Johnson & Johnson, 940 F.Supp. 697, 699 (D.N.J. 1996). (Citations and internal quotation marks omitted.)

According to the Notes to the 1963 Amendment of Rule 25:

> A motion to substitute made within the
> prescribed time will ordinarily be granted,
> but under the permissive language of the
> first sentence of the amended rule ("the
> court may order") it may be denied by the
> court in the exercise of a sound discretion
> if made long after the death -- as can occur
> if the suggestion of death is not made or is
> delayed -- and circumstances have arisen
> rendering it unfair to allow substitution. .
> . . .

The question of whether an action survives the death of a party must be determined by looking towards the law of the state under which the cause of action arose. See, e.g., Ransom v.

-3-

Brennan, 437 F.2d 513, 520 (5th Cir. 1971), certiorari denied 91 S.Ct. 2205, 403 U.S. 904, 29 L.Ed.2d 680 (1971); Marcano v. Offshore Venezuela, 497 F.Supp. 204, 208 (E.D. La. 1980).

New Jersey's Survivor's Act, N.J.S.A. § 2A:15-3, "Actions which survive; torts to decedent; funeral and burial expenses; time to bring action," provides in part that "Executors and administrators may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser, and recover their damages as their testator or intestate would have had if he was living." According to the New Jersey Supreme Court, "the Survivor's Act preserves to the decedent's estate *any* personal cause of action that decedent would have had if he or she had survived." Smith v. Whitaker, 160 N.J. 221, 233 (1999). (Emphasis added.) "[A] survival claim is the decedent's own for damages accrued during the lifetime of the decedent, which is prosecuted by a personal representative. DeLane ex rel. DeLane v. City of Newark, 343 N.J. Super. 225, 235 (App. Div. 2001). (Citation and internal quotation marks omitted.)

### III. **ARGUMENT**

The Motion should be granted because it is timely under Rule 25 and because the causes of action which it would perpetuate are recognized under New Jersey law.

If granted, the Motion would actually accomplish two objectives: the continuation 1) of Milton Prystowsky's personal claims against the defendants, and 2) of Rose Prystowsky's similar personal claims. Until Milton Prystowsky's recent death, these two sets of claims were both centered on a single individual, Milton Prystowsky, both in his own right for his own claims, and as executor of his wife's estate for her claims as permitted by the Survivor's Act. Upon Milton Prystowsky's death, the two sets of claims were, in a sense, uncoupled. Under the Survivor's Act, Milton's executors – sons Stephen, Eric and Michael – may assert Milton's personal claims, while Rose's contingent executors – sons Stephen and Eric – may present her personal claims, now that Rose's primary executor, Milton, has passed away.

As the Notes to the 1963 Amendment to Rule 25 point out, a motion to substitute should typically be granted. The motion presents no danger of prejudice, the claims it would perpetuate are recognized by New Jersey law, and it is timely.

## IV. CONCLUSION

For all the foregoing reasons, the instant Motion should be granted.

                    Respectfully submitted,

                    **WHITE AND WILLIAMS LLP**

By: _s/ Deborah A. Crinigan
Deborah A. Crinigan, Esquire
Alan J. Charkey, Esquire
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
856-317-3600

Attorneys for Plaintiff, Dr. Milton Prystowsky, in his own right and as Executor of the Estate of Rose Prystowsky

Date: September 1, 2010