# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------X
DR. MILTON PRYSTOWSKY, in his own right
and as EXECUTOR OR THE ESTATE OF ROSE
PRYSTOWSKY,

                       Plaintiff,

     v.

TGC STORES, INC., ADT SECURITY
SERVICES, INC., INVACARE CORPORATION,
GOLDEN BROTHERS, INC. d/b/a GOLDEN
TECHNOLOGIES, PRIDE MOBILITY
PRODUCTS CORP. and JOHN DOES 4 – 10

                    Defendants.
-------------------------------------------------------------X
PRIDE MOBILITY PRODUCTS CORP.

                 Third-Party Plaintiff,

     v.

DEWERT MOTORIZED SYSTEMS, PHOENIX
MECANO, INC. and KINGSTEC INDUSTRIES,
INC., and JOHN DOES 1 – 10

                Third-Party Defendants.
-------------------------------------------------------------X

**Civil Action No.
2:07-cv-00072-SDW-MCA**

**Motion Date:      December 20,
2010**

## MEMORANDUM OF LAW IN SUPPORT OF PRIDE MOBILITY
## PRODUCTS CORP.'S MOTION FOR SUMMARY JUDGMENT

Neil L. Sambursky, Esq.
**MIRANDA SAMBURSKY
SLONE SKLARIN VERVENIOTIS LLP**
240 Mineola Blvd.
Mineola, New York 11501
(516) 741-7676
Attorneys For Pride Mobility
Products Corp.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................ii, iii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ..................................................................................... 4

ARGUMENT ......................................................................................................... 5

   POINT I ............................................................................................................. 5

      PLAINTIFFS' PERSONAL INJURY AND WRONGFUL DEATH CLAIMS
      AGAINST PRIDE ARE TIME-BARRED AND MUST BE DISMISSED ......................... 5

      A.    PLAINTIFFS FAILED TO ACT WITH "DUE DILIGENCE" IN ASCERTAINING
            PRIDE'S TRUE NAME AS THEY KNEW PRIDE WAS ONLY ONE (1) OF THREE
            (3) POTENTIAL MANUFACTURERS OF THE CHAIR OVER TWO (2) YEARS PRIOR
            TO SUING PRIDE, AND HAD A PHOTO OF THE LIFT CHAIR IDENTIFYING PRIDE
            FIVE (5) YEARS BEFORE NAMING PRIDE AS A DEFENDANT .................................. 7

      B.    PRIDE HAS BEEN PREJUDICED BY PLAINTIFFS' INEXPLICABLE FIVE (5)
            YEAR DELAY IN NAMING PRIDE AS A DEFENDANT IN THIS ACTION
            BECAUSE DOCUMENTS AND RECORDS CRUCIAL TO PRIDE'S DEFENSE HAVE
            BEEN DESTROYED .............................................................................................. 14

   POINT II ............................................................................................................ 17

      THE ENTIRE ACTION AGAINST PRIDE MUST BE DISMISSED ON THE GROUNDS THAT
      PLAINTIFFS FAILED TO SEEK LEAVE OF COURT TO AMEND THE COMPLAINT TO NAME
      PRIDE AS A DEFENDANT AND SUBMIT THE REQUIRED MOTION AND AFFIDAVIT, AS
      MANDATED BY NEW JERSEY COURT RULE 4:26-4 ............................................... 17

CONCLUSION ..................................................................................................... 19

## TABLE OF AUTHORITIES

**Cases**

Bryan v. Associated Container Transportation, 837 F.Supp. 633 (D.N.J. 1993) .......................... 6

Derienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004).......................................... 7, 14

Elballat v. Parc Harrison Condo Assoc., 2008 WL 4648270 (N.J.Super.A.D. 2008) ................ 12

Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 299 A.2d 394 (1973)...................... 7, 16

In re Human Tissue Products Liability Litigation, 255 F.R.D.151 (D.N.J., 2008) ...................... 13

Johnston v. Muhlenberg Reg'l Med. Ctr., 326 N.J. Super. 203, 740 A.2d 1122 (App. Div. 1999)
............................................................................................................................................... 12, 16

Knauf v. Elias, 327 N.J.Super. 119, 742 A.2d 980 (App.Div.1999) ............................................. 5

Martinez v. Cooper Hospital-University Medical Center, 163 N.J. 45, 747 A.2d 266 (2000)....... 5

Mason v. Mobil Oil Corp., 1999 WL 33605936 (N.J.Super.A.D.1999) ........................................ 6

Matynska v. Fried, 175 N.J. 51, 811 A.2d 456,457 (2002) ...................................................... 7, 9

Mears v. Sandoz Pharmaceuticals, Inc., 300 N.J. Super. 622, 693 A.2d 558 (App. Div. 1997)…
....................................................................................................................................... 12, 13, 14, 16

Mitchell v. Englewood Hospital and Medical Center Foundation, Inc., 2007 WL 528015 (App.
Div. 2007 ) ................................................................................................................................. 17

Monaco v. City of Camden, 2008 WL 408423 (D.N.J., 2008)..................................................... 11

