IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

_____

Civil Action No. 2:07-cv-00072-SDW-MCA

STEPHEN D. PRYSTOWSKY, ERIC N. PRYSTOWSKY AND MICHAEL
PRYSTOWSKY, the Executors of the Estate of Dr. Milton
Prystowsky, and STEPHEN D. PRYSTOWSKY AND ERIC N. PRYSTOWSKY,
the Executors of the Estate of Dr. Rose Prystowsky,

v.

TGC STORES, INC., ADT SECURITY SERVICES, INC., PRIDE MOBILITY
PRODUCTS CORP. and JOHN DOES 4 - 10,

_____

PRIDE MOBILITY PRODUCTS CORP.,

v.

DEWERT MOTORIZED SYSTEMS, PHOENIX MECANO, INC. and JOHN DOES 1 -
10,

_____

BRIEF OF PLAINTIFFS/RESPONDENTS,
STEPHEN D. PRYSTOWSKY, ERIC N. PRYSTOWSKY AND MICHAEL
PRYSTOWSKY, IN SUPPORT OF RESPONSE IN OPPOSITION TO THE NOTICE
OF MOTION FOR 28 U.S.C. § 1292(b) CERTIFICATION AND STAY OF
PROCEEDINGS BY DEFENDANT, PRIDE MOBILITY PRODUCTS CORP., AND BY
THIRD-PARTY DEFENDANTS, DEWERT MOTORIZED SYSTEMS
AND PHOENIX MECANO, INC.

_____

MOTION DAY MAY 16, 2011

7081099v1

Deborah A. Crinigan, Esq.
Alan J. Charkey, Esq.
**WHITE AND WILLIAMS LLP**
LibertyView
457 Haddonfield Road,
Suite 400
Cherry Hill, N.J. 08002-2220
(856) 317-3600
facsimile (856) 317-1342

Attorneys for
Plaintiffs/Respondents,
Stephen D. Prystowsky, Eric
N. Prystowsky and Michael
Prystowsky, the Executors of
the Estate of Dr. Milton
Prystowsky, and Stephen D.
Prystowsky and Eric N.
Prystowsky, the Executors of
the Estate of Dr. Rose
Prystowsky

## TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................. 1

I.   INTRODUCTION............................................. 4

II.  SECTION 1292(b)......................................... 4

   A.   A Controlling Question of Law....................... 7

   B.   Substantial Ground For Difference of Opinion........... 8

   C.   Materially Advance the Ultimate Termination of the
        Litigation......................................... 9

III. INTERLOCUTORY APPEALS FROM DENIALS OF MOTIONS FOR SUMMARY
     JUDGMENT.............................................. 10

IV.  ARGUMENT............................................... 11

   A.   The Elements of Section 1292(b) Are Inapplicable....... 11

   B.   Certification Would Be Futile, Because The Third Circuit
        Would Not Hear the Appeal.......................... 15

   C.   The Court's Order of March 23 Was A Valid Exercise of
        Discretion......................................... 16

   D.   Movants' Cited Cases Are Inapposite.................... 16

V.   CONCLUSION............................................. 20

## TABLE OF AUTHORITIES

### CASES

*Arista Records, Inc. v. Flea World, Inc.,* 2006 WL 2882990
(D.N.J. 2006) ................................ 7, 9, 10, 12, 16

*Bachowski v. Usery,* 545 F.2d 363 (3d Cir. 1976)............... 6

*Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 75 S.Ct.
249, 99 L.Ed. 233 (1955) .................................... 6

*Beazer East, Inc. v. Mead Corp.,* 525 F.3d 255 (3d Cir. 2008). 10,
15

*Boeing Company v. International Union,* 370 F.2d 969 (3d Cir.
1967) ................................................... 11, 15

*Carroll v. Setcon Industries, Inc.,* 2011 WL 736478 (D.N.J. Feb.
23, 2011) ................................................... 13

*Chambers Development Co. v. Passaic County Utilities Authority,*
62 F.3d 582 (3d Cir. 1995) ............................... 10, 15

*Colacicco v. Apotex Inc.,* 521 F.3d 253 (3d Cir. 2008)........ 17

*Cummins v. EG & G Sealol, Inc.,* 697 F. Supp. 64 (D.R.I. 1988). 9,
18

*DeRienzo v. Harvard Industries, Inc.,* 357 F.3d 348 (3d Cir.
2004) .......................................... 12, 13, 16

