UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X
DR. MILTON PRYSTOWSKY, in his own right and as EXECUTOR OR THE ESTATE OF ROSE PRYSTOWSKY,

                Plaintiff,

   v.

TGC STORES, INC., ADT SECURITY SERVICES, INC., INVACARE CORPORATION, GOLDEN BROTHERS, INC. d/b/a GOLDEN TECHNOLOGIES, PRIDE MOBILITY PRODUCTS CORP. and JOHN DOES 4 – 10

                Defendants.
-----------------------------------------------------------------X
PRIDE MOBILITY PRODUCTS CORP.

                Third-Party Plaintiff,

   v.

DEWERT MOTORIZED SYSTEMS, PHOENIX MECANO, INC. and KINGSTEC INDUSTRIES, INC., and JOHN DOES 1 – 10

                Third-Party Defendants.
-----------------------------------------------------------------X

Civil Action No.
2:07-cv-00072-SDW-MCA

Motion Date: 5/16/11

**PRIDE MOBILITY PRODUCTS CORP.'S REPLY BRIEF IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. §1292(b) FOR CERTIFICATION TO APPEAL FROM THE DISTRICT COURT'S ORDER DATED <u>MARCH 23, 2011 AND FOR A STAY OF PROCEEDINGS</u>**

                                          **MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP**
                                          Attorneys for Defendant
                                          PRIDE MOBILITY PRODUCTS CORP.
                                          240 Mineola Boulevard
                                          Mineola, New York 11501
                                          (516) 741-7676

Neil L. Sambursky
Of Counsel

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................1

ARGUMENT ............................................................................................................1

    PRIDE'S MOTION FOR 28 U.S.C. §1292(B) CERTIFICATION SHOULD BE GRANTED IN ALL RESPECTS ................................1

        A.    PRIDE ESTABLISHED ALL OF THE REQUISITE ELEMENTS FOR CERTIFICATION PURSUANT TO UNDER 28 U.S.C. §1292(b) ........................................................1

        B.    PLAINTIFF'S RECITATION OF PORTIONS OF PURPORTED BLACK-LETTER LAW ARE UNAVAILING TO PRIDE'S MERITORIOUS MOTION ............................................5

CONCLUSION .......................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

Beazer E., Inc. v. Mead Corp., 525 F.3d 255 (3d Cir. 2008) ..................................9

C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263 (3d Cir. 2004) ...............9

Carroll v. Setcon Industries, Inc., 2011 WL 736478 at *9 (D.N.J. February 23, 2011) ........................................................................................................................2

Derienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004) .........................2

Desyatnik v. Atl. Casting & Eng'g Corp., 2006 WL 120163 (D.N.J. 2006) ............3

H.K. Porter v. Pennsylvania Insurance Guaranty Assoc., 75 F.3d 137 (3rd Cir. 1996)......................................................................................................................9

Hulmes v. Honda Motor Company, Ltd. 936 F.Supp. 195 (d. J.J. 1996)..................7

In re Dwek, 2010 WL 234938 (D.N.J. 2010) .........................................................4

K.G. v. A.I. Dupont Hosp. for Children, 393 F. App'x. 884 (3d Cir. 2010) .............9

Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996 (D.N.J. 1996) ..............................8

Katz v. Carte Blanche Corp., 496 F.2d 747 (3d Cir. 1974).......................................5

M.G. ex rel. K.G. v. A.I. Dupont Hosp. for Children, 393 F. App'x. 884 (3d Cir. 2010) ......................................................................................................................9

New Jersey, Dept. of Treasury, Div. of Inv. v. Fuld, 2009 WL 2905432 (D.N.J. 2009)................................................................................................................3, 5

Patrick v. Dell Fin. Serv., 366 B.R. 378 (M.D.Pa. 2007)........................................4

Popular Leasing U.S.A., Inc. v. Forman, 2009 WL 2969519 at *3 (D.N.J. 2009) ...5

**Statutes**

28 U.S.C. §1292(b)................................................................ 1, 3, 4, 5, 8, 9, 10

## PRELIMINARY STATEMENT

Pride Mobility Products Corp. ("Pride") submits this brief in further support of its motion pursuant to 28 U.S.C. §1292(b) for certification to appeal this Court's March 23, 2011 order, entered on March 25, 2011 (the "Order"), denying Pride's motion for summary judgment. (Docket #180) Pride also seeks a stay of all proceedings pending a resolution of the appeal.

