<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DR. MILTON PRYSTOWSKY, in his own right and as EXECUTOR OF THE ESTATE OF ROSE PRYSTOWSKY, | Civil Action No. 07-0072 (SDW) (MCA) |
| Plaintiffs, | |
| v. | **OPINION** |
| TGC STORES, INC., ADT SECURITY SERVICES INC., INVACARE CORPORATION, GOLDEN BROTERS, INC. d/b/a GOLDEN TECHNOLOGIES, PRIDE MOBILITY PRODUCTS CORP., and JOHN DOES 4-10 | August 11, 2011 |
| Defendants. | |

**WIGENTON**, District Judge.

Before the Court is defendant Pride Mobility Products Corp.'s ("Pride" or "Defendant Pride") motion for an order certifying this Court's March 23, 2011 Order and record for interlocutory appeal pursuant to 28 U.S.C. 1292(b) and staying this action ("Motion"). Third party defendants Phoenix Mecano Inc. and Dewert Motorized Systems (collectively "Phoenix") also filed for certification to appeal and for stay of the proceedings ("Phoenix Motion"). Additionally, before the Court is defendant ADT Security Services, Inc.'s ("ADT") motion to stay proceedings ("ADT's Motion").

For the reasons set forth below, the Court **DENIES** Defendant Pride's Motion and the Phoenix Motion. Defendant ADT's Motion is moot, as the motions for certification for interlocutory appeal are denied, and thus, a stay will not be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

This matter arises from a fire that occurred at the residence of Rose and Milton Prystowsky at 4 Garden Place, Nutley, New Jersey on January 7, 2004.  The fire destroyed the residence, took the lives of Rose Prystowsky and her home health aide, and left Dr. Milton Prystowsky seriously injured.  As this matter has been fully briefed in detail and discussed on the record during oral argument, the background for this matter will only be briefly described for the purposes of this Motion.

During the initial stages of the investigation of the fire, the Essex County Prosecutor's Office informed Plaintiffs that the electric seat lift chair ("Lift Chair") in the living room was probably the origin and cause of the fire.  (*See* Oral Arg. Tr. 29:22-30:6, Mar. 23, 2011.)  The Lift Chair was allegedly purchased from TGC Stores.  On January 5, 2006, Milton Prystowksy filed a complaint in the Superior Court of New Jersey, Essex County Law Division, against TGC Stores, Inc. ("TGC Stores") and ADT,  and in accordance with N.J. Court Rule 4:26-4, named John Does 1 through 10 ("Complaint").[1] Plaintiffs in this matter are Stephen Prystowsky, Eric Prystowsky and Michael Prystowsky, the Executors of the separate estates of Dr. Milton Prystowksy and Dr. Rose Prystowsky ("Plaintiffs").

Steven Deutsch ("Deutsch"), the former CFO of TGC Stores, sent a letter to Plaintiffs' counsel dated November 3, 2006, in which he named Pride as one of three potential manufacturers of the Lift Chair (Invacare and Golden Technologies were also named in the letter).  (*Id.* 7:4-7; 36:2-5.)

---

[1] The Complaint alleged, among other things, that John Does 1-10 should be liable under New Jersey law for "designing, manufacturing, advertising, selling and supplying a defective product, the seat lift mechanism and combination lift chair which defendants knew or should have reasonably known would subject a user such as the plaintiff to an unreasonable risk of harm[.]"  (Compl. ¶ 48.)

Plaintiffs claim that on February 2, 2007, Pride's representative denied that Pride sold to TGC Stores, effectively misleading Plaintiffs.  (*Id.* 54:21-55:1, 66:22-67:3.)  TGC Stores was apparently also doing business as "Take Good Care."  (*See id.* 10:10-20.) Pride was familiar with doing business with Take Good Care (not TGC) and maintains that as a result, Pride did not find any documents pertaining to TGC Stores when they ran a search in response to Plaintiffs' inquiries.  (*See id.* 36:25-37:10, 37:19-22, 38:22-24, 60:1-4.)

