IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN D. PRYSTOWSKY, ERIC N. PRYSTOWSKY and MICHAEL PRYSTOWSKY, the EXECUTORS OF THE ESTATE OF PLAINTIFF, DR. MILTON PRYSTOWSKY, and STEPHEN D. PRYSTOWSKY AND ERIC N. PRYSTOWSKY, the EXECUTORS OF THE ESTATE OF ROSE PRYSTOWSKY,<br><br>        Plaintiffs,<br><br>v.<br><br>TGC STORES, INC., ADT SECURITY SERVICES, INC., INVACARE CORPORATION, and PRIDE MOBILITY PRODUCTS CORP.,<br><br>        Defendants.<br><br>and<br><br>PRIDE MOBILITY PRODUCTS CORP.,<br><br>        Defendant/Third-Party Plaintiff,<br><br>v.<br><br>DEWERT MOTORIZED SYSTEMS and PHOENIX MECANO, INC.,<br><br>        Third-Party Defendants. | Civil Action No.  2:07-cv-00072-SDW-MCA<br><br>**NOTICE OF DEPOSITION**<br>**OF JEFFREY ZWIRN** |

**TO:**    Deborah A. Crinigan, Esq.
          White and Williams, LLP
          One Liberty Place
          1650 Market Street, Suite 1800
          Philadelphia, PA  19103

**PLEASE TAKE NOTICE** that the deposition of **Jeffrey Zwirn** will be taken on **Friday February 10, 2012**, at White and Williams, LLP, One Liberty Place, 1650 Market Street, Suite 1800, Philadelphia, PA 19103**,** pursuant to the agreement and stipulation of the parties and the Federal Rules of Civil Procedure.  The deposition will begin at **9:00 a.m.** and continue until completed.  The deposition will be stenographical recorded.  Based on discussions between counsel, Mr. Zwirn is requested to produce the documents described below.

### REQUEST TO PRODUCE

1. Current curriculum vitae of the expert witness;

2. All reports prepared by the expert witness in this matter, including but not limited to Mr. Zwirn's Report of August 31, 2010 (the "Report");

3. An itemized list of all matters on which the expert witness has previously testified at any proceeding in the last four years, including but not limited to, depositions, hearings and trials;

4. A list of all publications authored by the expert within the preceding ten years;

5. The complete file for this case together with all sources of information reviewed, referred to, or relied upon by the expert in preparing the Report;

6. All books, documents, photographs, videotapes or tangible things upon which the expert witness relies or will reply in support of the opinions set forth in the Report;

7. All textbooks, papers, treatises, publications or authorities upon which the expert relies or will rely in support of the opinions in the Report;

8. All safety or other standards promulgated by a public or private entity or agency upon which the expert witness relies or will rely on to support his opinions or the opinions in the Report;

9. Any and all time records, statements of account, invoices, fee statements and other billing records that IDS, Mr. Zwirn or IDS' staff has maintained, generated, or possessed for the purposes of this consultation and proposed expert testimony in this case, including, but not limited to bills and statements, together with hourly charges therefore, for research, consultation, investigation, inspection, or testing, as well for time spent in any activity connected with this lawsuit, as well as all travels records that would establish the dates that Mr. Zwirn made visits to any

place other than the offices of IDS or Mr. Zwirn's residence for any purpose in this case including but not limited to interviewing witnesses or performing tests;

10. Any and all exemplars viewed, examined and/or disassembled in the course of this case, including but not limited to the "Exemplar Testing Of The Safewatch 3000 Equipment And Features" referred to on page 3 of Mr. Zwirn's Report of August 31, 2010;

11. All notes, memos, emails, recordings, photographs, transcripts and/or documents related any and all interviews that Mr. Zwirn conducted of any person, including but not limited to Dick Roux on June 10 and April 4, 2003, and David Wilson, Joshua Lazarus, and Mike Crick on August 23, 2010, as referred to on page 2 of Mr. Zwirn's Report of August 31, 2010;

12. All media, including photographs (produced in color and in .jpeg or other electronic format), movies, videotapes, audiotapes, magnetic tapes, x-rays, notes, notebooks, laboratory results, reports, test results, or other documents relating to any testing done by or at the request or direction of Mr. Zwirn for preparation or investigation of this case, whether or not the results of the testing are relied upon by Mr. Zwirn in forming any opinion concerning any issues in this case; (b) prepared by Mr. Zwirn, or anyone else, that Mr. Zwirn either consulted or considered as potentially relevant to any of the issues in this case; or (c) prepared by Mr. Zwirn, or anyone else, upon which Mr. Zwirn relied in forming any opinion with regard to this case;

13. Any and all protocols generated, received, reviewed, and/or followed by Mr. Zwirn and/or IDS regarding any inspection and/or testing performed by Mr. Zwirn or any member of his staff in connection with this case, including without limitation any protocol(s) for inspection and/or testing of the Exemplar referred to at page 3 of the Report;

14. Any and all documents or data compilations that establish the results of any testing, inspection, and/or preservation of evidence at issue in this case, including but not limited to the "Exemplar Testing of the Safewatch Pro 3000 Equipment and Features" referred to on page 3 of the report;

15. All items of physical evidence that Mr. Zwirn or any member of his staff has tested, investigated or studied that are related to this litigation, whether or not such physical evidence forms a basis for Mr. Zwirn's opinions in this case;

