# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN D. PRYSTOWSKY, ERIC N. PRYSTOWSKY and MICHAEL PRYSTOWSKY, the EXECUTORS OF THE ESTATE OF PLAINTIFF, DR. MILTON PRYSTOWSKY, and STEPHEN D. PRYSTOWSKY AND ERIC N. PRYSTOWSKY, the EXECUTORS OF THE ESTATE OF ROSE PRYSTOWSKY, | |
| Plaintiffs, | |
| v. | |
| TGC STORES, INC., ADT SECURITY SERVICES, INC., INVACARE CORPORATION, and PRIDE MOBILITY PRODUCTS CORP., | Civil Action No.  2:07-cv-00072-SDW-MCA  **ADT SECURITY SERVICES, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT** |
| Defendants. | |
| and | |
| PRIDE MOBILITY PRODUCTS CORP., | |
| Defendant/Third-Party Plaintiff, | |
| v. | |
| DEWERT MOTORIZED SYSTEMS and PHOENIX MECANO, INC., | |
| Third-Party Defendants. | |

## <u>TABLE OF CONTENTS</u>

ARGUMENT ................................................................................................................. 3

I.      Legal standard. ................................................................................................... 3

II.     Plaintiffs' argument that the Contract is "confusing" fails because Plaintiffs do not plead their claim with specificity and New Jersey courts uphold similar contracts. .................... 3

              1.      Plaintiffs have not satisfied Rule 9(b)'s pleading requirements. ............... 4

              2.      The Contract is unambiguous. .................................................................. 5

III.    Plaintiffs' cause of action under N.J.S.A. § 56:12-15 fails as a matter of law because section 56:12-15 does not prohibit parties from voluntarily allocating the risk of loss. .... 7

IV.    Plaintiffs' cause of action under N.J.S.A. § 56:8-1, *et seq.* fails as a matter of law under Rule 9(b). ................................................................................................................. 9

CONCLUSION ........................................................................................................... 12

4918808 v1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

C<span style="font-variant:small-caps">ASES</span>

*Alexander v. CIGNA Ins.*,
   991 F. Supp. 427 (D.N.J. 1998) aff'd, 172 F.3d 859 (3d Cir. 1998) ......................................11

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .................................................................................................................3

*Bosland v. Warnock Dodge, Inc.*,
   933 A.2d 942 (N.J. Super. Ct. App. Div. 2007)..........................................................................7

*Foman v. Davis*,
   371 U.S. 178 (1962).....................................................................................................................3

*Gennari v. Weichert Co. Realtors*,
   691 A.2d 350 (N.J. 1997)...........................................................................................................11

*Greenspan v. ADT Sec. Services Inc.*,
   444 Fed. App'x. 566 (3rd Cir. 2011) ..........................................................................................7

*Gupta v. Asha Enterprises, L.L.C.*,
   27 A.3d 953 (N.J. Super. Ct. App. Div. 2011)..........................................................................11

*Harrison Beverage Co. v. Dribeck Imp., Inc.*,
   133 F.R.D. 463 (D.N.J. 1990).....................................................................................................3

*Hayes v. Gross*,
   982 F.2d 104 (3d Cir. 1992)........................................................................................................3

*High Point Ins. Co. v. ADT Security Servs.*,
   No. 05-3704, 2006 WL 1805893 (D.N.J. June 29, 2006)......................................................2, 7

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)......................................................................................................3

*Lala v. ADT Sec. Servs., Inc.*,
   No. 10-2698, 2010 WL 4923452 (D.N.J. Nov. 29, 2010) ..........................................................7

*Latraverse v. Kia Motors of Am., Inc.*,
   Civil No. 10–6133, 2011 WL 3273150 (D.N.J. July 27, 2011)................................................10

*Naporano Iron & Metal Co. v. Am. Crane Corp.*,
   79 F. Supp. 2d 494 (D.N.J. 2000) ..........................................................................................4, 5

ii

*Rait v. Sears, Roebuck and Co.*,
   No. 08–2461, 2009 WL 250309, (D.N.J. Feb. 3, 2009) ......................................................10

*Salvadori v. Option One Mortg. Corp.*,
   420 F. Supp. 2d 349 (D.N.J. 2006) .................................................................................8

*Synnex Corp. v. ADT Sec. Servs., Inc.*,
   928 A.2d 37 (N.J. Super. Ct. App. Div. 2007)...........................................................6

