

Charles L. Simmons Jr. | clsimmons@gandwlaw.com | www.gandwlaw.com
Admitted in Maryland and the District of Columbia

Suite 900                1020 19th Street, NW
36 South Charles Street  Seventh Floor
Baltimore, MD 21201-3114 Washington, DC 20036-6121
P 410-528-0600           P 202-628-0564
F 410-528-0602

March 7, 2012

The Honorable Madeline Cox Arleo, U.S.M.J.
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
Room 2060
50 Walnut Street
Newark, NJ 07101

      Re:    *Dr. Milton Prystowsky v. TGC Stores, et al.*
            U.S. District Court for the District of New Jersey
            Civil Action No. 2:07-cv-00072(SDW)(MCA)

Dear Judge Arleo:

     This will provide Defendants' joint reply in support of their request for an order directing Plaintiffs to produce Joseph Caggiano for a fact deposition in this case.

     Plaintiffs attempt to shield Mr. Caggiano from deposition on three bases: (a) that the Caggiano testimony would be duplicative; (b) that it would be unduly burdensome for Plaintiffs to produce a witness under their control for deposition; and (c) that Caggiano's testimony would constitute privileged work product. Each of Plaintiffs' positions is incorrect and will be addressed in turn.

     A brief review of the facts is necessary to fully comprehend the implications of Plaintiffs' opposition on this issue:

-     The fire occurred on January 7, 2004

-     By January 8, 2004, Plaintiffs' insurer, Encompass, had retained the law firm of White and Williams who in turn retained the services of Robert Radecke (a cause and origin expert).

-     Between January 8, 2004 and February 3, 2004, White and Williams retained the services of electrical engineer Joseph Caggiano.

-     On February 3, 2004, Messrs. Radecke and Caggiano met at the

The Honorable Madeline Cox Arleo, U.S.M.J.
March 7, 2012
Page 2

Prystowsky home to inspect, collect and preserve evidence for future use by Plaintiffs and all other potentially responsible parties.[1]

- The Prystowsky home was razed before any of the Defendants in this case had an opportunity to inspect the fire scene or the evidence located at that scene.

- For these reasons, the physical evidence of the Prystowsky fire available to the Defendants is limited to the physical evidence collected by Messrs. Radecke and Caggiano. All other evidence of the fire scene is limited to photographs taken by Messrs. Radecke and Caggiano and the photographs produced by the Nutley Fire Department. Defendants have no other access to physical evidence related to the subject fire.

- In their February 8, 2008 Rule 26 disclosures, Plaintiffs identified Messrs. Radecke and Caggiano as experts expected to testify at the trial of this case.

- On April 30, 2010, Defendant Pride requested dates for the depositions of Radecke and Caggiano. Plaintiffs' attorneys responded that the individuals were experts and should be deposed during expert discovery. *See* April 30 e-mail exchange attached as <u>Exhibit 2</u>.

- On or about September 1, 2010, Plaintiffs designated their expert witnesses. Those witnesses did not include Messrs. Radecke or Caggiano.

- Thereafter, Defendants sought the deposition of Mr. Radecke believing that it was Mr. Radecke who was the individual responsible for inspecting, collecting and preserving the physical evidence in this case.

- Although Defendants had absolutely no opportunity to inspect the fire scene or to offer input into the evidence collected and preserved for future use in this case, Plaintiffs objected to the deposition of Mr. Radecke on the basis that he had been reclassified as a "consulting expert."

---

[1] Plaintiffs inaccurately assert "the scene inspection about which Defendants seek to question Mr. Caggiano took place in the presence of, and in conjunction with, Plaintiffs' counsel." *See* Opposition at p.8. Mr. Caggiano was present at the fire scene on two dates: January 21, 2004 and February 3, 2004. Radecke dep. pp. 208-9; 220, attached as <u>Exhibit 1</u>. Plaintiffs' attorney, Deborah Crinigan, was present at the January 21, 2004 site visit, which lasted no more than two hours and did not involve the collection or preservation of evidence. Radecke dep. pp. 208-18. Also present at that January 21 visit were non-party and non-expert witnesses David Wilson from the Nutley Fire Department and Vic Panico from the Essex County Prosecutor's office. Nothing discussed in the presence of those witnesses could be privileged. More importantly, on February 3, 2004, the day on which evidence was actually inspected, collected and preserved, the only persons present were Radecke and Caggiano. Radecke dep. p. 220. Thus, the inspection about which Defendants seek to question Mr. Caggiano did not take place in the presence of, or in conjunction with, Plaintiffs' counsel.

