|  |  |
|---|---|
| DR. MILTON PRYSTOWSKY, : | UNITED STATES DISTRICT COURT |
|  : | DISTRICT OF NEW JERSEY |
| Plaintiff(s),  : |  |
|  : | Hon. Susan D. Wigenton |
| -vs-  : | Civil Action No. 07-72 (SDW) |
|  : |  |
| TGC STORES, INC., et al.,  : | ORDER SCHEDULING |
|  : | **FINAL PRETRIAL CONFERENCE** |
| Defendant(s),  : |  |

**TO:** All Counsel of Record

**IT IS** on this 4th day of June, 2012

**ORDERED THAT:**

1.      **A Final Pretrial Conference** shall be conducted pursuant to Civil Rule 16(d) at **10:00 a.m. on Tuesday, July 17, 2012** before the undersigned in Courtroom 2A of the Martin Luther King Federal Courthouse Building, 50 Walnut Street, Newark, New Jersey.

2.      All counsel are directed to assemble at the office of Plaintiff's counsel not later than ten (10) days before the pretrial conference to prepare the proposed joint Final Pretrial Order in the form and content required by the Court, as well as the required pretrial submissions consisting of Agreed-Upon Jury Instructions, Voir Dire Questions and Verdict Sheet, Trial Briefs and a Neutral Statement of the case, limited to two typewritten pages, to be read to the jury panel.  Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval. A copy of the district judge's form of Final Pretrial Order and other instructions are attached.

3.      The Final Pretrial Order, Jury Instructions, Voir Dire and Verdict Sheet at to be **joint** submissions. Individual submissions will not be accepted.  All counsel are responsible for the timely submission of the Pretrial Order and submissions.

      4.      With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination at the day of the Final Pretrial Conference.

      5.      All of the above submissions are to be delivered to the undersigned by the close of business on **Friday, July 13, 2012**.

      6.      Following the final pretrial conference, this matter has a preemptory trial date of July 31, 2012 before the Honorable Susan D. Wigenton.

      7.      There will be a settlement conference before the undersigned prior to the conference.

      8.      In addition, all summary judgment and in limine motions shall be filed on the following schedule:

> June 15, 2012 – Moving Brief
> July 13, 2012 – Opposition
> July 20, 2012 – Reply

All briefs shall be e-filed, copy to Chambers.

      *s/Madeline Cox Arleo*
      **MADELINE COX ARLEO**
      **United States Magistrate Judge**

Original:    Clerk of the Court
cc:          All Parties
             Deputy Clerk
             File

**THIS FORM IS TO BE RETYPED IN FULL INCLUDING ALL**

**INSTRUCTIONS AND ALL MATERIAL INSERTED IN PROPER SEQUENCE**
**AND NOT BY MEANS OF ATTACHED RIDERS EXCEPT AS SPECIFICALLY PROVIDED BELOW.**

