UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN D. PRYSTOWSKY, ERIC N. PRYSTOWSKY and MICHAEL PRYSTOWKY, the EXECUTORS OF THE ESTATE OF PLAINTIFF, DR. MILTON PRYSTOWSKY, and STEPHEN D. PRYSTOWSKY AND ERIC N. PRYSTOWSKY, the EXECUTORS OF THE ESTATE OF ROSE PRYSTOWSKY,<br><br>     Plaintiffs,<br><br>v.<br><br>TGC STORES, INC., ADT SECURITY SERVICES, INC., INVACARE CORPORATION, and PRIDE MOBILITY PRODUCTS CORP.,<br><br>     Defendants.<br><br>and<br><br>PRIDE MOBILITY PRODUCTS CORP.,<br><br>     Defendant/Third-Party Plaintiff,<br><br>v.<br><br>DEWERT MOTORIZED SYSTEMS and PHOENIX MECANO, INC.,<br><br>     Third-Party Defendants. | Civil Action No. 2:07-cv-00072-SDW-MCA<br><br>**ADT SECURITY SERVICES, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

Defendant ADT Security Services, Inc. ("ADT") submits the following statement of undisputed material facts in support of its Motion for Summary Judgment:

1. On November 19, 2002, Dr. Milton Prystowsky entered into a residential services contract ("Contract") with ADT. (Eblen Cert., **Exh. A** (Contract); Eblen Cert., **Exh. B** (Pollard deposition) at 33:17-34:6 (testimony by ADT sales representative, Gina Pollard, that Exhibit 2 of

1

5096357 v1

her deposition is the residential services contract for Dr. Milton Prystowsky); *id.* at 37:7 – 38:8 (verifying that her signature and Dr. Milton Prystowsky's signature appear on the contract).)

2. Dr. Prystowsky was a practicing physician with his own medical practice up to and until 2006. (Eblen Cert., **Exh. E** at No. 25.)

3. The Contract provided that Dr. Prystowsky was purchasing four smoke detectors, one for each level of his residence. (Eblen Cert., **Exh. A** at p. 1.)

4. ADT requires signed customer contracts before ADT performs its installation work. (Eblen Cert., **Exh. C** at 20:17-22:17; *id.* at 37:3-11.)

5. On January 31, 2003, ADT installed the contracted-for equipment at the Prystowsky residence. (Eblen Cert.*,* **Exh. A** and rider for additional services attached thereto; Eblen Cert., **Exh. C** at 25:22 – 27:2.)

6. Dr. Prystowsky testified at his deposition he did not remember whether he entered a written Contract with ADT:

> **Q: Do you recall going over any paperwork with the gentleman when he set up the system in your home?**
>
> **A: I have no recollection of anything like that.**
>
> **Q: Do you recall signing any type of agreement that said, you know, you would pay this fee a certain time each month.**
>
> **A: I have no recollection. I was interested in being sure that it worked, and I was going to get good service. The rest of it I just don't remember.**

(Eblen Cert., **Exh. F** at 180:3-14.)

7. Dr. Prystowsky testified at his deposition the alarm system functioned properly after it was installed:

> **Q: Prior to the fire, did you have any complaints with the fire protection system or security system in your home?**

2

> **A: No. Actually, they – When he installed the system, I made sure that it worked before he left and I paid attention to the fact that it never bleated. It blasted when you came in. When he showed it to me, it worked.**

(Eblen Cert., **Exh. F** at 176:20-177:3; *id.* at 178:13-20.)

8. On January 7, 2004, a fire occurred at the Prystowsky residence. (Third Amended Complaint (hereinafter "Compl."), at ¶ 24.)

9. Plaintiffs claim the fire originated at a chair in the Prystowsky home. (Compl. at ¶ 24.)

10. In that fire, Dr. Milton Prystowsky sustained injuries and Rose Prystowsky died. (Compl. at ¶¶ 34-35.)

11. Plaintiffs filed their initial Complaint on January 5, 2006. (Eblen Cert. at ¶ 2.)

12. Plaintiffs allege that the fire alarm equipment installed by ADT failed to notify the Prystowskys of the fire, and that ADT delayed notifying the fire department of the same. (Compl. at ¶ 25.)