Padilla v. Township of Cherry Hill, 110 Fed.Appx. 272 (3d Cir. 2004) ...................................... 13

Poplawski v. Joseph Appezzato Building Contractors, Inc., 2006 WL 1060524 (App.Div.2006)..
....................................................................................................................................................... 8

Searights v. State of N.J., 412 F.Supp. 413 (D.N.J.1976) ............................................................ 5

V. Mane Fils, S.A. v. International Flavors and Fragrance, Inc., 249 F.R.D.152 (D.N.J. 2008).. 13

Wade v. Armstrong World Indus., Inc., 746 F. Supp. 493 (D.N.J. 1990) .................................... 5

Yarchak v. Tek Bicycle Corporation, 208 F.Supp.2d 470 (D.N.J. 2002)........................... 4, 10, 17

**<u>Statutes</u>**

F.R.C.P. 15(c)(1) ............................................................................................. 6, *et. seq.*

New Jersey Rules of Court <u>R.</u> 4:26-4 ...................................................... 4, *et. seq.*

N.J.S.A. §2A:14-2 .......................................................................................... 5

N.J.S.A. §2A:31-1 .......................................................................................... 5

N.J.S.A. §2A:31-3 .......................................................................................... 5

## <u>PRELIMINARY STATEMENT</u>

Defendant/third-party plaintiff, Pride Mobility Products Corp. ("Pride"), submits this Memorandum Of Law in support of its motion for summary judgment pursuant to Federal Rule 56: 1.) dismissing the plaintiffs' personal injury and wrongful death claims against Pride, with prejudice, as they are time-barred; and, 2.) dismissing all remaining claims against Pride because as the Second Amended Complaint is procedurally invalid, the Court lacks personal jurisdiction over Pride.

This case involves a fire that occurred on January 7, 2004, allegedly in or at a seat lift mechanism and combination lift chair (hereinafter the "Lift Chair") located on the first floor of the Prystowsky's residence in Nutley, New Jersey.  Plaintiffs failed to name Pride as a defendant in this action until January 9, 2010, over five (5) years from the date of the fire and three (3) years after the expiration of the applicable two (2) year statute of limitations for tort claims in New Jersey.

Plaintiffs' personal injury and wrongful death claims as against Pride cannot be saved by the application of New Jersey's fictitious party rule, and must be dismissed as time-barred.  In the first instance, plaintiffs cannot cross the threshold requirement of having acted with "due diligence" to ascertain Pride's true identity, both before and after the expiration of the statute of limitations.  It is undisputed that plaintiffs' counsel was in possession of an emailed photograph of a photograph depicting the Lift Chair and its hand controller, within approximately one (1) month of the January 2004 fire.  *See* Exh. I, pp. 66-68; Exh. J.[1]  Counsel failed to request or obtain the original of the photograph made from the negative until April 2010, nearly 6½ years later, when it was requested by counsel for Pride.  *See* Exh. K, p. 48 ln. 1-19; Exh. L; Exh I, p. 40, ln. 6 – p. 41, ln. 3; Exh. S; Exh. W.  A photograph reproduced from the negative clearly

---

[1] References are to the Exhibits to the Declaration of Neil L. Sambursky, dated November 24, 2010.

reveals the letters "RIDE" on the hand controller for the Lift Chair.  *See* Exh. M; Exh. S; Exh. W.  Plaintiffs are now using this photograph as evidence that the Lift Chair was manufactured by Pride.  *See* Exh. W, Exh. X.

Plaintiffs' utter neglect in requesting and obtaining a better copy, original, or negative of the "best photo" of the Lift Chair, both before and after the expiration of the statute of limitations is demonstrable and irrefutable evidence of the lack of due diligence exercised by plaintiffs to timely obtain Pride's identity.

If that were not enough, on November 7, 2006, plaintiffs' counsel received a letter from Steven Deutsch, the former CFO of TGC Stores, Inc. ("TGC"), the store from where the plaintiffs purchased the Lift Chair, which identified Pride as one (1) of only three (3) potential manufacturers of the Lift Chair.  *See* Exh. O.  Plaintiffs then waited approximately three (3) months to serve Pride with a subpoena for documents.  The subpoena, however, did not request any documents regarding Pride lift chairs; indeed, the subpoena was devoid of any information about the case, the occurrence, or what product, if any, was at issue.  Rather, plaintiffs sought from Pride, a product manufacturer, information about a prescription that was issued to Rose Prystowsky by her doctor.  *See* Burns Aff.[2]

Plaintiffs' counsel spoke with a Pride representative in 2007 about the subpoena and did not tell Pride any details of the case or the incident or that it involved a Lift Chair.  Pride advised counsel that it would not have any information about a prescription issued to Rose Prystowsky and that it never heard of TGC Stores, Inc. (as Pride did business with Take Good Care – the apparent d/b/a for TGC Stores).  Significantly, Plaintiffs' counsel failed to advise the Pride representative that she was in possession of a photograph of the Lift Chair with the Pride logo on

---

[2] References are to the accompanying Affidavit of Patrick Burns, sworn to November 23, 2010 ("Burns Aff.")