*Eisai Inc. v. Sanofi-Aventis U.S., LLC,* 2010 WL 3636256 (D.N.J.
2010) ................................................... 17

*Florence v. Board of Chosen Freeholders of the County of
Burlington,* 657 F. Supp.2d 504 (D.N.J. 2009) ............... 17

*Gardner v. Westinghouse Broadcasting Co.,* 559 F.2d 209 (3d Cir.
1977) ................................................... 6

*Hart v. Overseas National Airways, Inc.,* 541 F.2d 386 (3d Cir.
1976) ................................................... 11, 15

*Harter v. GAF Corp.,* 150 F.R.D. 502 (D.N.J. 1993).... 6, 8, 9, 14

*Hook v. Hook & Ackerman, Inc.,* 213 F.2d 122 (3d Cir. 1954) 11, 15

*Huber v. Howmedica Osteotonics,* 2009 WL 2998160 (D.N.J. 2009). 17

Hulmes v. Honda Motor Co., Ltd., 936 F. Supp. 195 (D.N.J. 1996)
.................................. 7, 8, 9, 10, 12, 18, 20

In re Duplan Corp., 591 F.2d 139 (2d Cir. 1988).............. 10

In re Dwek, 2010 WL 234938 (D.N.J. 2010)..................... 18

Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996 (D.N.J. 1996).. 8,
10, 15

Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974)... 5, 7,
15, 17

Knipe v. SmithKline Beecham, 583 F. Supp.2d 553 (E.D. Pa. 2008)
.................................................... 17

Link v. Mercedes-Benz of North America, Inc., 550 F.2d 860 (3d
Cir. 1977) ................................................. 7

Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280 (E.D. Pa. 1983). 6

McNellis ex rel DeAngelis v. Pfizer, Inc., 2006 WL 2819046
(D.N.J. 2006) .............................................. 17

New Jersey Protection & Advocacy, Inc. v. New Jersey Department
of Education, 2008 WL 4692345 (D.N.J. 2008) .............. 6, 17

New Jersey, Dept. of Treasury, Div. of Investment v. Fuld, 604
F.3d 816 (3d Cir. 2010) ................................... 17

O'Keefe v. Snyder, 83 N.J. 478 (1980)....................... 13

Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319 (E.D. Pa.
1994) .................................................. 9, 19

P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.
Supp.2d 355 (D.N.J. 2001) ................................... 8

Patrick v. Dell Financial Services, 366 B.R. 378 (M.D. Pa. 2007)
.................................................... 18

Payton v. N.J. Turnpike Authority, 148 N.J. 524 (1997)........ 19

Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800 (2d
Cir. 1960) ................................................. 11

Popular Leasing U.S.A., Inc. v. Forman, 2009 WL 2969519 (D.N.J.
2009) .................................................. 18

Royal Ins. Co. v. K.S.I. Trading Co., 2006 WL 1722358 (D.N.J. 2006) ................................................... 8, 17

Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 87 S.Ct. 193 (1966) ......................... 6, 11

Tonic v. American Casualty Company, 413 N.J. Super. 458 (App. Div. 2010) ................................................ 13

Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 494 F. Supp. 1190 (E.D. Pa. 1980) ................................. 17

## STATUTES

15 U.S.C. § 14 ............................................... 17

15 U.S.C. § 2 ................................................ 17

15 U.S.C. § 72 ............................................... 17

20 U.S.C. § 1400 ............................................. 17

21 U.S.C. § 301 .............................................. 17

28 U.S.C. § 1292(b) 1, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20

29 U.S.C. § 701 .............................................. 17

N.J.S.A. § 2A:14-1 ........................................... 14

## RULES

Rule 110.1 of the Third Circuit Local Appellate Rules ........ 18

Rule 2:12A-1 of the New Jersey Rules of Court ................ 18

Rule 2:12A-3 of the New Jersey Rules of Court ................ 19

Rule 2:12A-6 of the New Jersey Rules of Court ................ 19

Rule 23 of the Federal Rules of Civil Procedure .............. 17

Rule 4:26-4 of the New Jersey Rules of Court ...... 11, 12, 13, 16

## CONSTITUTIONAL PROVISIONS

Fourth Amendment of the United States Constitution ........... 17

In support of their Response in Opposition to the Motions by Defendant, Pride Mobility Products Corp., and by Third-Party Defendants, Dewert Motorized Systems, Inc. and Phoenix Mecano, Inc., for 28 U.S.C. § 1292(b) Certification and Stay of Proceedings, Plaintiffs, Stephen D. Prystowsky, Eric N. Prystowsky and Michael Prystowsky, the Executors of the Estate of Dr. Milton Prystowsky, and Stephen D. Prystowsky and Eric N. Prystowsky, the Executors of the Estate of Dr. Rose Prystowsky, by and through their attorneys White and Williams, LLP, submit the instant Brief.