## ARGUMENT

### PRIDE'S MOTION FOR 28 U.S.C. §1292(B) CERTIFICATION SHOULD BE GRANTED IN ALL RESPECTS

**A. PRIDE ESTABLISHED ALL OF THE REQUISITE ELEMENTS FOR CERTIFICATION PURSUANT TO UNDER 28 U.S.C. §1292(b)**

The Court held that Plaintiff did not exercise the requisite due diligence under R.4:26-4 and FRCP 15, in ascertaining Pride's identity before or after the expiration of the statute of limitations. Exh. A., p. 65-66.[1] Nevertheless, the Court denied Pride's motion for summary judgment on the grounds that Pride was not prejudiced by Plaintiff's inordinate delay in suing Pride[2] (which Pride denies).

---

[1] References are to the Exhibits attached to Pride's moving brief, dated April 15, 2011.

[2] Plaintiffs failed to name Pride as a defendant in this action until January 9, 2010, over five (5) years from the date of the fire and three (3) years after the expiration of the applicable two (2) year statute of limitations for tort claims in New Jersey and over two (2) years after Plaintiff learned that Pride was only one (1) of three (3) potential manufacturers of the lift chair at issue. Exh. A; see also Docket #'s 144-150, 172-174.

Whether the Court should have ever reached the prejudice question, and once it did what standard it applied, served as the basis for the three (3) specific and distinct controlling questions of law which were set forth in Pride's initial brief, and none which were addressed in Plaintiff's opposition.

Plaintiff's brief avoids addressing the fundamental legal questions and instead tries to spin Pride's motion as one taking issue with the way the Court "applied the facts to the law" and the "meaning of "due diligence," which is incorrect. Plaintiff Opp. Pp. 12-13.  From there, and without ever addressing the legal questions presented by Pride, Plaintiff summarily argues that "this case does not involve a substantial difference of opinion as to a question of law."  Id. Plaintiff provides no support for their *ipse dixit*, nor do they address the many cases cited in Pride's moving brief, which unequivocally established the substantial grounds for difference of opinion on the threshold prejudice issue.[3]  Plaintiff makes these arguments as they are unable to challenge the legitimate legal questions raised by Pride on the prejudice issue.

Apart from the legal questions on prejudice, Pride also set forth a specific legal issue on whether Pride was properly joined in this case pursuant to R. 4:26-4 and F.R.C.P. 15.  Pride established how there is substantial grounds for difference

---

[3] Plaintiff's brief makes only a passing reference to Derienzo v. Harvard Industries, Inc., 357 F.3d 348 (3d Cir. 2004) and Carroll v. Setcon Industries, Inc., 2011 WL 736478 at *9 (D.N.J. February 23, 2011).

of opinion concerning the procedural mechanism pursuant to which Magistrate Cox-Arleo permitted Plaintiff to sue Pride.  In response, all Plaintiff does by way of footnote "7" in its brief is refer to their argument on this issue in their opposition to Pride's prior motion for summary judgment.  As with the other legal questions, Plaintiff refuses to address them head-on; indeed, their failure to do so should deem any purported "opposition" to this claim as abandoned.  See e.g. Desyatnik v. Atl. Casting & Eng'g Corp., 2006 WL 120163 (D.N.J. 2006) (When a Plaintiff fails to offer any argument in opposition to motion, such claims may be deemed to have been abandoned.)

Pride also established how the resolution of the appeal, even if only the bodily injury and wrongful death claim were dismissed, will materially advance what would be a significant trial.

Plaintiff's response to Pride's argument in this regard was that Pride would still have to defend the "significant" property damage claim; Plaintiff does not contest, however, that the elimination of the bodily injury and wrongful death claim would dispense with approximately 90% of the case against Pride and the third-party defendant, resulting in obvious stream-lining of the trial.  This is significant, as Plaintiff does not dispute that the third requirement of 1292(b) does not require a reversal of an order on appeal which results in the termination of the entire action.  See New Jersey, Dept. of Treasury, Div. of Inv. v. Fuld, 2009 WL

2905432 (D.N.J. 2009) (Holding that certification would materially advance the ultimate termination of the litigation even where reversal of the district court's order would not end action.); In re Dwek, 2010 WL 234938 (D.N.J. 2010) (Holding that certification would materially advance the termination of litigation where it could result in the dismissal of one out of many claims, thus alleviating the need to litigate that claim and keeping with the purpose of §1292(b); Patrick v. Dell Fin. Serv., 366 B.R. 378, 387 (M.D.Pa. 2007).