On October 10, 2007, Plaintiffs' motion to amend the Complaint to add Invacare was granted.  (*Id.* 17:25-18:3.)  On December 2, 2008, at Deutsch's deposition, Deutsch testified that TGC Stores obtained 70-80% of its lift chairs from Pride.  (*Id.* 19:14-16, 49:17-22.)  On January 5, 2009, Plaintiffs orally moved to amend the Complaint during a conference with Magistrate Judge Arleo.  (*See id.* 50:12-17.)  On January 9, 2009, Plaintiffs filed the Second Amended Complaint naming Pride and Golden Technologies as defendants.  (*Id.* 51:2-13.)

Pride requested that Plaintiffs produce an original of a photograph that was discovered of Rose Prystowsky in the Lift Chair.  (*See id.* 9:6-10.)  In May 2010, Plaintiffs' counsel obtained the negative of the original photograph from the wife of Steven Prystowsky. (*Id.* 55:10-15.)  Once enlarged, the photograph shows what appears to be part of the Pride logo.  (*Id.* 66:2-4.)

On November 24, 2010, Defendant Pride filed a motion for summary judgment to dismiss Plaintiffs' claims of wrongful death ("Motion for Summary Judgment").[2]  Oral

---

[2] Phoenix filed a motion where it joined and relied on the arguments in Pride's brief for the Motion for Summary Judgment.

argument in this matter was held on March 23, 2011 before this Court.  The Motion for Summary Judgment was denied.

**LEGAL STANDARD**

Generally, "'a party is entitled to a single appeal, to be deferred until final judgment has been entered.'"  *Mohawk Indus. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (quoting *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). The Supreme Court has indicated that "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of district court judges, who play a 'special role' in managing ongoing litigation." *Id.* (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)).  The Court further advised that "immediate appeal must therefore be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." *Id.*

However,  28 U.S.C.  § 1292(b) provides for interlocutory appeals when an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[3]  A controlling question of law includes one which "if erroneous, would be reversible error on final appeal."  *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 358 (D.N.J. 2001)

---

[3] Pursuant to 28 U.S.C. § 1292(b),

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

(emphasis in original).

Further, a controlling question of law is one that is "serious to the conduct of the litigation, either practically or legally . . . [a]nd on the practical level, saving of time of the district court and of expense to the litigants." *Id.* (citations omitted) (internal quotation marks omitted). Moreover, other courts in this District have held that not all differences of opinion justify an interlocutory appeal. Rather, "the second Section 1292(b) factor, 'must arise out of genuine doubt as to the correct legal standard.'" *Biase v. Nevoso*, *Pivirotto & Foster, P.A.*, No. 10-3081, 2010 U.S. Dist. LEXIS 104623, at *8 (D.N.J. Sept. 30, 2010) (quoting *P. Schoenfeld Asset Mgmt. LLC*, 161 F. Supp. 2d at 360). Disagreement with the district court's ruling does not constitute "a substantial ground for difference of opinion for Section 1292(b) purposes." *Id.*; *see also Kapossy v. McGraw-Hill, Inc.*, 942 F.Supp. 996 (D.N.J. 1996).

**DISCUSSION**

Defendants Pride and Phoenix seek certification pursuant to section 1292(b) regarding this Court's denial of the Motion for Summary Judgment. As discussed below, these Defendants have not met the requirements of section 1292(b): "(1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation." *Hulmes v. Honda Motor Co., Ltd.*, 936 F.Supp. 195, 208 (D.N.J. 1996).

Controlling Question of Law

In support of its Motion, Pride asserts the following regarding the application of the  fictitious party rule set forth in N.J. Court Rule 4:26-4 as controlling issues of law on which Pride believes there are substantial grounds for differences of opinion:

1) "Plaintiff did not act with due diligence in attempting to ascertain Pride's identity both before and after the expiration of the two (2) year statute of limitations for personal injury and wrongful deaths claims. . . ." (Def.'s Br. 1);

2) "Even if Pride is required to establish prejudice (which Pride denies) was the passage of time alone enough to establish prejudice as a matter of law. . . ." (*Id.*);

3) Even if the passage of time in this case alone was not enough to establish prejudice, Pride has provided other examples of alleged prejudice including the fading memory of witnesses and loss of evidence (*See id.*); and finally,

4) "[T]he entire case against Pride [should] be dismissed as Pride was brought into this case via 'consent order' and not by the required motion under R. 4:26-4 seeking to substitute Pride for the fictitious 'John Doe' defendant, together with an affidavit setting forth how Pride was identified[.]"  (*Id.*)

Each of these items will be addressed below.