16. Any and all drawings, floor plans, measurements, and/or wiring and components diagram and layout created by Mr. Zwirn or at his direction in connection with this case, including specifically any and all wiring or programming that was required to have been installed to conform with applicable standards;

17. Any and all documents related to or documenting the results of any security survey or needs assessment for the Prystowsky Residence (4 Garden Place, Nutley, New Jersey) performed by Mr. Zwirn in support of his opinions;

18. If reviewed by Mr. Zwirn, the results of his forensic examinations done and reported in accordance with any of the following: (a) the American Society for Testing and Materials' Standards E860, entitled *Standard Practice for Examining and Testing Items That Are or May* Become *Involved in Product Liability Litigation*; (b) the American Society for Testing and Materials' Standard E1188, entitled, *Standard Practice for the Collection and Preservation of Information and Physical Items by a Technical Investigator*; or (c) the American Society for Testing and Materials' Standard E1492, entitled, *Standard Practice for Receiving, Documenting, Storing, and Retrieving Evidence in a Forensic Science Laboratory*;

19. All literature, correspondence, studies, computer printouts, books, treatises, government reports, rules or regulations, magazine articles, or any other documents, whether published or unpublished, that (a) Mr. Zwirn relied on in forming any opinion in this case not identified in the Report; or (b) that Mr. Zwirn either consulted or considered as potentially relevant to any of the issues in this case;

20. All documents reviewed by Mr. Zwirn in preparation for the above-noticed deposition not specifically identified in his report dated, including specifically any document obtained by IDS or Mr. Zwirn in any previous litigation in which ADT was a party and IDS/Mr. Zwirn was an expert or a consultant for any adverse party.

21. In addition to any information contained in mandatory disclosures to the Report, any all documents or communications that establish any expertise claimed by Mr. Zwirn in the areas of (a) acoustical engineering, sound measurement, frequency analysis or algorithm satisfaction; (b) determination of fire origin and cause; (c) electrical engineering; (d) determination of fire and or/smoke growth or spread rates; (e) fire modeling; (f) handwriting analysis; (g) calculation of smoke detector and/or heat detector response times; or (h) determination of carbon monoxide generation rates during a fire and/or human survival of fire smoke and poisonous gases;

22. Any notes, calculations, measurements, tests, analysis, research, or work of any type done after the Report was produced whether done or not in response to any review by IDS/Mr. Zwirn done of expert reports (Mr. Tekorius and Mr. Fiore) produced by ADT and/or as a result of ADT's production of the Residential Service Contract of November 19, 2002 with Milton Prystowsky, M. D.

23. Any and all timelines or other time analyses done or performed by IDS/ Mr. Zwirn to calculate, estimate or determine the time and/or the passage of times of the following: (a) the time the fire started at the Prystowsky residence on

4

January 7, 2004; (b) the time any properly placed smoke detector would have first detected the fire by alarming and transmitting a signal to the alarm panel; (c) the time that the alarm panel should have first transmitted the alarm to ADT's monitoring center; (d) the time the ADT monitoring center should have transmitted the alarm to the Nutley Fire Department or 911 Operator; (e) the time the Nutley Fire Department should have first arrived at the Prystowsky home; and (f) the time the rescue of Rose Prystowsky should have been effected for her to survive the fire.

Dated: February 3, 2012              SHOOK, HARDY & BACON L.L.P.

                                     By   s/Charles C. Eblen
                                          Charles C. Eblen

                                     2555 Grand Blvd.
                                     Kansas City, Missouri 64108-2613
                                     Telephone:  816.474.6550
                                     Facsimile:  816.421.5547
                                     Email:  ceblen@shb.com

                                     ATTORNEYS FOR DEFENDANT
                                     ADT SECURITY SERVICES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to the following:

Robert M. Caplan, Esq.
Deborah A. Crinigan, Esq.
William J. Schmidt, Esq.
White and Williams, LLP
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, PA 19103
crinigand@whiteandwilliams.com
**Attorney for Plaintiffs**

Neil L. Sambursky, Esq.
Miranda Sambursky Slone Sklarin
Verveniotis LLP
240 Mineola Boulevard
Mineola, NY  11501
(516) 741-7676; Fax: (516)-741-9060
NSambursky@MSSSV.com
**Attorneys for Pride Mobility Products Corp.**

Charles L. Simmons, Jr., Esq.
Gordman and Williams, PC
36 South Charles Street, Suite 900
Baltimore, MD 21201
(401) 528-0600; Fax: (401) 423-0602
Email:  CLSimmons@gandwlaw.com

Matthew S. Schorr, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
(973) 618-4155; Fax: (973) 618-0685
Email:  MSSchorr@mdwcg.com
**Attorneys for Third-Party Defendant Phoenix Mecano and Dewert Motorized Systems**

and I hereby certify that I have mailed a copy of the foregoing by U.S. Mail to the following non

CM/ECF participants:

>TGC Stores, Inc.
>c/o Steven B. Deutsch
>1199 Park Avenue, Apt 17d
>New York NY 10218
>(212) 831-1373
>**Defendant Pro Se**

s/ Charles C. Eblen
Attorneys for Defendant
ADT Security Services, Inc.