*Systems v. ADT Sec. Servs., Inc.*,
   No. 07-3579, 2008 WL 682232 (D.N.J. March 7, 2008)...................................7, 12

*Tessler and Son, Inc. v. Sonitrol Sec. Sys.*,
   497 A.2d 530 (N.J. Super. Ct. App. Div. 1985)............................................................6

*VT Investors v. R & D Funding Corp.*,
   733 F. Supp. 823 (D.N.J. 1990) .................................................................................11

*Young v. Prudential Ins. Co. of Am.*,
   688 A.2d 1069 (N.J. Super Ct. App. Div. 1997).......................................................5

## RULES

Fed. R. Civ. P. 9(b) ..................................................................................1, 2, 4, 5, 9, 10

Fed. R. Civ. P. 12(b)(6)...............................................................................................3

Fed. R. Civ. P. 15(a) ..................................................................................................3

## STATUTES

N.J.S.A. § 56:12-1, *et seq.* .................................................................................3, 4, 6

N.J.S.A. § 56:12-2.......................................................................................................1, 4

N.J.S.A. § 56:12-4.1...................................................................................................4

N.J.S.A. § 56:12-14...................................................................................................2, 5

N.J.S.A. § 56:12-15...................................................................................................7, 8

N.J.S.A. § 56:8-1, *et seq* .........................................................................................2, 9, 10

The Court should deny Plaintiffs' motion for leave to amend because Plaintiffs' proposed claims under the New Jersey Consumer Fraud Act ("CFA") are substantively and procedurally futile.

In this case, Plaintiffs allege that the fire alarm system installed by ADT failed to sufficiently alert Dr. Prystowsky to the January 7, 2004 fire at issue.  (Third Am. Compl. ¶¶ 24, 25.)  Because it is undisputed that the ADT alarm system detected the fire and sent a signal to the ADT monitoring facility, which dispatched the local fire department, this case boils down to Plaintiffs' allegation that the alarm failed to locally alert Dr. Prystowsky and that ADT failed to dispatch the fire department in a timely matter.  Although these allegations give rise to, at best, a claim for breach of contract or breach of warranty, Plaintiffs now seek leave to amend three CFA claims.  Plaintiffs' motion to amend should be denied because New Jersey and Federal law prohibit Plaintiffs' proposed claims.  As such, this Court should deny Plaintiffs' motion to amend as futile.

Plaintiffs seek to amend their CFA claims in an attempt to circumvent the terms of the Alarm Services Contract ("Contract") entered between ADT and Dr. Prystowsky.  The reason is simple:  the Contract contains terms that defeat Plaintiffs' claims against ADT, including a one-year limitation of action provision and limitation-of-liability provisions.  Namely, the one-year limitation of action provision renders this lawsuit time-barred, because Plaintiffs did not file this lawsuit within one year of the fire.  Provisions like the ones set forth in the Contract are routinely enforced by New Jersey Courts, and the same result is proper here.

In Count XII, Plaintiffs seek to reform the Contract, because it is written in "confusing terms" and thus violates N.J.S.A. § 56:12-2.  Count XII fails as a matter of law for two reasons.  First, Plaintiffs' claim does not satisfy Rule 9(b) requires because they fail to identify the portion

1

of the Contract they allege is "objectionable and unclear."  Second, New Jersey courts uphold these types of contracts as unambiguous and enforceable.  *See, e.g. High Point Ins. Co. v. ADT Security Servs.*, No. 05-3704, 2006 WL 1805893, at *3 (D.N.J. June 29, 2006) (enforcing ADT's contract for alarm services and finding that the contract's one-year limitation provision "could not be more clear or unambiguous.").  Plaintiffs' motion to amend Count XII is futile.

In Count XIII, Plaintiffs seek to "terminate" the Contract under N.J.S.A. § 56:12-14, but this claim fails as a matter of law because section 56:12-14 does not apply to voluntary contractual waivers, like those set forth in the Contract.  Plaintiffs contend the Court should terminate the Contract because it violates Plaintiffs' "clearly established legal right[s]…"  New Jersey courts, however, preserve freedom of contract and permit parties to contractually outline their rights and obligations.  Because the parties ***voluntarily*** defined their contractual rights and obligations in the Contract, section 56:12-14 does not apply, and Plaintiffs' motion to amend is futile.