The Honorable Madeline Cox Arleo, U.S.M.J.
March 7, 2012
Page 3

- Following a conference call with Your Honor in December 2011, Plaintiffs capitulated and agreed to produce Mr. Radecke for deposition.

- Mr. Radecke was deposed on January 31, 2012 and gave the testimony cited in Defendants' letter brief that seeks the deposition of Mr. Caggiano.

With respect to Plaintiffs particular objections:

I. **Taking the Deposition of Mr. Caggiano would not be Duplicative**

Plaintiffs argue that Defendants should be precluded from taking the deposition of Mr. Caggiano because it would be duplicative of other testimony in this case. *See* Fed.R.Civ.P. Rule 26(b)(2)(C). Plaintiffs are incorrect.

Plaintiffs contend that the deposition testimony of Caggiano would be duplicative of the testimony of Jeffrey Cartwright (Essex County Prosecutor's Office) and David Kircher (Fire Marshal). Neither Mr. Cartwright nor Mr. Kircher was in anyway involved in the collection or preservation of physical evidence in this case. These witnesses were concerned with identifying the area of origin of the fire and making determinations of whether the fire was intentional or accidental in nature. Neither of these witnesses participated in the collection or preservation of evidence for future use in this case.

Likewise, the testimony of Robert Radecke is not duplicative. The citations to Mr. Radecke's testimony including in Defendants' letter brief make clear that it was Mr. Caggiano alone who made critical decisions about evidence collection and preservation including decisions about whether to trace house wiring, decisions about whether to preserve circuit breakers or circuit panel boxes, and decisions about whether to preserve devices found in the fire debris. Mr. Radecke testified that he relied on Caggiano's decisions in these regards. Thus, the reasons why Caggiano discarded evidence and failed to undertake basic electrical investigation at the fire scene are known only to Mr. Caggiano. His deposition would not be duplicative.

II. **The Deposition of Mr. Caggiano would not be Burdensome**

Plaintiffs contend that a deposition of Mr. Caggiano would be unduly burdensome. *See* Fed.R.Civ.P. Rule 26(b)(2)(C). Specifically, Rule 26 provides that discovery can be limited if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

The Honorable Madeline Cox Arleo, U.S.M.J.
March 7, 2012
Page 4

Plaintiffs proffer two points in this regard: (a) that other depositions in this case have lasted for the Court permitted limit; and (b) that the pre-trial statement is due on March 19 and Plaintiffs cannot spare the time to prepare for and take another deposition. Respectfully, neither of these arguments satisfies the standard presented by Rule 26(b)(2)(C).

Plaintiffs suggest that the length of time taken to conduct depositions in this case is somehow burdensome. However, as contemplated in Rule 26, the instant matter is a serious products liability case in which Plaintiffs are seeking damages against the defendants in an amount "in excess of Two Million Five Hundred Thousand Dollars" for the claims related to Rose Prystowsky's death and that same amount for the claims related to Milton Prystowsky's injuries. *See* Plaintiffs' proposed Amended Complaint, docket number 218-4. In truth, Plaintiffs seek damages that are many multiples of these *ad damnum* provisions.[2]

Additionally, Plaintiffs fail to disclose that nearly all of the expert depositions in this case, including the depositions taken by Plaintiffs, were at or near the time limit imposed by rule. This is a complicated case with many facts and issues. There is nothing improper or burdensome about depositions being taken in accordance with this Court's rules.