_____

(PLEASE NUMBER ALL PAGES)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                          :   Civil Action No.
                          :
         Plaintiff(s),    :   HON. SUSAN D. WIGENTON,
                          :         U.S.D.J.
   -vs-                   :
                          :   FINAL PRETRIAL ORDER
                          :
                          :
         Defendant(s).    :
```

A final pretrial conference having been held before the Honorable Madeline Cox Arleo, U.S.M.J., _____ having appeared for plaintiff(s), and _____ having appeared for defendant(s), the following Final Pretrial Order is hereby entered:

1. **JURISDICTION**   (set forth specifically)

2. **PENDING/CONTEMPLATED MOTIONS**   (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or the calendar.  Also, set forth the nature of the motion and the return date.  If the Court indicated that it would rule on any matter at pretrial, summarize that matter and each party's position.)

3. **STIPULATION OF FACTS** (Set forth in numbered paragraphs all uncontested facts, including all answers to interrogatories and admissions, to which the parties agree.)

(S.F.)

4. **CONTESTED FACTS** (Proofs shall be limited at trial to the contested facts set forth. Failure to set forth any contested facts shall be deemed a waiver thereof.)

    A.   Plaintiff:
       1.  Liability
       2.  Damages

    B.   Defendant:
       1. Liability
       2. Damages

5. **WITNESSES** (Aside from those called for impeachment purposes, only the witnesses set forth may testify at trial. No summary of testimony is necessary.)

    A.   Plaintiff:

    B.   Defendant:

6. **EXPERT WITNESSES** (No expert shall be permitted to testify at trial unless identified below and unless a summary of his qualifications* and a copy of his report is attached hereto. The summary shall be read into the record at the time he takes the stand, and opposing counsel shall not be permitted to question his expert qualifications unless the basis or objection is set forth herein.)

    A.   Plaintiff:

    B.   Defendant:

___

*If the parties stipulate to an expert's qualifications, there is no need to attach a summary.

7. **DEPOSITIONS** List, by page and line, all deposition

testimony to be offered into evidence. All irrelevant and redundant matters and all colloquy between counsel must be eliminated. Deposition testimony to be used solely for impeachment purposes need not be listed.)

    A.   Plaintiff:

    B.   Defendant:

8.  **EXHIBITS**  (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set forth on the exhibit list attached hereto may be introduced at trial. All parties hereby agree that, unless set forth herein, objections to authenticity are deemed waived.)

    A.   Plaintiff:    SEE ATTACHED EXHIBIT LIST.

    B.   Defendant:    SEE ATTACHED EXHIBIT LIST.

9.  **SINGLE LIST OF LEGAL ISSUES**  (All issues shall be set forth below. The parties need not agree on any issue. Any issue not listed shall be deemed waived.)

10.  **MISCELLANEOUS**  (Set forth any matters which require action or should be brought to the attention of the Court.)

11.  **TRIAL COUNSEL**  (List the names of trial counsel for all parties.)

12.  **JURY TRIALS**

    Not later than_____

    A.   Each party shall submit to the District Judge and to opposing counsel a trial brief in accordance with Local Rule 7.2 (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments in support of its position on all disputed issues of law. **THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE**

**DISPUTE. FAILURE TO BRIEF ANY ISSUE, INCLUDING AN EVIDENTIARY ISSUE WHICH SHOULD HAVE BEEN ANTICIPATED, WILL BE DEEMED TO BE A WAIVER OF SUCH ISSUE.** In the event a brief is not submitted, the delinquent party's pleading may be stricken.

    B. Each party shall submit to the District Judge and to opposing counsel any hypothetical questions to be put to an expert witness on direct examination.

13. **JURY INSTRUCTIONS VOIR DIRE, NEUTRAL STATEMENT OF THE CASE AND VERDICT SHEET.**

Agreed-upon jury instructions, voir dire questions, verdict sheet and a neutral statement of the case to be read to the jury panel must be submitted ten (10) days prior to the trial date. In the event counsel cannot agree, they are to contact the chambers of Magistrate Judge Madeline Cox Arleo to schedule a conference to be conducted more than ten (10) days prior to the trial date. Jury instructions are to be submitted in the standard format:

    A. The parties shall also confer and agree upon a verdict sheet and shall follow the above designated procedure for arriving at jointly agreed upon instructions where applicable.

    B. Counsel shall also confer and agree upon a neutral statement summarizing the case that the Court can use in orienting the panel as to the kind of case this is.

    C. The parties are required to jointly submit one set of agreed upon instructions.

It is not enough for the parties to merely agree upon the standard general instructions, and then each submit their own set of substantive instructions. The parties are expected to meet, confer and agree upon the substantive instructions for the case.

To accomplish this the parties are required to serve their proposed instructions upon each other three weeks prior to trial. The parties then are required to meet or confer and submit to the Court one complete set of agreed upon instructions.