13. Plaintiffs assert the following claims against ADT: negligence (Count VIII), breach of implied contract (Count IX), breach of warranty (Count X), strict liability (Count XI), and violation of the New Jersey Consumer Fraud Act (Counts XII – XIV). Plaintiffs also assert a wrongful death and survival action against ADT. (*See* Compl., Counts VIII-XVI.)

14. After ADT received the Complaint, it began a search for the Contract entered between ADT and Dr. Prystowsky, including a search of the local ADT office and ADT's third-party central storage facility, Iron Mountain.[1] (Eblen Cert., **Exh. D** (Reynolds deposition) at 9:5-12:3.)

---

[1] Tyco International Ltd., the parent company for ADT, communicated with Iron Mountain in the search for the Contract on behalf of ADT.

15. ADT's local office and Iron Mountain could not locate the Contract. (Eblen Cert., **Exh. D** at 11:9-12:4.)

16. In December 2011, ADT made a final attempt to locate the Contract, and ADT learned that the Contract did in fact exist. (Eblen Cert., **Exh. D** at 29:14 – 31:8.)

17. ADT then directed its third-party central storage facility, Iron Mountain, to conduct another search of its files, and Iron Mountain located the Contract. (Eblen Cert., **Exh. D** at 31:9-32:23.)

18. ADT then produced the Contract to Plaintiffs' counsel on December 14, 2011. (Eblen Cert. at ¶ 3.)

19. The Iron Mountain copy of the Contract was missing page two of the terms and conditions. (*See* Eblen Cert., **Exh. A**.)

20. The Contract is a form contract, Form 5104-02(09/01), as identified in the upper right-hand corner of the Contract, used by ADT for their residential customers between 2002-2003. (*See* Eblen Cert., **Exh. A**; Eblen Cert., **Exh. D** at 52:8-53:5; Eblen Cert., **Exh. B** at 136:9-137:8; Eblen Cert., **Exh. H** (ADT's form contract.)

21. Paragraphs 5, 6, 7, 8, 9, and 10 of the Contract's terms and conditions, among others, appear on the reverse side of the Contract. (Eblen Cert., **Exh. A.**)

22. On the front page of the Contract, in a partitioned area above where Dr. Prystowsky signed, it provides:

> **YOU ACKNOWLEDGE THAT: (1) WE HAVE EXPLAINED TO YOU THE FULL RANGE OF EQUIPMENT AND SERVICES AVAILABLE TO YOU; (2) ADDITIONAL EQUIPMENT AND SERVICES OVER THAT DESCRIBED ABOVE ARE AVAILABLE AND MAY BE OBTAINED FROM US AT AN ADDITIONAL COST TO YOU; (3) YOU HAVE CHOSEN AND HAVE CONTRACTED FOR ONLY THE EQUIPMENT AND THE SERVICES DESCRIBED IN THIS CONTRACT; AND (4) YOU**

**SHOULD MANUALLY TEST YOUR SYSTEM WEEKLY.  WE ARE NOT A SECURITY CONSULTANT.**

(Eblen Cert., **Ex. A**, at p. 1)

23. The first page of the Contract also contains the following:

**YOU ADMIT THAT YOU HAVE READ THIS PAGE IN ADDITION TO THE ATTACHED PAGE WHICH CONTAINS IMPORTANT TERMS AND CONDITIONS FOR THIS CONTRACT BEFORE SIGNING.  YOU STATE THAT YOU UNDERSTAND ALL THE TERMS AND CONDITIONS OF THIS CONTRACT, INCLUDING, BUT NOT LIMITED TO, PARAGRAPHS 5, 6, 7, 8, 9, AND 10.  YOU ARE AWARE OF THE FOLLOWING: NO ALARM SYSTEM CAN GUARANTEE PREVENTION OF LOSS; HUMAN ERROR IS ALWAYS POSSIBLE; ALARM SIGNALS MAY NOT BE RECEIVED IF THE TELEPHONE LINE OR OTHER ALARM TRANSMISSION SYSTEM IS CUT, INTERFERED WITH, OR OTHERWISE DAMAGED. A SECOND SHEET ACCOMPANIES THIS SHEET WITH ADDITIONAL TERMS AND CONDITIONS.**