2

the hand controller, and a letter identifying Pride as only one (1) of three (3) potential manufacturers of the Lift Chair.  *Id.*

Although armed with both a photograph and a November 3, 2006 letter identifying Pride, plaintiffs chose to file a motion to add only Invacare Corporation, and not Pride, as a defendant on July 24, 2007.  *See* Exhs. C-E.  Plaintiffs then waited until December 2008 to depose Invacare, a party it had sued seventeen (17) months earlier, as well as Mr. Deutsch, who sent the letter to plaintiffs' counsel approximately twenty-five (25) months earlier identifying Pride.  *See* Exhs. Q and T.  On January 9, 2009, twenty two (22) days after Invacare's deposition, plaintiffs sued Pride and Golden Technologies, both as alleged manufacturers of the Lift Chair.  *See* Exh. G.  Plaintiffs' "actions" to identify Pride in no way met the strict due diligence requirement of New Jersey Rule 4:26-4.  Indeed, plaintiffs' conduct is the demonstrable antithesis of "due diligence."

Moreover, as plaintiffs were aware of Pride's identity as a potential manufacturer of the Lift Chair over twenty-five (25) months before they sued Pride, at the time plaintiffs sued Pride they could no longer claim the benefit of the fictitious party rule to toll the statute of limitations. Therefore, the claims for personal injury and wrongful death were time-barred when plaintiffs sued Pride.

Additionally, while Pride need not establish prejudice to defeat plaintiffs' claim, the prejudice to Pride occasioned by plaintiffs' dilatory conduct is real, palpable, and irreparable. Pride has a seven (7) year document retention policy.  *See* Burns Aff.  Plaintiffs have taken extensive discovery and depositions of Pride personnel on, among other things, product identification, design, testing, etc. and Pride was not able to produce information or testify about certain items because of the now lack of historical information in its possession, which Pride

would have had and preserved had it been timely sued.  *See* Burns Aff.  Incredibly, counsel has even used Pride's lack of information to try am impugn the character of Pride's witnesses in correspondence to this Court.  *See* Exh. W.  This conduct must not be countenanced.  Thus, at a minimum, Pride is entitled to partial summary judgment on the wrongful death, personal injury and product liability claims against it.

Finally, plaintiffs brought Pride into this case via "consent order" which permitted plaintiffs to file their Second Amended Complaint.  *See* Exh. F.  This was procedurally improper as, under New Jersey <u>R</u>.4:26-4, plaintiffs were required to file a motion seeking to substitute Pride for the fictitious "John Doe" defendant, together with an affidavit setting forth how Pride was identified.  *See* <u>Yarchak v. Trek Bicycle Corporation</u>, 208 F.Supp.2d 470 (D.N.J. 2002)  Accordingly, the entire Second Amended Complaint is a nullity and must be dismissed.  As such, the Court lacks personal jurisdiction over Pride and Pride is entitled to summary judgment on this issue.

Thus, for all of the reasons set forth herein, Pride's motion must be granted in all respects.

## <u>STATEMENT OF FACTS</u>

Pride incorporates by reference, as if fully set forth herein, Pride Mobility Products Corp.'s Rule 56.1 Statement Of Undisputed Material Facts Statement, dated November 24, 2010, the accompanying affidavit of Patrick Burns sworn to November 23, 2010, and all exhibits attached thereto, the Declaration of Neil Sambursky, dated November 24, 2010, and all exhibits attached thereto, and all pleadings and proceedings heretofore had herein.

## ARGUMENT

## POINT I

### PLAINTIFFS' PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AGAINST PRIDE ARE TIME-BARRED AND MUST BE DISMISSED

New Jersey law provides a two-year statute of limitations for personal injuries caused by a "wrongful act, neglect, or default."  *See* N.J.S.A. §2A:14-2 ("Every action at law for injury to the person caused by the wrongful act, neglect or default of any person within this state shall be commenced within two years next after the cause of any such action shall have accrued."); Wade v. Armstrong World Indus., Inc., 746 F. Supp. 493 (D.N.J. 1990) (Two (2) year statute of limitations in N.J.S.A. §2A:14-2 applies to product liability actions.); Searights v. State of N.J., 412 F.Supp. 413 (D.N.J. 1976).  Moreover, plaintiffs' claims under New Jersey's Wrongful Death Act, N.J.S.A. § 2A:31-1, et seq., are also subject to the two (2) year statute of limitations in the Act.  *See* N.J.S.A. § 2A:31-3 ("Every action brought under this chapter shall be commenced within 2 years after the death of the decedent, and not thereafter…)

The purpose of a limitations period, which embodies important public policy considerations, is to stimulate plaintiffs to act, punish plaintiffs' negligence for inaction, and promote repose for defendants against stale claims where memories fade, witnesses are no longer available and evidence is unattainable.  Martinez v. Cooper Hospital-University Medical Center, 163 N.J. 45, 747 A.2d 266 (2000); Knauf v. Elias, 327 N.J.Super. 119, 742 A.2d 980 (App. Div. 1999).