## I.   <u>INTRODUCTION</u>

After the extensive briefing with respect to Movants' prior Motions for Summary Judgment, and lengthy oral argument, Movants, dissatisfied with the outcome, now seek the Court's certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Movants are not entitled to the requested relief. They have misstated the standards governing their Motions and have failed to present the Court with any cogent reason as to why an interlocutory appeal would be desirable, or would even be heard by the Court of Appeals.

## II.   <u>SECTION 1292(b)</u>

The standards governing whether a District Court may grant an interlocutory appeal appear in 28 U.S.C. § 1292(b), which provides as follows:

-4-

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

As the court explained in <u>Katz v. Carte Blanche Corp.</u>, 496 <u>F.2d</u> 747 (3d Cir. 1974),

The statute imposes three criteria for the district court's exercise of discretion to grant a § 1292(b) certificate. The order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.' Significantly, while the district judge must certify that the order satisfies the three criteria, the discretion to grant leave to appeal at the circuit level is not limited by any specific criteria.

<u>Id.</u> at 754. "The purposes of § 1292 are narrow. The statute recognizes the necessity 'to permit litigants to effectively challenge interlocutory orders of serious, perhaps irreparable, consequence.'" <u>Gardner v. Westinghouse Broadcasting Co.</u>, 559

F.2d 209, 212 (3d Cir. 1977), quoting Baltimore Contractors, Inc. v. Bodinger, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955).

Although the certification procedure is available, it is disfavored.  Under federal law, there is a strong presumption against granting interlocutory review under Section 1292(b):

> When evaluating the [section 1292(b)] factors, the court must remember that certification is generally not to be granted. Section 1292(b) was created as a means by which courts could, under a limited set of circumstances, avoid problems created by the final judgment rule; Section 1292(b) was not designed to circumvent the general rule against piecemeal litigation.

Harter v. GAF Corp., 150 F.R.D. 502, 517 – 18 (D.N.J. 1993), quoting Max Daetwyler Corp. v. Meyer, 575 F. Supp. 280, 282 (E.D. Pa. 1983).  (Bracketed material supplied by the Harter court.)  "Unlike some state procedures, federal law expresses the policy against piecemeal appeals."  Switzerland Cheese Association, Inc. v. E. Horne's Market, Inc., 385 U.S. 23, 24, 87 S.Ct. 193, 195 (1966).  In fact, a District Court may deny certification for an interlocutory appeal even if all the factors under Section 1292(b) are present.  Harter v. GAF Corp., 150 F.R.D. at 517; Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); New Jersey Protection & Advocacy, Inc. v. New Jersey Department of Education, 2008 WL 4692345, *2 (D.N.J. 2008).  "Interlocutory appeal under § 1292(b) is used sparingly in

exceptional cases." <u>Hulmes v. Honda Motor Co., Ltd.</u>, 936 <u>F. Supp.</u> 195, 208 (D.N.J. 1996).  (Citation omitted.)

The three elements of Section 1292(b) have each been the subject of additional case law.

A.    <u>A Controlling Question of Law</u>

Section 1292(b)'s requirement that an interlocutory appeal involve a controlling question of law means more than that the moving party questions the correctness of the District Court's ruling.  "A question is 'controlling' if its incorrect disposition would require reversal of the final judgment. <u>Katz v. Carte Blanche Corp.</u> . . . . [A] 'controlling' question under § 1292(b) must also be a question 'of law'. . . . " <u>Hulmes v. Honda Motor Co., Ltd.</u>, *supra*, 936 <u>F. Supp.</u> at 208.  "Courts in this District have held that, although a question may appear to be a controlling question of law, questions about a district court's application of the facts of a case to established legal standards are not controlling questions of law for purposes of Section 1292(b)." <u>Arista Records, Inc. v. Flea World, Inc.</u>, 2006 WL 2882990, *2 (D.N.J. 2006), <u>citing</u>, *inter alia*, <u>Link v. Mercedes-Benz of North America, Inc.</u>, 550 <u>F.2d</u> 860, 863 (3d Cir. 1977).  The requirement of a controlling question of law

> was never intended to put before the courts
> of appeals . . . [the] type of 'legal'
> question, in which the exercise of the
> district court's discretion is necessarily
> intertwined with its understanding of the

> facts of the case, before the factual record
> has been fully developed by the district
> court.

Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1002 (D.N.J.
1996).

### B. Substantial Ground For Difference of Opinion

As the court in Hulmes v. Honda Motor Co., *supra*, pointed
out, "A party's disagreement with the district court's ruling
does not constitute a 'substantial ground for difference of
opinion' within the meaning of § 1292(b).  Rather, the
difference of opinion must arise out of genuine doubt as to the
correct legal standard."  936 F. Supp. at 208.  "'[A]
substantial ground for difference of opinion' does not refer to
a difference of opinion between the court and the party seeking
certification."  Harter v. GAF Corp., *supra*, 150 F.R.D. at 518.
"It is not sufficient for the movant merely to disagree with an
adverse ruling of the district court."  P. Schoenfeld Asset
Management LLC v. Cendant Corp., 161 F. Supp.2d 355, 358 (D.N.J.
2001).

"[T]he 'difference of opinion' must arise out of genuine
doubt as to the correct legal standard."  Kapossy v. McGraw-
Hill, Inc., *supra*, at 1001.  The difference of opinion may also
arise from conflicting precedent as to the correct legal
standard.  Royal Ins. Co. v. K.S.I. Trading Co., 2006 WL
1722358, *3 (D.N.J. 2006).  In such instances, "[t]he difference

–8–

of opinion must be legally significant (e.g., multiple courts disagree as to the applicable legal standard), not merely a difference of opinion as to the court's discretionary findings or conclusions." Arista Records, Inc. v. Flea World, Inc., *supra*, at *3. Furthermore, the mere repetition of arguments made at the summary judgment stage does not establish a difference of opinion. Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 322 (E.D. Pa. 1994).

"[I]t is improper to certify a question of state law to the United States Court of Appeals for interlocutory review." Hulmes v. Honda Motor Company, Ltd., *supra*, 936 F. Supp. at 210, quoting Cummins v. EG & G Sealol, Inc., 697 F. Supp. 64 (D.R.I. 1988). The Court of Appeals would be in no better a position to address a question of state law than would the District Court, and would likely certify the question to the state Supreme Court, resulting in a circuitous, inefficient delay. Id.

## C.   Materially Advance the Ultimate Termination of the Litigation

With regard to the third and final element of the § 1292(b) test, "[t]ypically, section 1292(b) is applied in situations where, if the trial court decision were reversed on appeal, the litigation would then end." Harter v. GAF Corp., *supra*, 150 F.R.D. at 518. (Citations omitted.) "One 'critical requirement [is] that [an interlocutory appeal] have the potential for

-9-

substantially accelerating the disposition of the litigation.'"
Arista Records, Inc. v. Flea World, Inc., *supra*, at *5, quoting
In re Duplan Corp., 591 F.2d 139, 148 n. 11 (2d Cir. 1988).
(Bracketed material supplied by the Arista court.)

When a case is in a procedurally advanced stage, after
discovery has been closed, the third element of § 1292(b) cannot
be met.  Kapossy v. McGraw-Hill, Inc., *supra*, 942 F. Supp. at
1004.  "[I]nterlocutory appeal at this time will not materially
advance the litigation, but rather, will result in further
delay."  Id.  See also Hulmes v. Honda Motor Co., Ltd., *supra*,
936 F. Supp. at 211.

## III.  INTERLOCUTORY APPEALS FROM DENIALS OF MOTIONS FOR SUMMARY JUDGMENT

Aside from Section 1292(b), the instant case also
implicates more general principles, well-settled in this
Circuit, regarding interlocutory appeals.  An order of a
District Court which denies a motion for summary judgment is not
immediately appealable.  Beazer East, Inc. v. Mead Corp., 525
F.3d 255, 262 (3d Cir. 2008).  Categorically, the Third Circuit
"will not review an order denying a motion for summary
judgment."  Chambers Development Co. v. Passaic County Utilities
Authority, 62 F.3d 582, 584 (3d Cir. 1995).  "[T]he denial of a
motion for summary judgment is not appealable."  Hart v.
Overseas National Airways, Inc., 541 F.2d 386, 394 (3d Cir.