Of course, if Pride's joinder was found to be improper, the entire case against Pride and third-party defendant, Dewert, will be dismissed.

Thus, Pride's moving papers established and Plaintiff has not put forth any credible opposition this Court's Order and the issues Pride has submitted for certification: (1) "involve a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." See 28 U.S.C. §1292(b). In sum, Pride has met the requirements for certification under 28 U.S.C. §1292(b), and Pride's motion, including for a stay, should be granted in all respects.

For the reasons set forth herein and in Pride's moving papers, its motion for 28 U.S.C. §1292(b) for certification and for a stay of all proceedings pending a resolution of the appeal should be granted in its entirety.

4

**B.   PLAINTIFF'S RECITATION OF PORTIONS OF PURPORTED BLACK-LETTER LAW ARE UNAVAILING TO PRIDE'S MERITORIOUS MOTION**

The first eight (8) pages of Plaintiff's seventeen (17) page opposition brief[4] are devoted to portions of black-letter law, which are not dispositive of the issues in this case.

Plaintiff first addresses the basic standards governing an interlocutory appeal under 28 U.S.C. §1292(b). Pltfs. Opp. Pp. 4-7. Plaintiff then goes on to describe how the in Third Circuit in Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974), which Pride cited in its moving papers, discusses when a question is controlling. Plaintiff ignores that in Katz, the Third Circuit explained that a question can be controlling if it "is serious to the conduct of the litigation, either practically or legally." Id.; New Jersey Dept. of Treasury, Div. of. Inv. v. Fuld, 2009 WL 2905432 (D.N.J. 2009). Moreover, "[s]uch questions are not limited to those that, if resolved differently, would eliminate the need for trial, but may also include order whose reversal would not terminate the litigation…" Popular Leasing U.S.A., Inc. v. Forman, 2009 WL 2969519 at *3 (D.N.J. 2009). Here, the questions on the statute of limitation and joinder issues are undeniably serious to the conduct of the litigation, both practically and legally, as a reversal in Pride's

---

[4] Based upon the page numbering used by Plaintiff, the text of their brief starts at page "4."

favor would eliminate all or most of the claims against Pride and the third-party defendant, Dewert.

Plaintiff's brief did not apply the "controlling question of law" standard they cite in their brief to the legal questions of whether this Court should have reached a prejudice determination in this case; whether the Court applied the correct legal standard on prejudice; nor, whether the correct legal standard was applied when Plaintiff was permitted to join Pride. Instead, Plaintiff ignores any discussion of the real issues and mischaracterizes Pride's motion as a factual dispute; as this is the only way they can try to defeat Pride's meritorious motion. Plaintiff's argument is readily transparent.

On the "substantial ground for difference of opinion" prong, Plaintiff admits that the standard requires that there must be genuine doubt as to the correct legal standard. Pltf Opp. p. 8-9. Once again, Pride's moving papers set forth the conflicting law on whether the prejudice analysis should have been entertained by the Court, where as in this case, the Plaintiff did not exercise due diligence in ascertaining Pride's identity before or after the expiration of the statute of limitations. Unable to assail the fact that there truly is conflicting law on the legal issues presented by Pride, Plaintiff chose to ignore it.

Instead, Plaintiff also tries to characterize Pride's motion as an "improper [attempt] to certify a question of state law to the United States Court of Appeals for

interlocutory review." Pltfs. Opp. p. 9.  As "support" for their dogmatic position, Plaintiff relies on Hulmes v. Honda Motor Company, Ltd. 936 F.Supp. 195 (d. J.J. 1996), a distinguishable case involving, among other things, a request for 1292(b) certification of a denial of the plaintiff's motion *in limine* regarding evidence of her alcohol consumption prior to an accident.