Federal Rule of Civil Procedure 15(c) "permit[s] an amended pleading to relate back to the date of the original complaint" in some circumstances.  *DeRienzo v. Harvard Indus.*, 357 F.3d 348, 352-53 (3d Cir. 2004).  Pursuant to Federal Rule of Civil Procedure 15(c)(1) "[a]n amendment to a pleading relates back . . . when[] the law that provides the applicable statute of limitations allows relation back."  "[A]s a general matter, if New

Jersey law would permit the amendment made by plaintiffs after the running of the statute, the federal rules permit the amendment." *Bryan v. Associated Container Transp.*, 837 F. Supp. 633, 643 (D.N.J. 1993) (citing *Jordan v. Tapper*, 143 F.R.D. 567, 572 (D.N.J. 1992)).

Under New Jersey law, personal injury and wrongful death claims are governed by a two-year statute of limitations. *See* N.J. Stat. Ann. § 2A:14-2 ("Every action at law for an injury to the person . . . shall be commenced within two years after the cause of any such action shall have accrued."); *see also* § 2A:31-3 ("Every action brought under this chapter shall be commenced within 2 years after the death of the decedent . . . ."). However, "New Jersey law [] provide[s] a mechanism by which the name of a party not known to a plaintiff at the time of instituting a suit may be substituted for a fictitious name after the running of the statute." *Bryan*, 837 F. Supp. at 643. This "mechanism" is the fictitious party rule contained in N.J. Court Rule 4:26-4. The rule states that:

> In any action . . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.

N.J. Ct. R. 4:26-4.

To be entitled to the benefit of the fictitious party rule, a plaintiff must meet certain additional requirements. Among these requirements is that "the plaintiff [must have] exercised due diligence to ascertain the defendant's true name before and after filing the complaint." *DeRienzo*, 357 F.3d at 353 (citing *Farrell v. Votator Div. of Chemetron Corp.*, 62 N.J. 111, 115 (1973)). To satisfy this due diligence requirement, "plaintiffs must 'investigate all potentially responsible parties in a timely manner.'" *Id.*

at 354 (quoting *Matynska v. Fried*, 175 N.J. 51, 53 (2002)).  That said, what constitutes due diligence "will vary with the facts of each case."  *Id.* (quoting *O'Keeffe v. Snyder*, 83 N.J. 478, 499 (1980)) (internal quotation marks omitted).

If a plaintiff receives "misleading information from [] authoritative witnesses" or a defendant fails to make full disclosures to the plaintiff, this should be taken into account when determining whether plaintiff has met the due diligence requirement.  *Id.* at 356. "The New Jersey Supreme Court has instructed that this court should broadly interpret the diligence requirement to one of a 'good faith' effort by plaintiff to determine the fictitious party's identity."  *See Carroll v. Setcon Indus.*, No. 10-04737, 2011 WL 736478, at *6 (D.N.J. Feb. 23, 2011) (citing *Farrell*, 62 N.J. at 120).

Substantial Ground for Difference of Opinion

In the instant matter, Defendant Pride argued that Plaintiffs' claims are time-barred and could not be maintained by the application of the New Jersey fictitious party rule as Plaintiffs did not exercise due diligence.  Pride also argued it should not have been brought into this action via consent order.  This Court denied Defendant Pride's Motion for Summary Judgment and declined to dismiss the claims against Defendants Pride and Phoenix.  Defendants' request for a certificate of appeal of this Court's March 23, 2011 Order and record does not involve "substantial ground for difference of opinion" on a "controlling question of law"; rather, it reflects Defendants' disagreement with this Court's ruling.  There is no issue as to the correct legal standard in this case – Defendants merely disagree with this Court's decision when it applied that standard.[4]

---

[4] "A party's disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b). Rather, the difference of opinion must arise out of genuine doubt as to the correct legal standard." *Hulmes*, 936 F.Supp. at 208 (D.N.J. 1996)(internal citation omitted).