Finally,  Plaintiffs' proposed fraud claim in Count XIV fails to state a claim because Plaintiffs do not plead the requisite specificity.  Plaintiffs allege ADT violated "N.J.S.A. § 56:8-1, *et seq*," but Chapter 8 of the CFA includes more than 100 different sections prohibiting various "frauds," and Plaintiffs do not identify a section ADT allegedly violated.  Plaintiffs likewise do not allege the date of the violation or the ADT employee that committed the violation.  Instead, Plaintiffs merely allege that ADT violated the CFA by "misrepresenting the capabilities of said alarm system and/or in concealing and/or omitting the inadequacies of said system."  Rule 9(b) dictates that such pleadings fail as a matter of law.  This Court should deny Plaintiffs' motion to amend as futile.

## <u>ARGUMENT</u>

**I.      Legal standard.**

The district court retains discretion to deny or grant a motion for leave to amend.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  While Rule 15(a) provides that leave to amend "shall be freely given while justice so requires," a court need not permit amendment where the amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  A court "may properly deny leave to amend where the amendment would not sustain a motion to dismiss."  *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983)).

A motion to dismiss is appropriate where, after taking all well-pleaded material allegations as true, the moving party is clearly entitled to judgment.  *Hayes v. Gross*, 982 F.2d 104, 105-06 (3d Cir. 1992).  A district court should dismiss a complaint where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to a state a claim.  *Id.*  Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*

**II.     Plaintiffs' argument that the Contract is "confusing" fails because Plaintiffs do not plead their claim with specificity and New Jersey courts uphold similar contracts.**

Plaintiffs seek to amend Count XII, alleging that the Contract violates N.J.S.A. § 56:12-1, *et seq*. because it contains "confusing terms."  This proposed amendment is futile for two

3

reasons: 1) Plaintiffs have not satisfied Rule 9(b)'s pleading requirements; and 2) the Contract is written in a "simple, clear, understandable and easily readable way" as a matter of law.  Thus, Plaintiffs' proposed amendment would not survive a motion to dismiss, and their motion to amend should be denied as futile.

Section § 56:12-2 requires parties to write consumer contracts in a simple, clear, and understandable fashion.  N.J.S.A. § 56:12-4.1 gives a reviewing court the power to "reform or limit a provision so as to avoid an unfair result" only if it finds that:

> a.    a material provision of the contract violates this act;
>
> b.    the violation caused the consumer to be substantially confused about any of the rights, obligations or remedies of the contract; *and*
>
> c.    the violation has caused or is likely to cause financial detriment to the consumer.

*Id.*  (emphasis added).  As set forth below, Plaintiffs' proposed amendment fails to state a claim under section 56:12-1, *et seq.*

### 1.    Plaintiffs have not satisfied Rule 9(b)'s pleading requirements.

Plaintiffs' proposed amendment to Count XII is futile because it does not satisfy Federal Rule of Civil Procedure 9(b).  A CFA claim fails as a matter of law if the plaintiff fails to plead with particularity under Rule 9(b).  *Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 510 (D.N.J. 2000).  "Rule 9(b)'s purpose is to provide defendants with notice of the *precise misconduct* that is alleged and to protect defendants' reputations by safeguarding them against spurious allegations of immoral and fraudulent behavior."  *Id.* at 511 (emphasis added). Rule 9(b) bars a complaint that does not identify: 1) the speaker of the alleged misrepresentation; 2) the recipients of the alleged misrepresentation; 3) the content of the alleged misrepresentation;

4) the means of communicating the alleged misrepresentation; or 5) the date of the alleged misrepresentation. *Id.* at 510.

Here, Rule 9(b) and *Naporano* prohibit Plaintiffs' proposed amendment to Count XII because the proposed Complaint alleges only broad, conclusory facts. While Plaintiffs claim the Contract includes "confusing terms," they do not identify which terms are unclear. (*See* Third Am. Compl., at ¶¶ 116-119.) Plaintiffs also do not explain how the Contract provisions misled Dr. Prystowsky, nor do they clarify what he believed the Contract's terms to mean. Further, Plaintiffs seek to reform the Contract, but they do not specify in what respect. (*Id.* at ¶ 120.) As such, Rule 9(b) and *Naporano* are fatal to Plaintiffs' motion to amend Count XII.