Finally, there is little to no actual burden to Plaintiffs in allowing this deposition to go forward. By agreement, all of the expert depositions have occurred in Plaintiffs' attorneys' offices in Philadelphia. Further, Mr. Caggiano has been designated as a consulting expert so Plaintiffs clearly have access to Mr. Caggiano for purposes of scheduling his deposition. Finally, Plaintiffs' claim that they cannot spare the time to conduct the deposition rings hollow. Plaintiffs are represented by the firm of White and Williams. White and Williams has approximately 225 attorneys. *See* http://www.whiteandwilliams.com/firm.html. In fact, four attorneys (Deborah Crinigan, Robert Caplan, William Schmidt and Mary Alison McGohon) from White and Williams have entered their appearances and are actively representing Plaintiffs in this case.

There is no burden to Plaintiffs in producing Mr. Caggiano for deposition. Respectfully, the Court should require Plaintiffs to produce Mr. Caggiano for deposition within the next thirty (30) days.

---

[2] Plaintiffs' supplemental Rule 26 disclosure, served on February 3, 2012, indicates that Plaintiffs are actually seeking in excess of $10,000,000 for claims related to the death of Rose Prystowsky and in excess of $20,000,000 for the claims related to Milton Prystowsky's injuries.

The Honorable Madeline Cox Arleo, U.S.M.J.
March 7, 2012
Page 5

### III. Defendants Seek Mr. Caggiano's Fact Knowledge, not Protectable Work Product

Plaintiffs' final argument is that Mr. Caggiano's testimony should be kept from Defendants because such testimony is protectable work product. Plaintiffs' argument in this regard fails because Defendants do not seek work product information. Alternatively, the deposition should be permitted because Rule 26 exceptions are applicable.

First, Plaintiffs are incorrect in their assertion that Defendants seek causation opinions. Defendants seek only the observations Mr. Caggiano made during his activities at the fire scene inspecting, collecting and preserving the physical evidence and his reasons for failing to secure certain evidence (e.g., devices found in the debris pile in the area of origin, the circuit breakers, the circuit breaker boxes, house wiring, alarm equipment, etc.). Contrary to Plaintiffs' contention, Defendants did not ask Mr. Radecke, and will not ask Mr. Caggiano, his opinions concerning causation, i.e., what device, if any, caused the Prystowsky fire. Thus, the information sought from Mr. Caggiano is not protected by work product privilege.

Second, Mr. Caggiano was not originally retained as a consulting expert. He was retained by Plaintiffs to participate in a fact intensive activity for the benefit of all parties in this litigation, i.e., the inspection, collection and preservation of physical evidence from the Prystowsky fire scene. Mr. Caggiano was apparently also was retained for a second purpose, to give trial testimony concerning the cause of the fire (presumably electrical in nature, based on his expertise). Defendants do no seek Mr. Caggiano's opinions concerning causation. Rather, Defendants seek Mr. Caggiano's testimony concerning his role in collecting and preserving physical evidence from the fire scene. In this capacity, Mr. Caggiano's testimony does not fall within the ambit of Rule 26(b)(3) or 26(b)(4)(D).

Third, if Plaintiffs are somehow successful in their efforts to characterize Mr. Caggiano's activities of collecting and preserving fire scene evidence as the activities of a "consulting expert," exceptional circumstances exist in this case under an applicable exception provided in Rule 26 to permit Defendants to conduct the deposition. The relevant exception concerns situations, as here, where it is impracticable for Defendants to obtain facts or opinions on the same subject by other means:

> Ordinarily, a party may not, by interrogatories or deposition, discovery facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not

The Honorable Madeline Cox Arleo, U.S.M.J.
March 7, 2012
Page 6

>expected to be called as a witness at trial. But a party may do so only: . . . (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Rule 26(b)(4)(D)(ii).

Relevant portions of Mr. Radecke's testimony are quoted in Defendants' letter brief. That testimony is clear that Mr. Caggiano was intimately involved in the inspection, collection and preservation of physical evidence from the fire scene. In fact, it was Mr. Caggiano who took the lead role in deciding what evidence would be preserved and what evidence would be discarded when the house was ultimately razed. His role in this regard has generated a number of evidence preservation issues that are important to this case, including the identity of the house wiring serving the alleged area of origin of the fire, the circuit breakers and their capacity for this same area, the location and condition of smoke alarm and sounding equipment, and the disposition of certain devices and evidence found and photographed in the fire debris but not preserved for inspection and testing by Defendants. Defendants have no method other than a deposition of Mr. Caggiano of obtaining information concerning these critical issues.