D.   If the parties cannot agree upon one complete set of instructions, they are required to submit one set of those instructions that have been agreed upon, and each party should submit a supplemental set of only those instructions which are not agreed upon.

E.   These joint instructions and supplemental instructions must be filed one week prior to trial. Each party should then file, two days before trial, its objections to the non-agreed upon instructions proposed by the other party. Any and all objections shall be in writing and shall set forth the proposed instruction in its entirety. The objections should then specifically set forth the objectionable material in the proposed instruction. The objection shall contain citation to authority explaining why the instruction is improper and a concise statement of argument concerning the instruction. Where applicable, the objecting party shall submit an alternative instruction governing the subject or principle of law.

F.   The parties are required to submit the proposed joint set of instructions and proposed supplemental instructions in the following format:

(i)   There must be two sets of each instruction;

(ii)   The first copy should indicate the number of the proposed instruction, and the authority supporting the instruction;
and

(iii)   The second copy should contain only the proposed instruction - there should be no other marks or writings on the second copy except for a heading reading "Instruction # __" with the number left blank.

(iv)   The parties shall also submit to the Deputy Clerk where possible a 3.5" disc in Word Perfect (preferably version 12) containing the second copy

7

referenced in paragraph (iii).

G.   All instructions should be short, concise, understandable and <u>neutral</u> statements of law. Argumentative or formula instructions are improper, and will not be given and should not be submitted.

H.   Parties should also note that any modifications of instructions from statutory authority, or Devitt, Blackmar & O'Malley (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

I.   The parties are required to jointly submit a set of agreed upon voir dire questions. Accordingly, the parties are required to serve their proposed voir dire upon each other three weeks prior to trial and shall follow the above designated procedure for arriving at jointly agreed upon instructions where applicable.

Failure to comply with any of the above instructions may subject the non-complying party and/or its attorneys to sanctions.

14.   **NON-JURY TRIALS**

At the final pretrial conference, or as directed by the Magistrate Judge:

A.   Each party shall submit to the District Judge and to opposing counsel a trial brief in accordance with General Rule 27 (SEE ATTACHED "RIDER ON LENGTH OF BRIEFS") with citations to authorities cited and arguments in support of its position on all disputed issues of law.  **THE BRIEF SHALL ALSO ADDRESS ANY ANTICIPATED EVIDENCE DISPUTE.  FAILURE TO BRIEF ANY ISSUE, INCLUDING AN EVIDENTIARY ISSUE WHICH SHOULD HAVE BEEN ANTICIPATED, WILL BE DEEMED TO BE A WAIVER OF SUCH ISSUE.**  In the event a brief is not submitted, the delinquent party's pleading may be stricken.

B.   Each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and

Conclusions of Law.

    C.  Each party shall submit to the District Judge and to opposing counsel any hypothetical questions to be put to an expert witness on direct examination.

15. **BIFURCATION**  (When appropriate, liability issues shall be severed and tried to verdict. Thereafter, damage issues will be tried.)
    The issues of liability and damages **SHALL/SHALL NOT** be tried separately.

16. **ESTIMATED LENGTH OF TRIAL**

    _____ days for liability and _____ days for damages.

17. **TRIAL DATE** _____

**AMENDMENTS TO THIS PRETRIAL ORDER SHALL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED.  THE COURT MAY FROM TIME TO TIME SCHEDULE CONFERENCES AS MAY BE REQUIRED EITHER ON ITS OWN MOTION OR AT THE REQUEST OF COUNSEL.**

_____
(Attorney for Plaintiff)

_____
(Attorney for Defendant)

_____
**MADELINE COX ARLEO**
**UNITED STATES MAGISTRATE JUDGE**
Dated:

**RIDER ON LENGTH OF BRIEFS**

The attention of the parties is directed to Local Rule 7.2(b). Briefs "shall not exceed 40 <u>ordinary</u> typed pages***" (emphasis added). This page limitation shall be <u>strictly enforced</u>.

When submitting a brief in accordance with Local Rule 7.2(b), a party may request special permission to submit an additional brief on any point or points deemed to need additional pages of argument. This request must be made by letter not to exceed two ordinary typed or printed pages and <u>must</u> be submitted with the brief.

The Court shall, in its sole discretion, decide whether to allow additional briefing on review of the party's Local Rule 7.2(b) brief and letter.

The Court also reserves the right, in its sole discretion, to require additional briefing on any point or points after review of the written submissions of the parties or oral argument.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                    :
                                    :    Civil Action No.
                                    :
           Plaintiff(s),            :    Hon. Susan D. Wigenton
                                    :          U.S.D.J.
   -vs-                             :
                                    :    FINAL PRETRIAL ORDER
                                    :       EXHIBIT LIST
                                    :
           Defendant(s).            :    Trial Date _____
```

**No.        Description of Exhibit            ID.      EV.**