(*Id.*)

24. Paragraph 5 of the Contract's Terms and Conditions provides:

**WE ARE NOT AN INSURER.  WE ARE NOT AN INSURER AND YOU WILL OBTAIN FROM AN INSURER ANY INSURANCE YOU DESIRE.  THE AMOUNT YOU PAY US IS BASED UPON THE SERVICES WE PERFORM AND THE LIMITED LIABILITY WE ASSUME UNDER THIS CONTRACT AND IS UNRELATED TO THE VALUE OF YOUR PROPERTY OR THE PROPERTY OF OTHERS LOCATED IN YOUR PREMISES.  IN THE EVENT OF ANY LOSS OR INJURY TO ANY PERSON OR PROPERTY, YOU AGREE TO LOOK EXCLUSIVELY TO YOUR INSURER TO RECOVER DAMAGES.  YOU WAIVE ALL SUBROGATION AND OTHER RIGHTS OF RECOVERY AGAINST US THAT ANY INSURER OR OTHER PERSON MAY HAVE AS A RESULT OF PAYING ANY CLAIM FOR LOSS OR INJURY TO ANY OTHER PERSON.**

(*Id.* at p. 2, ¶ 5.)

25. Paragraph 6 of the Contract's Terms and Conditions provides:

**NO LIABILITY; LIMITED LIABILITY.  IT WILL BE EXTREMELY DIFFICULT TO DETERMINE THE ACTUAL DAMAGES THAT MAY RESULT FROM OUR FAILURE TO PERFORM OUR DUTIES UNDER THIS CONTRACT.  YOU AGREE THAT WE AND OUR AGENTS, EMPLOYEES, SUBSIDIARIES, AFFILIATES AND PARENT**

> **COMPANIES ARE EXEMPT FROM LIABILITY FOR ANY LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE ARISING DIRECTLY OR INDIRECTLY FROM THE SERVICES WE PERFORM OR THE SYSTEMS WE PROVIDE UNDER THIS CONTRACT. IF IT IS DETERMINED THAT WE OR ANY OF OUR AGENTS, EMPLOYEES, SUBSIDIARIES, AFFILIATES OR PARENT COMPANIES ARE DIRECTLY OR INDIRECTLY RESPONSIBLE FOR ANY SUCH LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE, YOU AGREE THAT DAMAGES SHALL BE LIMITED TO THE GREATER OF $500 OR 10% OF THE ANNUAL SERVICE CHARGE YOU PAY UNDER THIS CONTRACT. THESE AGREED UPON DAMAGES ARE NOT A PENALTY. THEY ARE YOUR SOLE REMEDY NO MATTER HOW THE LOSS, DAMAGE, INJURY OR OTHER CONSEQUENCE IS CAUSED, EVEN IF CAUSED BY OUR NEGLIGENCE, GROSS NEGLIGENCE, FAILURE TO PERFORM DUTIES UNDER THIS CONTRACT, STRICT LIABILITY, FAILURE TO COMPLY WITH ANY APPLICABLE LAW, OR OTHER FAULT. AT YOUR REQUEST, WE MAY ASSUME ADDITIONAL LIABILITY BY ATTACHING AN AMENDMENT TO THIS CONTRACT STATING THE EXTENT OF OUR ADDITIONAL LIABILITY AND THE ADDITIONAL COST TO YOU. YOU AGREE THAT WE ARE NOT AN INSURER EVEN IF WE ENTER INTO ANY SUCH AN AMENDMENT.**

(*Id.* at p. 2, ¶ 6.)