Here, plaintiffs' tort cause of action accrued on January 7, 2004, and the statute of limitations for plaintiffs' personal injury and wrongful deaths claims expired on January 7, 2006. *See* Exh. A.  Although plaintiffs filed their state court complaint against the "John Doe" manufacturers of the Lift Chair two (2) days before the expiration of the statute of limitations, on

January 5, 2006, plaintiffs did not purport to name Pride as a defendant in this action until over

three (3) years after the expiration of the statute of limitations, on or about January 9, 2009.  *See*

Exh. G.

F.R.C.P. 15(c)(1), however, permits an amended pleading to relate back to the date of the

original complaint "when relation back is permitted by the law that provides the statute of

limitations applicable to the action."  Therefore, in this case, New Jersey law determines whether

plaintiff's amendment will be permitted to relate back under 15(c)(1).  *See* <u>Bryan v. Associated</u>

<u>Container Transportation,</u> 837 F.Supp. 633 (D.N.J. 1993).  If New Jersey law would not permit

the amendment made by the plaintiff after the running of the statute of limitations, then the

Federal Rule does not permit the amendment either.  <u>Id</u>.

Through the fictitious party rule embodied in New Jersey Court Rule 4:26-4 "Fictitious

names; In Personam Actions," the courts in New Jersey have permitted plaintiffs to avoid the

statute of limitations, in certain limited circumstances, where they are unable to ascertain the true

name of a defendant during the limitations period.  Rule 4:26-4 provides in pertinent part:

> In any action,…if the defendant's true name is unknown to the
> plaintiff, process may issue against the defendant under a fictitious
> name, stating it to be fictitious and adding an appropriate
> description sufficient for identification.  Plaintiff shall, on motion,
> prior to judgment, amend the complaint to state the defendant's
> true name, such motion to be accompanied by an affidavit stating
> the manner in which that information was obtained.

Compliance with the requirements of <u>R</u>. 4:26-4 is not a mere formalism, and the concept

of relation-back after the running of the statute of limitations runs counter to the principles of

repose on which the statute is based.  *See* <u>Mason v. Mobil Oil Corp.,</u> 1999 WL 33605936

(N.J.Super.A.D.1999).  The rule is not entirely open-ended and does not contemplate that an

amended complaint will relate back in respect of newly-added defendants whose identity was not

only unknown but whose existence as a potentially liable party was also unknown and unpleaded. Id.

In this case, plaintiffs' claims against Pride for personal injury and wrongful death are barred unless saved by the above provisions of R. 4:26-4. As discussed, below, the plaintiffs are precluded from relying on the Rule to have its claims against Pride relate back to the original complaint because they have grossly violated each and every requirement of the Rule.

A.      PLAINTIFFS FAILED TO ACT WITH "DUE DILIGENCE" IN ASCERTAINING PRIDE'S TRUE NAME AS THEY KNEW PRIDE WAS ONLY ONE (1) OF THREE (3) POTENTIAL MANUFACTURERS OF THE CHAIR OVER TWO (2) YEARS PRIOR TO SUING PRIDE, AND HAD A PHOTO OF THE LIFT CHAIR IDENTIFYING PRIDE FIVE (5) YEARS BEFORE NAMING PRIDE AS A DEFENDANT

It is well-established that to be entitled to the benefit of New Jersey's fictitious party rule, a plaintiff must not be aware of the identity of the fictitiously named defendant and proceed with due diligence in ascertaining the fictitiously identified defendant's true name, both before and after filing the complaint, and promptly amend the complaint to correctly identify that defendant. Matynska v. Fried, 175 N.J. 51, 811 A.2d 456,457 (2002) (A plaintiff must "investigate all potentially responsible parties in a timely manner" to "cross the threshold for due diligence."); Derienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004) (Rule 4:26-4 is unavailable if a plaintiff should have known, by the exercise of due diligence, defendant's identity prior to the expiration of the statute of limitations.); Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 299 A.2d 394, 396 (1973) (The fictitious party rule may be used only if the plaintiff exercised due diligence to ascertain the defendant's true name before and after filing the complaint.)

In the context of this motion, there are two (2) absolute facts: 1.) prior to the expiration of the statute of limitations plaintiffs had available to them a photograph of the Lift Chair identifying Pride; and, ii) two (2) years before plaintiffs sued Pride, plaintiffs were aware of

Pride's identity and that it was one (1) of only three (3) potential manufacturers of the Lift Chair. These facts and the law leave no wiggle-room; plaintiffs' action against Pride is untimely and cannot be saved by the fictitious party rule.

Poplawski v. Joseph Appezzato Building Contractors, Inc., 2006 WL 1060524 (App. Div. 2006), is a case directly on point in which New Jersey's Appellate Division affirmed that the fictitious party rule was not available to a plaintiff who waited two (2) years after they learned of a party's identity to name them as a defendant.