1976).  "It is settled law that ordinarily a denial of a motion
for summary judgment is not an appealable order." <u>Hook v. Hook
& Ackerman, Inc.</u>, 213 <u>F.2d</u> 122, 128 (3d Cir. 1954).  <u>See also</u>
<u>Boeing Company v. International Union</u>, 370 <u>F.2d</u> 969, 970 (3d
Cir. 1967), <u>citing</u>, *inter alia*, <u>Switzerland Cheese Association,
Inc. v. E. Horne's Market, Inc.</u>, *supra*.

> A district judge's orders advancing a case
> to trial ought not to be critically examined
> and re-examined by the cumbersome method of
> appeal before he has approached the stage of
> adjudication.  *  *  *  I believe this an
> intolerable burden for us, an improper and
> uncertain interference with trial court
> discretion, and a confusing invitation to
> indiscriminate appeals in the future – all
> contrary to settled federal law against
> piecemeal appeals.

<u>Switzerland Cheese Association, Inc.</u>, 385 <u>U.S.</u> at 25 n. 3, 87
<u>S.Ct.</u> at 195 n. 3, <u>quoting</u> <u>Peter Pan Fabrics, Inc. v. Dixon
Textile Corp.</u>, 280 <u>F.2d</u> 800, 805 – 06 (2d Cir. 1960) (Clark, J.,
dissenting).

IV.  **<u>ARGUMENT</u>**

    A.  **<u>The Elements of Section 1292(b) Are Inapplicable.</u>**

An order certifying this case for an interlocutory appeal
to the Court of Appeals would comport with none of the elements
of the Section 1292(b) test.

Movants' attempt at appeal does not involve a controlling
question of law.  That New Jersey's fictitious defendant rule,
<u>Rule</u> 4:26-4, supplies the legal standard for the joinder of

Movants, is undisputed.  What Movants dispute is how the Court applied the facts of this case to that legal standard.  That, however, does not satisfy the first element of the test. "[Q]uestions about a district court's application of the facts of a case to established legal standards are not controlling questions of law for purposes of Section 1292(b)." Arista Records, Inc. v. Flea World, Inc., *supra*, at *2.

For similar reasons, this case does not involve a substantial difference of opinion as to a question of law.  The law, Rule 4:26-4, has not been the subject of conflicting opinions by different courts.  The various opinions construing the Rule do not digress as to the requisite elements of diligence and lack of prejudice.  See, *e.g.*, DeRienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004).  That the reported opinions may differ as to the *outcome* – as to whether a party was properly joined after the passing of the statute of limitations – is not an appropriate basis for interlocutory review.  Hulmes v. Honda Motor Co., *supra*.  Accordingly, how the Court applied the facts of the instant case to the accepted standards of Rule 4:26-4 does not entitle Movants to their requested certification.[1]  Id.

---

[1] While Movants take note of the court's observation in DeRienzo that "New Jersey appellate courts have taken different approaches to the issue of prejudice resulting from time delay," 357 F.3d at 356, n. 14, Movants themselves now strenuously

Indeed, discretion is the very foundation of Rule 4:26-4, because under the rule "the meaning of due diligence will vary with the facts of each case."  DeRienzo, 357 F.3d at 354, citing, *inter alia*, O'Keefe v. Snyder, 83 N.J. 478, 499 (1980). The irony of the instant Motions is that Movants seek to appeal the District Court's exercise of discretion with regard to a legal standard which *requires* the exercise of discretion.  That, in Movants' eyes, the Court "got it wrong" through that exercise does not satisfy the "substantial difference" element.[2]   No substantial difference of opinion is involved.

The third element of Section 1292(b), that interlocutory appeal materially advance the ultimate termination of the litigation, could never be met here.  Even if Movants were

---

insist that prejudice is not an essential component of the New Jersey fictitious-party rule.  If true, any variations among the New Jersey appellate courts as to whether, or why, a defendant joined under Rule 4:26-4 had suffered prejudice would be immaterial.  Under Movants' reasoning - that prejudice is not a required element of Rule 4:26-4 - those variations could not result in "a controlling question of law as to which there is substantial ground for difference of opinion":  The question of prejudice would not be controlling, and any variations would thus, by definition, be insubstantial.