Unlike this case, in Hulmes, there were only two (2) state cases which dealt with the evidentiary issue; thus, the Court held that 1292(b) "is not intended to provide early review of difficult rulings in hard cases." 936 F.Supp. at 210. In that context, the court in Hulmes stated "[a]t least one court has held that 'it is improper to certify a question of state law to the United States Court of Appeals for interlocutory review." Id. Plaintiff cites no other case for this proposition, which is at odds with Plaintiff's claim that in this case the "Court of Appeals…would likely certify the question to the [New Jersey] state Supreme Court." Pltfs. Opp. p. 9. Indeed, Plaintiff even devotes two (2) pages of their brief describing the procedure for certification to the New Jersey Supreme Court from the Third Circuit. Pltfs Opp. pp. 18-19.

Therefore, there is nothing improper about certifying the questions at issue to the Court of Appeals, and if certification to the New Jersey Supreme Court is required, such process is not "circuitous" or "inefficient" as claimed by Plaintiff.

7

Rather, it is the proper procedure set forth by the courts in this state.[5]

Plaintiff also misstates the law that "after discovery has been closed, the third element of §1292(b) cannot be met." Pltfs. Opp, 10, citing Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996 (D.N.J. 1996). In Kapossy, the Court held that §1292(b) certification would not materially advance that case as discovery had been concluded, motions *in limine* had been filed and decided, and the 1292(b) motion was before the Court on October 4, 1996, two (2) weeks before the scheduled October 28, 1996 trial. Id.

Unlike Kapossy, in this case discovery is far from over. As set forth in Pride's moving papers, Plaintiff has designated eleven (11) experts, there approximately four (4) defense experts, all of whom have to be deposed. There is no trial date, nor any date for pre trial motions and submissions, nor for summary judgment motions. If Pride's motion is granted, some or all of this discovery can be avoided. Accordingly, plaintiff's claims that granting certification will not materially advance the litigation are wrong.

Plaintiff also argues that "[c]ategorically, the Third Circuit 'will not review an order denying a motion for summary judgment.'" and that "[T]he denial of a motion for summary judgment is not appealable." Pltfs. Opp. p. 10. These

---

[5] It is interesting how on the instant motion plaintiff characterizes the issues as one of state law, but when it suited their interest on the summary judgment briefing, they said the issues were questions of federal law. See Docket # 165, pp. 28-33.

8

proclamations are seemingly tied to their argument that certification would be futile because the Third Circuit would not hear Pride's appeal; Plaintiff's mind-reading of the Court of Appeals is inconsistent with the case law.

Plaintiff is correct that the Third Circuit will generally not hear an appeal of a denial of a summary judgment motion; however, that statement of law is besides the point because it deals with a parties' attempt at an immediate and direct appeal to the Court of Appeals, without certification pursuant to 28 U.S.C. §1292(b).

Significantly, however, in Beazer E., Inc. v. Mead Corp., 525 F.3d 255 (3d Cir. 2008), cited by Plaintiff, the Third Circuit accepted an appeal under 28 U.S.C. §1292(b), and discussed that it could have considered the denial of a summary judgment motion, but did not do so in that case because the party seeking the relief, waived the right to appeal by not making the application. Id. This is not surprising because the Third Circuit in fact accepts appeals of denials of summary judgment motions pursuant to 28 U.S.C. §1292(b). See M.G. ex rel. K.G. v. A.I. Dupont Hosp. for Children, 393 F. App'x. 884 (3d Cir. 2010) (Court of Appeals accepts appeal of denial of summary judgment motion under 28 U.S.C. §1292(b).); H.K. Porter v. Pennsylvania Insurance Guaranty Assoc., 75 F.3d 137 (3rd Cir. 1996) (Under 28 U.S.C. §1292(b), Court of Appeals has plenary review of a district court's denial of summary judgment.); C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co., 386 F.3d 263, 266 (3d Cir. 2004) (Court of Appeals accepts appeal of denial of

summary judgment motion under 28 U.S.C. §1292(b).

Quite simply, the cases cited by Plaintiff do not support Plaintiff's opposition to Pride's motion. Rather, they establish that this Court should grant certification under 28 U.S.C. §1292(b) to appeal this Court's Order.

## CONCLUSION

In view of all the foregoing, defendant/third-party plaintiff, Pride Mobility Products Corp., respectfully requests that the Court issue an Order amending and certifying the March 23, 2011 Order for immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b), and staying proceedings.

Dated:      May 16, 2011

**MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP**

**s/ Neil L. Sambursky**
_____
Neil L. Sambursky (NLS-8520)
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Attorneys for Defendant
PRIDE MOBILITY PRODUCTS CORP.