Pride's characterization of the Court's analysis in its Motion papers is misleading. First, while the Court stated that there may have been "opportunities that were missed," this did not rise to the level required to grant Defendant Pride's Motion for Summary Judgment.  (Def.'s Br. in Supp. of Mot. for Certif. to Appeal ("Def.'s Br.") 4; Oral Arg. Tr. 66:9-10.)   Contrary to Defendant Pride's submissions, this Court did not find that Plaintiffs failed to exercise due diligence to ascertain Pride's identity given the circumstances. (*See* Def.'s Br. 8.)  As another court concluded when faced with a similar issue, this Court notes that "while the plaintiff[s'] attorney 'could have done more, [she] did enough' as was required by the interpretation of the diligence component of the Fictitious Defendants Rule." *Carroll*, 2011 WL 736478, at *6 (quoting *Baker v. J.J. De Luca Co., Inc.*, 2008 WL 4648235, at *9 (N.J. Super. Ct. App. Div. Oct. 10, 2008)).[5]

Plaintiffs argued the following in opposition to Defendant Pride's Motion for Summary Judgment: 1) Plaintiffs prosecuted the action diligently; 2) Pride did not suffer prejudice from the amendment of the Complaint; 3) the Court has jurisdiction, because the motion to amend was made orally before the Court pursuant to Federal Rule of Civil Procedure 7(b)(1)(A); and 4) Plaintiffs sought leave to amend their Complaint "only after Plaintiff[s] w[ere] confident that amendment adding Pride had evidentiary support." (Pls.' Br. in Opp. to Pride's Mot. for Summ. J. 12.)  Further, Plaintiffs argued that "in 2007 Pride misled Plaintiff[s] into believing it had had no prior relationship with TGC Stores, Inc., in part causing Plaintiff[s] to proceed down a two-year dead-end against Invacare." (*Id.* at 20.)

---

[5] In fact, "'the question of whether [a] plaintiff had made reasonable efforts . . . . should not [be] decided on summary judgment' unless 'no rational factfinder [could] resolve th[is] alleged disputed issue in' plaintiff's favor.'" *Carroll*, 2011 WL 736478, at *9 (quoting *Tonic v. Am. Cas. Co.*, 413 N.J. Super. 458, 474 (App. Div. 2010) (internal citations omitted))

As this Court noted during oral argument, "the focus becomes whether the plaintiffs exercised due diligence in identifying Pride Mobility as the manufacturer of this lift chair." (Oral Arg. Tr. 65:6-8.)  Plaintiffs obtained counsel and retained engineers within days of the fire.  (*Id.* 7:22-25, 29:6-13.)  They sent subpoenas, obtained several exemplars and spent significant time investigating the companies that did business with TGC Stores.  (*Id.* 30:6-11, 35:1-3, 36:12-14, 38:5-12, 39:1-5.)  Depositions were taken, after some delay apparently not due to the fault of Plaintiffs, which shed light on who the appropriate parties should be in this matter.  (*Id.* 47:9-13, 48:19-49:19.)  Plaintiffs demonstrated sufficient due diligence.

In addition, when considering the applicability of the fictitious party rule, a court also may take into account whether delay in amending the complaint will prejudice the newly-named defendant.  *DeRiezno*, 357 F.3d at 356 (citing *Farrell*, 62 N.J. at 122-23). Prejudice may not be required, but has been given weight by the court in these circumstances.  *See Carroll,* 2011 WL 736478, at *9 (denying motion to dismiss complaint).  The factors that New Jersey courts previously have used to assess prejudice include "destruction or alteration of evidence after the initial discovery period, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay."  *DeRiezno*, 357 F.3d at 356 (citing *Farrell*, 62 N.J. at 122).  Delay and passage of time alone should not be treated as dispositive in determining whether a defendant is prejudiced.  *Id.* at 357 (citing *James v. Chevron U.S.A., Inc.*, 301 N.J. Super. 512, 549-50 (App. Div. 1997)).  "In short, in determining whether to allow the amendment to the complaint beyond the statute of limitations based on the Fictitious Defendant Rule, courts look to whether '[j]ustice impels strongly towards affording the plaintiffs their day in

10

court' considering the 'absence of prejudice, reliance or unjustifiable delay.'" *Carroll*, 2011 WL 736478, at *9 (quoting *Viviano v. CBS, Inc.*, 101 N.J. 538, 549 (1986)).