Plaintiffs' failure to allege "substantial confusion" under N.J.S.A. § 56:12-14 is likewise fatal to the proposed amendment to Count XII. Under N.J.S.A. § 56:12-14, a court can reform a contract and/or award damages if the Court finds that the consumer was "substantially confused about any of the rights, obligations or remedies of the contract…" *Id.* Dr. Prystowsky entered into the Contract with ADT, but he is now deceased. (Third Am. Compl., at ¶ 11.) Before he passed away, Dr. Prystowsky was deposed, and he did not testify (nor have Plaintiffs specifically alleged) that a portion of the contract "substantially confused" him. Accordingly, this Court should deny Plaintiffs' motion to amend Count XII pursuant to N.J.S.A. § 56:12-14 as futile.

### 2.   The Contract is unambiguous.

New Jersey precedent further bars the CFA claim in Count XII because the Contract is written in a "simple, clear, understandable and easily readable way" as a matter of law.[1] Plaintiffs fail to identify any allegedly "unclear" provisions, leaving ADT to speculate as to which provisions violate the CFA.

---

[1]   Interpretation and construction of a contract is an issue of law. *Young v. Prudential Ins. Co. of Am.*, 688 A.2d 1069, 1078 (N.J. Super Ct. App. Div. 1997).

To the extent Plaintiffs attempt to reform the Contract's risk-allocation provisions, this attempt fails because these provisions contain simple and straightforward terms.  For example, on the first page, directly above Dr. Prystowsky's signature, the Contract provides:

> **YOU ADMIT THAT YOU HAVE READ THIS PAGE IN ADDITION TO THE ATTACHMENT WHICH CONTAINS IMPORTANT TERMS AND CONDITIONS FOR THIS CONTRACT BEFORE SIGNING.  YOU STATE THAT YOU UNDERSTAND ALL THE TERMS AND CONDITIONS OF THIS CONTRACT INCLUDING, BUT NOT LIMITED TO PARAGRAPHS 6, 7, 8, 9, AND 10.  YOU ARE AWARE OF THE FOLLOWING:  NO ALARM SYSTEM CAN GUARANTEE PREVENTION OF LOSS, HUMAN ERROR IS ALWAYS POSSIBLE . . .**

(Pls.' Ex. G, at p. 1.)

The terms on the second page go on to limit Plaintiffs' claims with a one-year contractual limitations provision:  **"YOU AGREE TO FILE ANY LAWSUIT OR OTHER ACTION YOU MAY HAVE AGAINST [ADT]…WITHIN ONE (1) YEAR FROM THE DATE OF THE EVENT THAT CAUSED THE LOSS, DAMAGE OR LIABILITY."**  (*Id.* at p. 2, ¶ 10).  The Contract also limits Plaintiffs' recovery with language like the following:  **"YOU AGREE THAT WE AND OUR AGENTS, EMPLOYEES, SUBSIDIARIES, AFFILIATES AND PARENT COMPANIES ARE EXEMPT FROM LIABILITY FOR ANY LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE ARISING DIRECTLY OR INDIRECTLY FROM THE SERVICES WE PERFORM OR THE SYSTEMS WE PROVIDE UNDER THIS CONTRACT."**  (*Id.* at ¶ 6).  These provisions, taken individually and together, are not objectionable, unclear, or confusing.  Plaintiffs' proposed amendment is futile because the Contract does not violate N.J.S.A. § 56:12-1.

Moreover, New Jersey Courts routinely enforce these types of contractual risk allocation provisions.  *E.g., Synnex Corp. v. ADT Sec. Servs., Inc.*, 928 A.2d 37 (N.J. Super. Ct. App. Div. 2007); *Tessler and Son, Inc. v. Sonitrol Sec. Sys.*, 497 A.2d 530, 533-34 (N.J. Super. Ct. App.

Div. 1985); *Lala v. ADT Sec. Servs., Inc.*, No. 10-2698, 2010 WL 4923452, at * 4 (D.N.J. Nov. 29, 2010); *Systems v. ADT Sec. Servs., Inc.*, No. 07-3579, 2008 WL 682232, at * 2-3 (D.N.J. March 7, 2008); *see also Greenspan v. ADT Sec. Services Inc.*, 444 Fed. App'x. 566, 570 (3rd Cir. 2011) (applying Pennsylvania law, and holding that the limitation of liability provision set forth in ADT's contract was enforceable to limit the plaintiffs' claims to $500.00). Indeed, this Court (through an opinion by Magistrate Judge Arleo) upheld and enforced the one-year limitation provision in ADT's Residential Services Contract. *High Point Ins. Company v. ADT Sec. Servs.*, No. 05-3704, 2006 WL 1805893, at *3 (D.N.J. June 29, 2006). This Court also found that the language used in the contract's one-year limitation provision **"*could not be more clear or unambiguous*."** *Id.* (emphasis added).