Other cases considering similar limitations on the information and evidence available to defendants have permitted requested discovery. *See, e.g., Cooper v. Meridian Yacht, LTD.*, No. 06-61630, 2008 WL 2229552, at *7 (S.D. Fla. May 28, 2008) (defendants were entitled to production of documents concerning consulting experts' disassembly of a flood lift because "defendants can have no comparable opportunity to inspect the lift in its assembled state following the accident."); *Colden v. R.J. Schofield Motors*, 14 F.R.D. 521 (N.D. Ohio 1952) (defendants entitled to consulting expert's report because consulting expert disassembled a vehicle; defendant's expert unable to engage in a similar examination); *Delacastor, Inc. v. Vail Assoc.*, 108 F.R.D. 405 (D. Colo. 1985) (circumstance precluded plaintiff's expert from gaining first hand observation of condition and plaintiff therefore entitled to consulting expert's report).

In a case nearly on all fours, the Northern Division of Indiana compelled the deposition of a consulting electrical expert who was responsible for collecting and preserving evidence at a fire scene. *Cincinnati Ins. Co. v. Hamilton Beach/Proctor Silex Inc.*, No. 4:05-cv-49, 2007 WL 2609829 (N.D. Ind. Sept. 5, 2007). In *Hamilton Beach*, plaintiff retained electrical engineer James Finneran to inspect the fire scene and collect and preserve relevant evidence for future use in litigation. Similar to Mr. Caggiano's activities in this case, Mr. Finneran selected and preserved evidence from the fire scene. Similar to the Defendants in this case, Hamilton Beach never had an opportunity to inspect the fire scene. Hamilton Beach sought the deposition of Mr. Finneran. Plaintiff attempted to shield Mr. Finneran from deposition by designating him as a consulting

The Honorable Madeline Cox Arleo, U.S.M.J.
March 7, 2012
Page 7

expert. On these facts, however, the Court found an exceptional circumstance in that Mr. Finneran had access to information that was otherwise unavailable to Hamilton Beach and compelled the deposition. *See also, Terre Haute Warehousing Service, Inc. v. Grinnell Fire Protection Systems*, 193 F.R.D. 561 (S.D. Ind. 1999).

The same result should occur here. Mr. Caggiano's role with respect to evidence collection and preservation was unique. It was Mr. Caggiano, and Mr. Caggiano alone, who decided whether certain evidence should be retained (and thus available to defendants for inspection) or discarded (and therefore unavailable for inspection). Mr. Radecke's testimony lays this responsibility squarely at Mr. Caggiano's feet. Plaintiff should be compelled to produce Mr. Caggiano for deposition.

### Conclusion

Defendants have demonstrated the necessity of deposing Mr. Caggiano. For the foregoing reasons, Plaintiffs have failed to show that a deposition of Mr. Caggiano would be duplicative or burdensome. Further, Mr. Caggiano's testimony does not constitute protectable work product. To the extent that Mr. Caggiano's activities were conducted in his role as a consulting expert, exceptional circumstances exist to allow for Mr. Caggiano's deposition.

Finally, were Plaintiffs to prevail on this issue, the Court would essentially be sanctioning a dangerous and inequitable practice. Such a result would permit future plaintiff parties to retain experts to inspect, gather and preserve evidence from a fire scene over which the plaintiff has exclusive possession and control. Those experts could then gather and collect only that evidence helpful to the retaining party. In such cases, plaintiff parties could shield those witnesses from future deposition simply by reclassifying the witnesses as "consulting experts." Such practice would be inequitable and certainly not in accordance with the letter or spirit of Rule 26.

Defendants request the opportunity to present oral argument on these issues.

Very truly yours,

| | |
|---|---|
| GORMAN & WILLIAMS | MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN |
| By: /s/ *Charles L. Simmons, Jr.* | By: /s/ *Matthew S. Schorr* |
| Charles L. Simmons, Jr. | Matthew S. Schorr |

cc: All Counsel (via ECF and email)