26. Paragraph 7 of the Contract's Terms and Conditions provides:

> **EXCLUSIVE DAMAGES REMEDY. YOUR EXCLUSIVE DAMAGE AND LIABILITY REMEDIES ARE SET FORTH IN PARAGRAPH 6 ABOVE. WE ARE NOT LIABLE TO YOU OR ANY OTHER PERSON FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES.**

(*Id.* at p. 2, ¶ 7.)

27. Paragraph 10 of the Contract's Terms and Conditions provides:

> **TIME TO FILE LAWSUIT OR OTHER ACTION. YOU AGREE TO FILE ANY LAWSUIT OR OTHER ACTION YOU MAY HAVE AGAINST US OR OUR AGENTS, EMPLOYEES, SUBSIDIARIES, AFFILIATES OR PARENT COMPANIES WITHIN ONE (1) YEAR FROM THE DATE OF THE EVENT THAT CAUSED THE LOSS, DAMAGE OR LIABILITY.**

(*Id.* at p. 2, ¶ 10.)

28. Gina Pollard confirmed ADT left copies of its standard form contracts used between 2002-2003, including Paragraphs 16-28, with its customers.  (Eblen Cert., **Exh. B** at 137:9-17.)

29. Plaintiffs claim more than $2,500,000 for their CFA damages, including damages for pain and suffering.  (Eblen Cert., **Exh. G** at ¶ 16.)

30. Encompass Insurance Company paid Dr. Prystowsky $738,224.31 to compensate him for real and personal property damages caused by the fire, and Encompass Insurance Company has a subrogation interest in that same amount.  (Eblen Cert., **Exh. E**, ¶¶ 28, 38.)

31. In his deposition, Dr. Prystowsky mentions nothing about advertisements, written statements from ADT regarding their equipment, or representations from ADT regarding expectations of the fire alarm system that he claimed to have relied upon in purchasing the system.  (*See generally* Eblen Cert., **Exh. F**; *see also* Eblen Cert., **Exh. F** at pp. 156-190.)

Dated:  June 15, 2012                     SHOOK, HARDY & BACON L.L.P.

                                                  By   s/ Charles C. Eblen
                                                      Charles C. Eblen

                                              2555 Grand Boulevard
                                              Kansas City, Missouri 64108-2613
                                              Telephone:   816.474.6550
                                              Facsimile:    816.421.5547
                                              Email:   ceblen@shb.com

                                              ATTORNEYS FOR DEFENDANT
                                              ADT SECURITY SERVICES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to the following:

Deborah A. Crinigan, Esq.
White & Williams, LLP
Liberty View
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
(856) 317-3600; Fax: (856) 317-1342
crinigand@whiteandwilliams.com
**Attorney for Plaintiffs**

Neil L. Sambursky, Esq.
Miranda Sambursky Slone Sklarin
Verveniotis LLP
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-7676; Fax: (516) 741-9060
NSambursky@MSSSV.com
**Attorneys for Pride Mobility**
**Products Corp.**

Charles L. Simmons, Jr., Esq.
Gordman and Williams, PC
36 South Charles Street, Suite 900
Baltimore, MD 21201
(401) 528-0600; Fax: (401) 423-0602
Email:  CLSimmons@gandwlaw.com

Matthew S. Schorr, Esq.
Marshall, Dennehey, Warner, Coleman
& Goggin
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
(973) 618-4155; Fax: (973) 618-0685
Email:  MSSchorr@mdwcg.com
**Attorneys for Third-Party Defendant**
**Phoenix Mecano and Dewert**
**Motorized Systems**

5096357 v1

and I hereby certify that I have mailed a copy of the foregoing by U.S. Mail to the following non-CM/ECF participants:

> TGC Stores, Inc.
> c/o Steven B. Deutsch
> 1199 Park Avenue, Apartment 17D
> New York, NY 10218
> (212) 831-1373
> **Defendant Pro Se**

                                                  s/ Charles C. Eblen
                                                  Attorneys for Defendant
                                                  ADT Security Services, Inc.