Poplawski was a product liability action in which the plaintiff, a carpenter, was injured on December 9, 1999, when a propane space heater malfunctioned in a house in which he was working. Like in the instant case, just days before the expiration of the statute of limitations, December 4, 2001, plaintiff filed suit against the general contractor and against fictitious defendants, for strict product liability claims. On June 30, 2004, more than three (3) years after the expiration of statute of limitations, plaintiff sought to amend the complaint to add the Coleman Company ("Coleman") as a defendant.

Denying the plaintiff's motion, the Court noted how while "at least by June 2002," two (2) years before plaintiff sought to add Coleman, plaintiff obtained a photograph of a heater depicting the Coleman name, they nevertheless waited until June 2004 to amend the complaint to add Coleman as a defendant. The Appellate Division held that such "action does not suggest due diligence." Further agreeing with the trial court, the Appellate Division also held that the delay in naming Coleman created the "real" "prospect for prejudice" as it deprived Coleman from investigating the incident within a reasonable time after its occurrence.

The facts in this case are even more compelling than those in Poplawski. Here, at all times after the fire, plaintiffs have had in their possession/readily available to them, a photograph

depicting Pride's name on the Lift Chair hand controller.  Incredibly, counsel has already admitted to the Court that "when the photograph is enlarged from the negative, one can see the letters "RIDE" below Mrs. Prystowsky's fingers on the hand-control."  *See* Exh. W.  The fact remains that counsel did not request an original photograph, made from the negative, for nearly six (6) years and four (4) months after the fire, and such request was only made because Pride asked for it.  Thus, counsel's failure to obtain an original copy of the photograph is no excuse for the delay in suing Pride; to the contrary, it is the demonstrable antithesis of "due diligence" to obtain Pride's identification.

If that were not enough, by November 2006, plaintiffs knew that Pride was one (1) of only three (3) possible manufacturers of the Lift Chair and yet waited two (2) years longer to sue Pride Mobility.  While plaintiffs had sued Invacare in the interim, plaintiffs waited nearly seventeen (17) months to depose Invacare (before Pride was brought into the case) and twenty-five (25) months to depose Steven Deutsch; miraculously, twenty-two (22) days after Invacare's deposition, the then parties to the action filed a "Consent Order" to add Pride and Golden Technologies.  Again, these "actions" are the demonstrable antithesis of due diligence.

That the facts of this case warrant partial summary judgment in favor of Pride is also established in the New Jersey Supreme Court decision in Matynska v. Fried, 175 N.J. 51, 811 A.2d 456,457 (2002), which is directly on point.   In Matynska the plaintiff suffered complications following hip replacement surgery; she then filed a complaint against the hospital where the surgery was performed, eleven doctors and nurses, and "John Doe, M.D. and Jane Doe, R.N."  Not named as a defendant was Dr. Mark Feierstein, who for nearly three days after her surgery, "covered" hospital rounds for his partner, plaintiff's orthopedic surgeon, Dr. Steven H. Fried.  Although Dr. Feierstein's name appeared twice in plaintiff's hospital chart, she claims

that she did not timely know that he was in any way responsible for her treatment because she never met him, was not advised that he would be "covering" for her treating doctor and because the brief and vague hospital chart references to Dr. Feierstein did not disclose his role in her care and treatment.

Two (2) years after the action was commenced and four (4) years after the alleged negligence, plaintiff moved to amend the complaint to name Dr. Feierstein, pursuant to R. 4:26-4.   The trial court denied the motion and the Appellate Division affirmed.   Affirming the Appellate Division, the New Jersey Supreme Court held that plaintiff's efforts to discover the role of all parties complicit in her injury were wholly inadequate.   The Court held that even a cursory look at the medical records would have uncovered Dr. Feierstein's status; thus alerting plaintiff to his role.   She had an obligation to investigate all potentially responsible parties in a timely manner but did not do so.   The New Jersey Supreme Court held that "Matynska failed to cross the due diligence threshold and thus the lower courts properly denied her the right to amend the complaint."

Similarly, in Yarchak v. Trek Bicycle Corporation, 208 F.Supp.2d 470 (D.N.J. 2002), this Court held that the plaintiff could not rely upon the fictitious party rule to name as defendants the component manufacturers of a bicycle where plaintiff inexplicably waited 1½ years after filing the complaint before naming the defendant.   In so doing, this Court held that a "plaintiff's duty to exercise ordinary or reasonable diligence in pursuing a products liability cause of action includes the responsibility to undertake steps to ascertain the specific identity of those business entities in the limited universe of potential defendants responsible for creating and distributing the allegedly defective product."

Monaco v. City of Camden, 2008 WL 408423 (D.N.J. 2008) was a §1983 false arrest case in which this Court again rejected a plaintiff's attempt to add a defendant two (2) years after the expiration of the statute of limitations, where just as in this case, the plaintiff failed to exercise due diligence in seeking to ascertain the fictitious defendants' actual identities.  In the two (2) years following the incidents giving rise to the plaintiff's cause of action in Monaco, his efforts to identify the individual defendants consisted almost exclusively of having filed a discovery request for police reports with the defendant, City of Camden.  The Court held that the City's failure to provide the police report, while "troubling," was not material, as a minimally diligent plaintiff and his attorney would have undertaken other efforts to identify the parties such as examining police officer photographs, speaking with witnesses, etc.