[2] Plaintiffs also note that since the submission of the papers in Movants' Motions for Summary Judgment, Judge Wolfson of the Trenton vicinage has held that under Rule 4:26-4, summary judgment should not be granted on the question of a plaintiff's due diligence unless no rational factfinder could resolve the issue in the plaintiff's favor.  Carroll v. Setcon Industries, Inc., 2011 WL 736478, *9 (D.N.J. Feb. 23, 2011), quoting Tonic v. American Casualty Company, 413 N.J. Super. 458, 474 (App. Div. 2010).

successful, and even if the Court of Appeals reversed the Court, holding that the two-year statute of limitations barred Plaintiffs' personal injury claims, Movants would still have to defend themselves at trial as to Plaintiffs' considerable property damage claims.  Under the six-year statute of limitations, N.J.S.A. § 2A:14-1, Plaintiffs' property damage claims are undisputedly timely.  Moreover, ADT, which is not party to the instant Motions, would remain a defendant, and a trial would still be held, as to ADT and as to Movants as to Plaintiffs' property damage claim.  "Typically, section 1292(b) is applied in situations where, if the trial court decision were reversed on appeal, the litigation would then end." Harter v. GAF Corp., *supra*, 150 F.R.D. at 518.  In the instant case, if the Court of Appeals reversed the District Court, the litigation would not end.  It would continue, entailing the expenditure of exactly the same resources by the same parties and by the Court as if the reversal had never occurred.  Under such a scenario, the objectives of Section 1292(b) – of bringing litigation to a prompt conclusion – would be poorly served.

Plaintiffs also note that under Judge Arleo's final Revised Pre-Trial Scheduling Order of June 10, 2010, fact discovery closed on July 17, 2010.  Plaintiffs' expert disclosures were made on September 1, 2010; Movants' experts completed their examination of Plaintiffs' exemplars on October 12, 2010; and

-14-

Movants produced their expert disclosures between January 14 and
31, 2011.  The instant case is thus a procedurally advanced
case, during which an interlocutory appeal would only cause
delay rather than expeditious resolution.  Kapossy v. McGraw-
Hill, Inc., *supra*, 942 F. Supp. at 1004.

   **B.   Certification Would Be Futile, Because The Third
          Circuit Would Not Hear the Appeal.**

        Certifying this case for interlocutory review would be all
the more pointless given the Third Circuit's strong prejudice
against hearing such appeals.  Interlocutory appeal requires not
only that the District Court certify the appeal under Section
1292(b), but that the Court of Appeals agree to hear it.
Section 1292(b); Katz v. Carte Blanche Corp., *supra*, 496 F.2d at
754.  In the instant case, certification under Section 1292(b)
would be an exercise in futility.  Absent the most extraordinary
circumstances, the Third Circuit will decline to hear the
interlocutory appeal from an order denying a motion for summary
judgment.  Beazer East, Inc. v. Mead Corp.; Chambers Development
Co. v. Passaic County Utilities Authority; Hart v. Overseas
National Airways, Inc.; Boeing Company v. International Union;
Hook v. Hook & Ackerman, Inc., *supra*.  Those circumstances are
singularly absent from the instant case.

**C.**   **The Court's Order of March 23 Was A Valid Exercise of Discretion.**

As noted above, the trial court's discretion is the touchstone of Rule 4:26-4.  "[T]he meaning of due diligence will vary with the facts of each case." DeRienzo, 357 F.3d at 354. Although in response to the motions for summary judgment the Court on March 23 found that Plaintiffs could have handled matters differently, the Court did not find a lack of due diligence by Plaintiffs, echoing the Third Circuit in DeRienzo, which found that "[w]hile he might have done more, . . . DeRienzo satisfied the due diligence requirements under New Jersey Rule 4:26-4."  357 F.3d at 356.

To qualify for certification under Section 1292(b), "the difference of opinion must be legally significant (e.g., multiple courts disagree as to the applicable legal standard), not merely a difference of opinion as to the court's discretionary findings or conclusions." Arista Records, Inc., *supra*.  Movants merely take issue with the Court's discretionary findings.  Movants are not entitled to appeal.