During oral arguments, this Court noted that despite inconveniences to Defendant Pride, "an extreme and inordinate amount of work was done to try to identify who the proper players were in this case," and that "there's really no genuine palpable prejudice to defendants . . . ."  (Oral Arg. Tr. 68:2-3, 21-23; 69:1-2.)  Pride argues that key witnesses and evidence may be lost.  (Def.'s Br. 17-18.)  However, Pride did retain and produce records sought in this case, and has had opportunity to participate in considerable discovery.[6]  Pride also argues that lapse of time alone may be sufficient to find prejudice, but this position is not strongly supported by the circumstances in this case and relevant case law.  (*See* Def.'s Br. 13) ("The Third Circuit has recognized that the New Jersey Supreme Court has not indicated whether the passage of time alone can prejudice a newly-named defendant, and if so, the likely outer limits of delay.")  As indicated in *DeRienzo*, courts generally look at the facts of the case and certain factors, not just the passage of time.  357 F.3d at 354, 356.

Finally, Plaintiffs' motion to amend their Complaint was made orally before Judge Arleo pursuant to Federal Rule of Civil Procedure 7(b)(1)(A), and Judge Arleo requested that a consent order be filed.  In the absence of the opposing party's consent to the amendment, Federal Rule of Civil Procedure 15(a)(2), requires "the court's leave" to amend.  Fed. R. Civ. P. 15(a)(2),(c); *see also* Fed. R. Civ. P. 21.  As clearly articulated on the record during oral argument, Magistrate Judge Arleo allowed the consent order that brought Defendant Pride into the case and that action will stand as there is not substantial ground for a difference of opinion.  (Oral Arg. Tr. 51:1-3.)

---

[6] The Court notes that Phoenix made a similar argument during oral argument.

Materially Advance the Ultimate Termination of the Litigation

This Court also notes that the statute of limitations for tortious interference with real and/or personal property had not expired when Plaintiffs amended their Complaint to name Pride, as the statute of limitations spans six years under N.J. Stat. Ann. § 2A:14-1. Thus, while Defendant Pride argues that "approximately 90%" of Plaintiff's case could be dismissed, many of the records Pride maintained are necessary and relate to the other causes of action for the same period, which Pride would still have to expend time and resources to defend.   (*See id.* at 21.)   The Court recognizes the difference in the magnitude and damages for claims involving bodily injury and wrongful death, as oppose to property; however, given the circumstances, procedural posture, and in the interest of justice, dismissal of Plaintiffs' claims is not appropriate at this time and would not materially advance the termination of litigation.[7]

As to Defendant Pride's arguments regarding the process by which Pride was brought into this case, material advancement of the termination of litigation alone is not a sufficient basis to grant certification, and as previously discussed, this issue does not involve a controlling question of law as to which there is substantial ground for a difference of opinion.

**CONCLUSION**

In conclusion, there is not "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order

---

[7] Delay can be a strong ground for denying appeal if the certification is sought from a court's ruling made after discovery  and shortly before the matter is ready for trial.  *See Hulmes*, 936 F.Supp. at 212; *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. at 1004.  A significant amount of discovery has already been completed in this case (with Pride present), and although some expert discovery remains, the matter should be ready for trial shortly.

may materially advance the ultimate termination of the litigation" as to warrant the grant of a certificate of appeal. *See* 28 U.S.C. § 1292(b).  Based on the foregoing and in light of the Court's preference for appeals after final judgments are rendered, this Court denies Defendant's request for certification for interlocutory appeal.

For the reasons set forth above, Defendant's Motion will be **DENIED**.  As the request for certification for interlocutory appeal is denied, a stay will not be granted.

<u>s/Susan D. Wigenton, U.S.D.J.</u>

Orig:   Clerk
Cc:     Madeline Cox Arleo, U.S.M.J.
        Parties