Plaintiffs' claim that the Contract is unclear and violates the CFA contradicts the Contract's plain language and New Jersey case law. Plaintiffs' proposed amendment to Count XII is futile.

**III.    Plaintiffs' cause of action under N.J.S.A. § 56:12-15 fails as a matter of law because section 56:12-15 does not prohibit parties from voluntarily allocating the risk of loss.**

Plaintiffs' attempt to assert a claim under N.J.S.A. § 56:12-15 in Count XIII is likewise futile because New Jersey preserves the parties' right to contractually allocate rights and obligations, which the parties did here. As such, section 56:12-15 cannot apply to invalidate the Contract.

Section 56:12-15 prohibits sellers from entering into contracts with consumers that violate a "clearly established legal right" of the consumer. For example, a consumer's "clearly established legal right" is violated when an automobile dealer fails to comply with New Jersey law that prohibits hidden fees in sales contracts. *Bosland v. Warnock Dodge, Inc.*, 933 A.2d 942, 946 (N.J. Super. Ct. App. Div. 2007). It does not, however, prevent parties from *voluntarily*

waiving a "legal right" or entering into contracts that define the remedies for breach. Specifically, this Court has clarified that that section 56:12-15 does *not* apply where a party voluntarily waives its legal rights. *Salvadori v. Option One Mortg. Corp.*, 420 F. Supp. 2d 349, 355 (D.N.J. 2006). In *Salvadori*, the plaintiff argued that section 56:12-15 prohibited the defendant from enforcing an arbitration provision because the provision violated the plaintiff's "clearly established legal right" to a jury trial. *Id.* This Court quickly dispatched the plaintiff's arguments, reasoning as follows:

> Plaintiff attempts to equate a contract provision that violates a consumer's legal rights with a consumer's ability to voluntarily waive certain rights. Plaintiff is wrong. The plain language of the statute establishes that the focus of the Act is to preclude violations of clearly established rights, not the voluntary waiver of rights.

*Id.*

This Court went on to note that the plaintiff's arguments represented an "implausible" "misreading" of the statute, which would render void and unenforceable all contracts wherein a customer voluntarily waived a legal right. *Id.* Moreover, the *Salvadori* court recognized a contrary reading of the statute would lead to absurd results and would significantly hamper the freedom to contract in New Jersey. *Id.*

Here, as in *Salvadori*, the Contract merely defines the rights and obligations of the parties. In the Contract, the parties voluntarily allocated risk between themselves according to the obligations they undertook. New Jersey's law preserving the freedom contract thus requires this Court to uphold Dr. Prystowsky's voluntary waiver of his legal rights in the Contract. This Court should deny Plaintiffs' motion to amend as futile, because Count XIII of Plaintiffs' Complaint fails to state a claim.

**IV.    Plaintiffs' cause of action under N.J.S.A. § 56:8-1, *et seq*. fails as a matter of law under Rule 9(b).**

In their proposed Count XIV, Plaintiffs seek to add a count under N.J.S.A. § 56:8-1, *et seq*., alleging that ADT misrepresented its services.  But Plaintiffs' allegations violate Rule 9(b) because Plaintiffs fail to identify any specifics in support of their claim.  Moreover, their allegations do not state a claim for fraudulent misrepresentation because Plaintiffs have merely alleged breach of contract.

Plaintiffs assert the following:

125.  In engaging with Plaintiffs' decedents to install a fire alarm system at the Subject Premises, Defendant, ADT, misrepresented to Plaintiffs' decedents and/or falsely promised to Plaintiffs' decedents that the alarm system which ADT was to install would adequately protect Plaintiffs' decedents and their property from physical harm resulting from fire and/or concealed and/or omitted that said alarm system would not be adequate to protect Plaintiffs' decedents and their property.