In this case, plaintiffs had photographic evidence of Pride's identity before the expiration of the statute of limitations and did not pursue it.  Moreover, after the expiration of the statute of limitations plaintiffs received a letter from a witness identifying Pride and did nothing with it for two (2) years.  While plaintiffs did subpoena Pride Mobility, several months after plaintiffs received the letter identifying Pride as one (1) of only three (3) potential manufacturers of the Lift Chair, the subpoena did not mention a fire or that it involved a lift chair.  Moreover, while plaintiffs had a photograph of the Lift Chair when they subpoenaed Pride, they did not provide it to Pride.  Significantly, when plaintiffs' counsel spoke with a Pride representative in 2007 about the subpoena, counsel failed to advise Pride that counsel had in their hands a photograph of the Lift Chair and a letter identifying Pride as one (1) of only three (3) potential manufacturers.

Rather, although with both a photograph and November 3, 2006 letter identifying Pride, plaintiffs waited until July 24, 2007, approximately nine (9) months from receipt of the November 6, 2006 letter identifying Pride, Invacare Corporation and Golden Technologies as the

possible manufacturers of the Lift Chair, to file a motion to add Invacare as a defendant, but not Pride or Golden Technologies.  Exh. C**.**

     As plaintiffs knew the true identity of Pride prior to the filing of their First Amended Complaint, and chose not join Pride to the action at that time, plaintiffs failed to meet the basic prerequisite for the applicability of the fictitious party rule: that the name of the defendant was not known at the time of filing the complaint.  *See* <u>Mears v. Sandoz</u>, 300 N.J.Super. 622, 693 A.2d 558, 563 (App. Div. 1997) ("[t]he first prerequisite to a fictitious name designation in a pleading is that the true identity of the defendant be 'unknown' to the plaintiff.")  Therefore, when Plaintiffs substituted in Invacare as the manufacturer of the Lift Chair in July 2007, while at the same time knowing Pride's name and that Pride was one (1) only there (3) potential manufacturers of the Lift Chair, the statute of limitations to substitute Pride for a fictitious party was no longer tolled and the claims against Pride were time-barred as of July 24, 2007.  *See* <u>Elballat v. Parc Harrison Condo Assoc.</u>, 2008 WL 4648270 (N.J.Super.A.D. 2008) ("[T]he fictitious names procedure authorized by *Rule* 4:26-4 will not indefinitely defer the running of the statute of limitations.")(citing <u>Johnston v. Muhlenberg Reg'l. Med. Ctr.</u>, 326 N.J.Super. 203 207-08, 740 A.2d 1122 (App.Div.1999)).

     In any event, Plaintiffs waited until December 2008, to finally depose an Invacare witness, a party it had sued approximately seventeen (17) months earlier, as well as Steven Deutsch, who sent the November 2006 letter to plaintiffs' counsel approximately twenty-five (25) months earlier, identifying Pride, Golden Technologies and Invacare as the potential manufacturers of the Lift Chair.  *See* Exhs. Q and T.  Twenty two (22) days after Invacare's deposition, on January 9, 2009, plaintiffs sued Pride in 2009.  *See* Exh. G.  These facts do not in

any way "cross the threshold of due diligence." [3]  *See also* <u>Mears v. Sandoz</u>, <u>supra.</u>, 693 A.2d at 563 (Plaintiff's failure to exercise due diligence precluded application of the fictitious party rule where he failed to make a simple inquiry at the job site, or obtain and review contractor meeting minutes or the relevant daily force report in his effort to identify the general contractor.); <u>Padilla v. Township of Cherry Hill</u>, 110 Fed.Appx. 272 (3d Cir. 2004) (Plaintiff failed to exercise due diligence where she never sought permission to take pre-filing depositions, never subpoenaed any information, and waited over 14 months after the defendants' names were made known to her, and 43 months after the incident before substituting their names into the complaint.)

Accordingly, Pride is entitled to summary judgment on the claims for personal injury, and wrongful death on the grounds that they are barred by the two (2) year statutes of limitation applicable to those claims, and plaintiffs do not get the benefit of the relation-back feature of New Jersey's fictitious party rule.

---

[3] It is anticipated that plaintiff's counsel will attempt to offer evidence regarding their "due diligence" to ascertain Pride's identity between the date of the fire and the time that Pride was finally named as a defendant five (5) years later.  It is important to note, however, that plaintiff has shielded from discovery, under the cloak of privilege, information regarding their efforts to identify Pride as a defendant.  *See e.g.* Exh. I, p. 32, ln. 23 – p. 33, ln. 12; p. 35, ln 6-19, p. 163, ln 11 – p. 164, ln. 3, p. 81, ln. 2 – 6; Exh. P.¶ 2, 3, 4.  As privilege may not be used as both a sword and a shield, any evidence now offered by counsel must be rejected by the Court, or Pride should able to depose counsel on their efforts.  <u>V. Mane Fils, S.A. v. International Flavors and Fragrance, Inc.</u>, 249 F.R.D.152 (D.N.J. 2008); <u>In re Human Tissue Products Liability Litigation</u>, 255 F.R.D.151 (D.N.J. 2008) ("[A] litigant cannot at one and the same time make use of those privileged communications which support his position while hoping to maintain that privilege as to those communications which undercut his legal position.)