**D.**   **Movants' Cited Cases Are Inapposite.**

The cases which Movants cite supporting their motion are all easily distinguishable from the instant case.  All either involved interlocutory appeals from orders *granting* summary

judgment[3] and/or involved questions of federal, rather than
state, law.[4]  Three of Movants' cited cases[5] involved bankruptcy
proceedings.

_____

[3] <u>Florence v. Board of Chosen Freeholders of the County of
Burlington</u>, 657 <u>F. Supp.2d</u> 504 (D.N.J. 2009), <u>rev'd</u> 621 <u>F.3d</u> 296
(3d Cir. 2010), <u>cert. granted</u> 2011 WL 202772 (U.S. April 4,
2011); <u>Royal Ins. Co. v. K.S.I. Trading Co.</u>, 2006 WL 1722358
(D.N.J. 2006); and <u>Zenith Radio Corp. v. Matsushita Elec. Indus.
Co., Ltd.</u>, 494 <u>F. Supp.</u> 1190 (E.D. Pa. 1980).

[4] <u>New Jersey, Dept. of Treasury, Div. of Investment v. Fuld</u>, 604
<u>F.3d</u> 816 (3d Cir. 2010) (on whether, following Lehman Brothers'
collapse, state's claims under state and federal securities laws
could properly be remanded to state court); <u>Katz v. Carte
Blanche Corp.</u>, 496 <u>F.2d</u> 747 (3d Cir. 1974) (on certification of
class action by more than 700,000 credit-card holders under <u>Rule</u>
23 of the Federal Rules of Civil Procedure); <u>Eisai Inc. v.
Sanofi-Aventis U.S., LLC</u>, 2010 WL 3636256 (D.N.J. 2010)
(regarding a distributor's claims against a pharmaceutical
manufacturer under the Sherman and Clayton Anti-Trust Acts, 15
<u>U.S.C.</u> § 2 and 15 <u>U.S.C.</u> § 14); <u>Florence v. Board of Chosen
Freeholders of the County of Burlington</u>, *supra* (on
constitutionality under Fourth Amendment of strip search of
suspect allegedly arrested without reasonable suspicion); <u>Huber
v. Howmedica Osteotonics</u>, 2009 WL 2998160 (D.N.J. 2009) (on
whether the federal Medical Device Amendments of 1976 pre-empted
the plaintiff's warranty claim); <u>Knipe v. SmithKline Beecham</u>,
583 <u>F. Supp.2d</u> 553 (E.D. Pa. 2008) (on whether the labeling
requirements of the federal Food, Drug, and Cosmetic Act, 21
<u>U.S.C.</u> § 301, *et seq.*, pre-empt state tort law); <u>McNellis ex
rel. DeAngelis v. Pfizer, Inc.</u>, 2006 WL 2819046 (D.N.J. 2006),
<u>rev'd by Colacicco v. Apotex Inc.</u>, 521 <u>F.3d</u> 253 (3d Cir. 2008),
<u>vacated by Colacicco v. Apotex, Inc.</u>, 129 <u>S.Ct.</u> 1578, 173
<u>L.Ed.2d</u> 672 (U.S. 2009) (also on federal labeling standards for
pharmaceuticals); <u>New Jersey Protection & Advocacy, Inc. v. New
Jersey Department of Education</u>, 2008 WL 4692345 (D.N.J. 2008)
(on the alleged violation of the rights of disabled children
under the Individuals with Disabilities Education Act, 20 <u>U.S.C.</u>
§ 1400, *et seq.*, and the Rehabilitation Act, 29 <u>U.S.C.</u> § 701, *et
seq.*); and <u>Zenith Radio Corp. v. Matsushita Elec. Indus. Co.,
Ltd.</u>, 494 <u>F. Supp.</u> 1190 (E.D. Pa. 1980) (noting substantial
difference of opinion among courts in construing the Anti-
Dumping Act of 1916, 15 <u>U.S.C.</u> § 72).

Movants' cases only confirm that the Third Circuit will not hear interlocutory appeals from denials of motions for summary judgment.  They also underscore that "it is improper to certify a question of state law to the United States Court of Appeals for interlocutory review." Hulmes v. Honda Motor Company, Ltd., *supra*, 936 F. Supp. at 210, quoting Cummins v. EG & G Sealol, Inc., 697 F. Supp. 64 (D.R.I. 1988).