126.  In misrepresenting the capabilities of said alarm system and/or in concealing and/or omitting the inadequacies of said system, Defendant, ADT, intended to induce reliance by Plaintiffs' decedents in the sale of said alarm system.

(Third Am. Compl. at ¶¶ 125-126.)[23]

These allegations do not meet the particularity that Rule 9(b) requires.  As explained above, a party must plead all CFA claims with particularity.  And Count XIV does not satisfy that requirement.  For example, Plaintiffs do not identify whether the Contract contained the

---

[2]     Although Plaintiffs' proposed amendment is untimely, Plaintiffs seek to amend their Complaint "in light of ADT's belated production of the Alleged Alarm Contract."  (Pls.' Mot. to Amend, at p. 7.).   In other words, the only justification Plaintiffs have for amending their Complaint is the fact that ADT recently produced the Contract.  Plaintiffs cannot use this justification to add claims unrelated to the Contract. Paragraphs 125-126 are exceedingly vague and encompass claims that are wholly separate from the Contract. The Court should not allow this because to do so would substantially prejudice ADT. Indeed, Plaintiffs filed this case nearly six years ago, discovery has closed, Dr. Prystowsky is deceased, and Plaintiffs have never previously alleged general CFA claims.

[3]     In paragraph No. 127, Plaintiffs also allege that ADT violated the CFA by employing an unconscionable contract that included a "draconian limitation of ADT's liability."  This allegation is meaningless because the Contract's terms did not cause Plaintiffs damages in this case.

alleged misrepresentation, whether an ADT employee made the alleged misrepresentation, or when the alleged misrepresentation occurred.  Plaintiffs likewise fail to allege what particular "capabilities" of the alarm system ADT misrepresented or what "inadequacies" of the alarm system ADT concealed.  *Id.*  Moreover, Chapter 8 of the CFA includes more than 100 sections that identify types of prohibited fraudulent conduct, and Plaintiffs do not identify what section ADT violated.  Instead, Plaintiffs merely allege that ADT violated "N.J.S.A. § 56:8-1, *et. seq.*"  Rule 9(b) operates to prevent plaintiffs from making such vague allegations, and it dictates that Plaintiffs' Count XIV fails as a matter of law.  *Rait v. Sears, Roebuck and Co.,* No. 08–2461, 2009 WL 250309, at *4 (D.N.J. Feb. 3, 2009) (finding complaint alleging only that plaintiff had purchased product, that product was defective, and that defendant was aware of defective nature of product and did not reveal defect, did not inject sufficient precision into the allegations of fraud and lacked factual detail).

Moreover, Count XIV is subject to heightened Rule 9(b) requirements because the allegations in Count XIV amount to claims that ADT's equipment failed to function as promised—the very same allegations that form the basis of their breach of contract and breach of warranty claims.   In such instances, the plaintiff must plead "substantial aggravating circumstances" with particularity.  *Latraverse v. Kia Motors of Am., Inc.*, Civil No. 10–6133, 2011 WL 3273150, at *5, n. 7 (D.N.J. July 27, 2011).  New Jersey law requires this heightened Rule 9(b) standard because most breaches of contract arise from the failure to comply with a promise but are not inherently fraudulent.  *See id.*  Plaintiffs' failure to plead aggravating circumstances magnifies the futility of Count XIV.

Plaintiffs' Count XIV also fails on the merits.  To state a CFA claim, a plaintiff must allege "unlawful conduct," including an affirmative misrepresentation or the knowing omission

10

of a material fact.  *Gupta v. Asha Enterprises*, L.L.C., 27 A.3d 953, 959 (N.J. Super. Ct. App.

Div. 2011).  In cases of an alleged misrepresentation, "not just any erroneous statement will

constitute a misrepresentation prohibited" under the CFA; rather, "[t]he misrepresentation has to

be one which is material to the transaction and which is a statement of fact, found to be false,

made to induce the buyer to make the purchase."  *Gennari v. Weichert Co. Realtors*, 691 A.2d

350, 366 (N.J. 1997) (internal quotations and citation omitted).  "Statements as to future or

contingent events, to expectations or probabilities, or as to what will or will not be done in the

future, do not constitute misrepresentations, even though they may turn out to be wrong."[4]

*Alexander v. CIGNA Ins.*, 991 F. Supp. 427, 435 (D.N.J. 1998) aff'd, 172 F.3d 859 (3d Cir.