**B. PRIDE HAS BEEN PREJUDICED BY PLAINTIFFS' INEXPLICABLE FIVE (5) YEAR DELAY IN NAMING PRIDE AS A DEFENDANT IN THIS ACTION BECAUSE DOCUMENTS AND RECORDS CRUCIAL TO PRIDE'S DEFENSE HAVE BEEN DESTROYED**

An additional factor, though not a requirement, in determining the applicability of R. 4:26-4 is whether the delay in amending the complaint prejudiced the newly-named defendant. *See* Derienzo v. Harvard Industries, Inc., supra., 357 F.3d at 353-354; Mears v. Sandoz Pharmaceuticals, Inc., supra, 693 A.2d at 562 ("Although not a requirement in fictitious party practice, a court should consider whether a defendant has been prejudiced by a plaintiff's failure to name the defendant earlier or whether a defendant has relied upon the lapse of time prior to being named.")

While this Court need not even reach a prejudice analysis, as the record is void of any due diligence by plaintiffs to timely sue Pride, the undisputed fact is that Pride has been irreparably prejudiced in the defense of this case.

Indeed, plaintiffs sought discovery from Pride regarding its design, manufacturing, testing, etc. of the Lift Chair, which was allegedly manufactured in 2000. Pride, however, has a seven (7) year document retention policy. *See* Burns Aff. Plaintiffs served Pride Mobility with interrogatories and document requests seeking, among other things, information regarding sales to TGC/Take Good Care, and information regarding the design, testing and manufacturing of lift chairs, as well as identification of the Lift Chair. While Pride Mobility has been able to produce some historical sales, testing, design and manufacturing documents/information, information has also been destroyed. If plaintiffs had timely sued Pride Mobility, Pride Mobility would have had more information to produce, which would form the basis for its defenses in this case. *See* Burns Aff.

On April 17, 2009, plaintiffs served Pride with a Request For Admissions regarding whether it was the manufacturer of the Lift Chair.  Based upon information available to it, Pride denied the allegations.  *See* Exh. V.

On August 5, 2009 and March 10, 2010, plaintiffs conducted the deposition of Michael Zablocky of Pride Mobility.  During his deposition, Mr. Zablocky was extensively questioned on product identification issues.  Based upon information available to Mr. Zablocky, he denied that the remnants of the Lift Chair were from a Pride product.  *See e.g* Exh. BB, pp. 147-154, 162-164, 192-217.  Incredibly, plaintiffs did not produce a legible copy of the photograph of Rose Prystowsky, until requested by Pride Mobility, after plaintiffs served their Requests for Admissions and completed the deposition of Michael Zablocky.  *See* Exh. S, Exh. W, Exh. X.  Thereafter, plaintiffs' counsel tried to impugn Mr. Zablocky's credibility to the Court on the product identification issue based upon the photograph produced after Mr. Zablocky's deposition.  *See* Exh. W; Exh. X.[4]  Such gamesmanship in discovery must not be countenanced and serves to underscore the palpable and irreparable prejudice foisted upon Pride due to plaintiffs' lack of due diligence.  What is astonishing is how counsel has attempted to transmogrify its lack of due diligence as a sword against Pride in this case.

Of course, Mr. Zablockly's memory of events, as well as those of the three (3) other witnesses produced by Pride would have been better had Pride been sued prior to the expiration of the statute of limitations in 2004, or in 2006, when plaintiffs received the letter identifying Pride.  Indeed, Pride's witnesses would have had more documents and information available to

---

[4] Incredibly, after producing a legible copy of the photograph, after Mr. Zablocky's deposition, plaintiffs' counsel then used the photograph to interrogate three (3) other Pride witnesses.  *See* Exh. DD, pp. 58-67; Exh. EE, pp. 118-121, 133-142; Exh. FF, pp. 157-160.

them to prepare for deposition because they would not have otherwise been destroyed as part of Pride's regular business practices.

New Jersey courts have noted certain factors where substitution of a newly-named defendant would cause substantial prejudice.  These include destruction or alteration of evidence after the initial discovery period, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay.  Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 299 A.2d 394 (1973); Mears, supra. 300 N.J. Super. at 631 ("There cannot be any doubt that a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run."); Johnston v. Muhlenberg Reg'l Med. Ctr., 326 N.J. Super. 203, 208, 740 A.2d 1122, 1125 (App. Div. 1999) (Defendant to be added to case "was prejudiced by the passage of time, even if only in the context of her right to repose… the hiatus of about a year between discovery of her identity and service of the complaint upon her only magnified the prejudice."  Plaintiff not permitted to substitute doctor for fictitious party where more than thirty-nine (39) months elapsed from the date the cause of action accrued.)