The Third Circuit's local rules and the New Jersey Court Rules both substantiate the observation of the Hulmes court regarding the circuity of interlocutory appeals involving questions of state law.  Under Rule 2:12A-1, the New Jersey Supreme Court will entertain certified questions of state law only from the Third Circuit, not from the U.S. District Court. Thus, an interlocutory appeal on a question of state law could conceivably require 1) an order from the District Court certifying the appeal to the Court of Appeals; 2) the granting of the appeal by the Court of Appeals; 3) the submission of briefs to the Court of Appeals, under Rule 110.1 of the Third Circuit Local Appellate Rules; 4) the certification by the Court

---

[5] In re Dwek, 2010 WL 234938 (D.N.J. 2010) (on whether, in bankruptcy proceedings, New Jersey would recognize tort of deepening insolvency); Popular Leasing U.S.A., Inc. v. Forman, 2009 WL 2969519 (D.N.J. 2009) (also on whether, in bankruptcy proceedings, New Jersey would recognize tort of deepening insolvency) and Patrick v. Dell Financial Services, 366 B.R. 378 (M.D. Pa. 2007) (on whether a bankruptcy court may exercise subject matter jurisdiction over a nationwide class action).

of Appeals to the New Jersey Supreme Court; 5) the parties'
filing of statements with the New Jersey Supreme Court, under
Rule 2:12A-3; 6) briefs to the Supreme Court, under Rule 2:12A-
6; and 7) oral argument to the Supreme Court, under Rule 2:12A-
6.  Such a tortuous detour would add extraordinary delays to a
case that does not even fit the criteria for interlocutory
appeals in the first place.[6, 7]

---

[6] While not central to Plaintiffs' argument in the instant
Motions, Plaintiffs also point out that Movants' Brief contains
several misstatements of fact and law.  Pride did not establish
that Plaintiffs did not act with due diligence (Movants' Brief
at 1, ¶ 1); Jeffrey Cartwright never spoke with Dr. Milton
Prystowksy (Brief at 2 n. 2 and at 16); even if not named as
experts, Messrs. Radecke and Caggiano could not be deposed under
the work product doctrine, as they were investigators retained
by Plaintiffs' counsel in anticipation of litigation (Brief at
17 n. 5); see Payton v. N.J. Turnpike Authority, 148 N.J. 524,
554 (1997); and there are no facts in evidence regarding the
closure of a Phoenix Mecano facility (Brief at 2).  Moreover,
Pride's alleged difficulty in finding exemplars of other
electrical items found in the area of origin of the fire is
irrelevant, because Pride's expert has already issued a report
stating that the cause of the fire was undetermined, and because
the aspirating machine, which was handheld, was not in the area
of origin.  See Exhibit "A", Pride's expert report.

[7] On the allegation that the Court did not follow proper
procedure in permitting Pride's joinder, Movants say nothing
new.  Rather than again address the argument in full, Plaintiffs
instead incorporate by reference Section III.C. of their Brief
in Support of the Response in Opposition to Pride's Motion for
Summary Judgment.  Plaintiffs also note that the mere repetition
of arguments made at the summary judgment stage does not
establish a difference of opinion susceptible to Section 1292(b)
certification.  Orson, Inc. v. Miramax Film Corp., 867 F. Supp.
319, 322 (E.D. Pa. 1994).

## V.   <u>CONCLUSION</u>

Rather than dispute any alleged differences concerning controlling law, Movants instead contest the Court's application of fact to law.  Section 1292(b) does not contemplate certification under such circumstances.  As this District has observed previously, Section "1292(b) is not intended as a vehicle to provide early review of difficult rulings in hard cases."  <u>Hulmes v. Honda Motor Company, Ltd.</u>, *supra*, 936 <u>F. Supp.</u> at 210.  (Citation and internal quotation marks omitted.)

Movants have cited no good reason for allowing an interlocutory appeal at this stage.  Plaintiffs have cited several good reasons for declining one.  The Motions should be denied.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By:  <u>  s/ Deborah A. Crinigan  </u>
Deborah A. Crinigan, Esq.
Alan J. Charkey, Esq.
LibertyView
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
(856) 317-3600

Attorneys for Plaintiffs/
Respondents, Stephen D.
Prystowsky, Eric N. Prystowsky and
Michael Prystowsky

Date:  April 29, 2011