1998) (citation omitted).  Likewise, opinions, estimates, and other representations concerning

future events "are not assurances of fact and thus do not constitute misrepresentations."  *See

Alexander*, 991 F. Supp. at 435–36 (finding that statements predicting the future, such as

"COMPAR would take CIGNA into the twenty-first century and beyond" could not serve as

basis for a fraud claim).[5]

Here, ADT's alleged statements involve future expectations and do not amount to

actionable misrepresentations under the CFA.  Plaintiffs allege that ADT promised the alarm

system would "protect" Plaintiffs' decedents in the event of a fire.  (Third Am. Compl. at ¶¶ 125-

126.)  This discussion of the system's future functioning is, at best, a statement of an opinion or a

statement involving a future expectation.  Moreover, Plaintiffs' allegation that the alarm system

failed to function as promised is nothing but an allegation that ADT breached the contract—not a

---

[4]    An exception exists if the defendant had no intent to perform or otherwise knew performance was impossible.  But Plaintiffs have made no such allegations here.

[5]    *See also VT Investors v. R & D Funding Corp.*, 733 F. Supp. 823, 838 (D.N.J. 1990) (holding that statement that company in which plaintiffs invested would quickly generate positive cash flow exceeding $60,000 per month was non-actionable "puffery" because it was a statement of opinion).

4918808 v1

CFA claim.  *Systems*, 2008 WL 682232, at *2-3 (dismissing the plaintiff's CFA claim because plaintiff essentially alleged that ADT failed to perform its contract).  It also contradicts the Contract's plain language.  (Pls.' Ex. G, at p. 1, providing that:  "**NO ALARM SYSTEM CAN GUARANTEE PREVENTION OF LOSS, HUMAN ERROR IS ALWAYS POSSIBLE**…")  Plaintiffs' proposed Count XIV is unfounded, and this Court should deny Plaintiffs' motion to amend as futile.

<u>CONCLUSION</u>

For all of the reasons stated above, Plaintiffs' proposed amendments to the Complaint are futile, and this Court should deny Plaintiffs' motion to amend.

Dated:  _____          SHOOK, HARDY & BACON L.L.P.

                                         By    s/Charles C. Eblen
                                               _____
                                               Charles C. Eblen

                                               J. Stan Sexton (*pro hac vice*)
                                               Kristi L. Burmeister (*pro hac vice*)
                                               2555 Grand Blvd.
                                               Kansas City, Missouri 64108-2613
                                               Telephone:  816.474.6550
                                               Facsimile:  816.421.5547
                                               Email:  ceblen@shb.com
                                                       jsexton@shb.com
                                                       kburmeister@shb.com

                                               ATTORNEYS FOR DEFENDANT
                                               ADT SECURITY SERVICES, INC.

4918808 v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 22, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to the following:

Robert M. Caplan, Esq.
Deborah A. Crinigan, Esq.
William J. Schmidt, Esq.
White & Williams, LLP
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, PA  19103
 (215) 864-7000; Fax: (215) 789-7694
crinigand@whiteandwilliams.com
**Attorney for Plaintiffs**

Neil L. Sambursky, Esq.
Miranda Sambursky Slone Sklarin
Verveniotis LLP
240 Mineola Boulevard
Mineola, NY  11501
(516) 741-7676; Fax: (516)-741-9060
NSambursky@MSSSV.com
**Attorneys for Pride Mobility Products
Corp.**

Charles L. Simmons, Jr., Esq.
Gordman and Williams, PC
36 South Charles Street, Suite 900
Baltimore, MD 21201
(401) 528-0600; Fax: (401) 423-0602
Email:  CLSimmons@gandwlaw.com

Matthew S. Schorr, Esq.
Marshall, Dennehey, Warner, Coleman &
Goggin
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
(973) 618-4155; Fax: (973) 618-0685
Email:  MSSchorr@mdwcg.com
**Attorneys for Third-Party Defendant
Phoenix Mecano and Dewert
Motorized Systems**

4918808 v1

and I hereby certify that I have mailed a copy of the foregoing by U.S. Mail to the following non

CM/ECF participants:

TGC Stores, Inc.
c/o Steven B. Deutsch
1199 Park Avenue, Apt 17d
New York NY 10218
(212) 831-1373
**Defendant Pro Se**

s/ Charles C. Eblen
Attorneys for Defendant
ADT Security Services, Inc.

4918808 v1