Here, Pride was brought into this case approximately sixty (60) months after the cause of action accrued, approximately thirty-six (36) months after that statute of limitations expired, and approximately twenty-six (26) months after plaintiffs received a letter identifying Pride as a potential manufacturer of the chair.  Moreover, during this entire period of time, plaintiffs possessed a photograph identifying Pride.

Thus, for all of the reasons discussed above, Pride has been prejudiced in fact, and as a matter of law, as a result of the passage of time.  Accordingly, Pride's motion for partial summary judgment dismissing plaintiffs' claims for personal injury and wrongful death should be granted in its entirety.

## POINT II

**The Entire Action Against Pride Must Be Dismissed On the Grounds That Plaintiffs Failed to Seek Leave of Court to Amend the Complaint to Name Pride as a Defendant and Submit the Required Motion and Affidavit, as Mandated by New Jersey Court Rule 4:26-4**

The Second Amended Complaint as against Pride must be dismissed as procedurally improper because plaintiffs failed to seek leave of Court to amend their complaint to name Pride as a defendant, and submit the required affidavit, as required by Federal Rule 15 (c) and New Jersey Court Rule 4:26-4. Plaintiffs' gross violation of this required procedure for adding defendants after the expiration of the statute of limitations renders the Second Amended Complaint against Pride a nullity. As such, the Court lacks personal jurisdiction over Pride.

As set forth above, a procedural prerequisite under New Jersey Rule 4:26-4, to substitute an actual defendant for a fictitious party, is that a "Plaintiff shall, on motion, prior to judgment, amend the complaint to state the defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained." *See* Yarchak, supra., 208 F.Supp.2d at 489; Mitchell v. Englewood Hospital and Medical Center Foundation, Inc., 2007 WL 528015 (App. Div. 2007 ) (Plaintiff's filing an "amendment" of his complaint was procedurally invalid and a nullity as he neither moved to amend the complaint in accordance with Rule 4:26-4, nor filed an affidavit setting forth the manner in which he identified the true identities of the "John Doe" defendants.)

In this case, plaintiffs filed a "consent order" which states that no party objects to the filing of a Second Amended Complaint against Pride. *See* Exh. F. Obviously, nobody on Pride's behalf had the opportunity to contest plaintiffs' Consent Order as Pride was not put on notice of the claims against it until on or about January 13, 2009, over five (5) years after the fire, when Pride received Plaintiffs' Second Amended Complaint. *See* Exh. G. Plaintiffs knew the

requirements of R. 4:26-4 because they followed the procedure when they moved to add Invacare as a defendant on July 24, 2007.  *See* Exhs. C and E.

Why Plaintiffs attempted to circumvent the requirements of R. 4:26-4 with respect to the Second Amended Complaint only their lawyers can answer.  To be sure, however, the absence of the required affidavit outlining how the plaintiffs ultimately identified Pride and Golden Technologies as the manufacturers of the Lift Chair is particularly disturbing as plaintiffs' counsel in 2007 unequivocally affirmed to the Court "Plaintiffs now have sufficient information to implead Invacare as the manufacturer of the chair."  *See* Exh. C.  This issue is magnified by plaintiffs' September 9, 2009 answers to interrogatories which state "plaintiff did not conclude that Invacare Corp. was the manufacturer of the chair."  *See* Exh. P., ¶ 2

Nevertheless, plaintiffs did not file a motion to amend the complaint to add Pride, as required by R. 4:26-4.  Plaintiffs were required to, but did not file an affidavit setting forth the manner in which they ultimately identified Pride and Golden Technologies as the true identities of the "John Doe" defendants referred to in the state court complaint, as required by R. 4:26-4.  Plaintiffs were required to, but did not file a proposed pleading, as required by R. 4:26-4.  Moreover, and as set forth above, plaintiffs were required to, but did not act with due diligence to ascertain Pride's identity before and after the filing of the state court complaint.

Plaintiffs' improper attempt to add Pride Mobility as a defendant to this action without seeking leave of the Court or submitting the required affidavit renders the amendment of the complaint as against Pride null and void.  Therefore, Pride was never a defendant in the action and the Court lacks personal jurisdiction over Pride.  Accordingly, the Second Amended Complaint against Pride Mobility must be dismissed accordingly.

## <u>CONCLUSION</u>

In view of all the foregoing, defendant/third-party plaintiff, Pride Mobility Products Corp., respectfully requests that the Court enter an Order granting Pride's motion for summary judgment in all respects, and for such other and further relief as this Court may deem just, equitable and proper.

Dated: November 24, 2010

**MIRANDA SAMBURSKY SLONE**
**SKLARIN VERVENIOTIS LLP**

**s/ Neil L. Sambursky**

_____
Neil L. Sambursky (NLS-8520)
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Attorneys for Defendant
PRIDE MOBILITY PRODUCTS CORP.